UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>FLOWERS FOODS, INC.; a Georgia Corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company,<br><br>　　　　　　　　　　　　Defendants. | Case No.: 18-CV-1190 JLS (JLB)<br><br>**ORDER: (1) GRANTING IN PART EX PARTE MOTION TO CONTINUE; (2) CONTINUING HEARING; AND (3) SETTING BRIEFING SCHEDULE**<br><br>(ECF No. 15) |

Presently before the Court is Defendants Flowers Foods, Inc. and Flowers Bakeries, LLC's *ex parte* Motion to Continue Hearing on Plaintiff's Motion for Conditional Class Certification. ("MTN," ECF No. 15.) Also before the Court is Plaintiff Daniel Ludlow's Response in Opposition to, ("Opp'n," ECF No. 16), and Defendants' Reply in Support of, ("Reply," ECF No. 17), the *ex parte* motion. Having considered the parties' arguments and the law, the Court rules as follows.

The hearing for Plaintiff's Motion for Conditional Class Certification is currently set for August 6, 2018. Defendants request the Court vacate the current hearing date and briefing schedule on Plaintiff's pending motion pursuant to Civil Local Rule 7.1(g)(2).

(MTN 2.)[1] Defendants seek to reset the briefing and hearing dates at the July 25, 2018 case management conference or, alternatively, enlarge the deadline for Defendants' response by sixty days. (*Id.*) Defendants contend that an extension is justified because it will generally allow the parties to conduct limited discovery related to the pending motion for conditional certification. (*Id.* at 4.)

Plaintiff generally opposes[2] Defendants' *ex parte* motion because Defendants misunderstand the two-part FLSA conditional certification process. (Opp'n 3.) Conditional certification motions are usually filed at the earliest opportunity and usually before discovery has even begun. (*Id.*) Plaintiff further explains that courts generally do not consider defense evidence when deciding the initial conditional certification, thus discovery to oppose the conditional certification is not warranted. (*Id.* at 4.)

The FLSA provides a right of action to an employee against his employer when the employer fails to pay overtime wages. 29 U.S.C. §§ 203, 207. An employee may bring a collective FLSA action on behalf of other "similarly situated" employees. 29 U.S.C. § 216(b); *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000). A district court has discretion in determining whether a collective action is appropriate; that is, whether plaintiff and the proposed collective action group are "similarly situated." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004). Section 216(b) does not define "similarly situated" and the Ninth Circuit has not defined the term in the FLSA context. *Id.* The majority of district courts follow a two-tiered approach. *Id.*; *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

Under this two-tiered approach, a court must first decide whether the potential class should be given notice of the action. *Wynn*, 234 F. Supp. 2d at 1082. Because a court generally has a limited amount of evidence at its disposal, the initial determination is made

---

[1] Pin citations to docketed material refer to the CM/ECF page numbers electronically stamped to the top of each page.

[2] Plaintiff does not oppose a brief continuance of a week or so because Defendants' counsel will be on vacation during the time in question. (Opp'n 2.)

under a fairly lenient standard and typically results in conditional class certification. *Id.* Conditional certification is appropriate where "plaintiffs make substantial allegations that the putative class members were subject to a single illegal policy, plan, or decision." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530 (N.D. Cal. 2007) (citing *Leuthold*, 224 F.R.D. at 468).

Here, it is clear that some modification of the briefing and hearing schedule is appropriate. This case was originally set for hearing by Judge Benitez before it was transferred to this Court. The parties also have met and conferred telephonically and submitted a joint discovery plan. (*See* ECF No. 18.) Discovery will begin in short order, if it has not begun already. This may temper some of Defendants' concerns. However, a lengthy delay to conduct discovery for the purposes of opposing Plaintiff's motion for conditional certification is not warranted. "At the first stage of the collective action certification process, evidence provided by the defendant employer is not germane when the plaintiff has met its evidentiary burden." *Kellgren v. Petco Animal Supplies, Inc.*, No. 13-CV-644-L-KSC, 2015 WL 5167144, at *6 (S.D. Cal. Sept. 3, 2015) (collecting cases).

Good cause appearing, the Court **GRANTS IN PART** Defendants' *ex parte* Motion, (ECF No. 15). The Court **CONTINUES** the hearing scheduled for August 6, 2018 and **SETS** the hearing for September 27, 2018 at 1:30 p.m. Additionally, the Court **SETS** the following briefing schedule. Defendants **SHALL** file an Opposition to the Motion for Conditional Certification on or before September 13, 2018. Plaintiff **SHALL** file a Reply in Support of his Motion, if any, on or before September 20, 2018.

**IT IS SO ORDERED**.

Dated: July 20, 2018

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge