1  Frank L. Tobin CA Bar No. 166344
   frank.tobin@ogletree.com
2  Cody J. Cocanig  CA Bar No. 303894
   cody.cocanig@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   4370 La Jolla Village Drive, Suite 990
4  San Diego, CA  92122
   Telephone:  858-652-3100
5  Facsimile:   858-652-3101

6  Kevin Hishta (*Pro Hac Vice*)
   kevin.hishta@ogletree.com
7  OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   191 Peachtree Street, N.E., Suite 4800
8  Atlanta, GA  30303
   Telephone:  404.881.1300
9  Facsimile:   404.870.1732

10 Paul B. Maslo *(Pro Hac Vice)*
   paul.maslo@ogletree.com
11 OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
   8117 Preston Road, Suite 500
12 Dallas, TX 75225
   Telephone:  214.414.0067
13 Facsimile:   214.987.3927

14 Attorneys for Defendants FLOWERS FOODS, INC.,
   FLOWERS BAKERIES, LLC, and FLOWERS FINANCE
15 LLC

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, individually and on behalf of others similarly-situated; and WILLIAM LANCASTER, individually and on behalf of others similarly-situated,<br><br>    Plaintiff,<br><br>    v.<br><br>FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company; and FLOWERS FINANCE, LLC, a limited liability company,<br><br>    Defendants. | Case No. 18-CV-1190-JLS-JLB<br><br>**DEFENDANTS' AMENDED OPPOSITION TO PLAINTIFFS' MOTION FOR PROTECTIVE ORDER**<br><br>Complaint Filed: June 6, 2018<br><br>District Judge: Hon. Janis L. Sammartino<br>Magistrate Judge: Hon. Jill L. Burkhardt |

Defendants, Flowers Foods, Inc., Flowers Bakeries, LLC, and Flowers Finance LLC (collectively "Defendants"), submit the following Opposition Memorandum of Points and Authorities in opposition to Plaintiffs' Motion for Protective Order (ECF No. 169, the "Motion").

## I. Introduction

The instant proceeding arises from the First Amended Complaint ("FAC") asserting class action claims under Federal Rule of Civil Procedure 23, as well as collective claims under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b). *See* ECF Nos. 56. Plaintiffs' Motion spends a significant amount of time discussing discovery under FRCP 23, which is not at issue here. The issue here is the scope of permissible discovery as it relates to plaintiffs that freely chose to participate in this litigation by filing a written opt-in to the FLSA collective action.

As will be discussed further below, Defendants are entitled to the individualized discovery they seek in order to show that the opt-in Plaintiffs are not similarity situated, to develop an evidentiary basis for its defenses at trial, to support their anticipated motion to decertify, and to assess the potential for settlement.

## II. Procedural Background

On June 6, 2018, Plaintiff Daniel Ludlow ("Ludlow") initiated this action by filing his Complaint. ECF No. 1. Less than a week later, Ludlow moved the Court for conditional certification of his FLSA collective action based on allegations that he was misclassified as an independent contractor instead of as an employee. *See* ECF No. 8. On February 21, 2019, Ludlow, along with newly added Plaintiff, William Lancaster, filed the FAC. ECF No. 56. With the filing of the FAC, Ludlow's motion for conditional certification was denied as moot. *See* ECF No. 64. Plaintiffs have never refiled a motion for conditional certification as it relates to their FLSA claims. *See generally*, Court Docket.

On October 15, 2018, Ludlow moved to compel production of the names and contact information for individuals who performed delivery services in California

under Defendants' Distributor Agreement. *See* ECF No. 43. In an effort to compromise, Defendants offered to provide the requested information for a sampling of California-wide distributors. *See* ECF No. 43. Ludlow did not agree with this compromise, and concluded that he wanted contact information for all California distributors who entered into Distributor Agreements.[1] *Id*. The Court subsequently ordered Defendants to provide the requested contact information. *Id*.

Rather than refiling their motion for conditional certification, Plaintiffs appear to have used this contact information to solicit additional Plaintiffs.[2] *See* Declaration of Cody J. Cocanig ("Cocanig Decl.")[3] ¶ 3, Ex. A. Indeed, opt-in Plaintiffs started filing their written consent to become parties to this litigation as early as June 2019, and continued to do so as recently as November 2019. ECF Nos. 86, 96, 97, 114, 125, 146. Since Plaintiffs have not refiled their motion for conditional certification of their FLSA claims, the question of whether the opt-in Plaintiffs are "similarly situated" remains an open issue.

**III.   Legal standard**

Nonprivileged information is discoverable under Rule 26 if it is (1) relevant to any party's claim or defense, and (2) proportional to the needs of the case. Fed. R. Civ. P. 26(b). Plaintiffs, as the parties resisting discovery, have "the burden to show discovery should not be allowed, and [have] the burden of clarifying, explaining, and supporting [their] objections." *Superior Commc'ns v. Earhugger, Inc.*, 257 F.R.D. 215, 217 (C.D. Cal. 2009). Plaintiffs also bear the burden to show good cause that a protective order is necessary, and "that specific prejudice or harm will result if no protective order is granted." *Foltz v. State Farm Mut. Auto. Ins. Co.* (9th Cir. 2003)

---

[1] A seemingly inconsistent position with the one Plaintiffs now take, that Defendants are only entitled to a sampling as it relates to the discovery Defendants propounded on Plaintiffs.

[2] Defendants reserve the right to raise this issue with the Court at a later time.

[3] This Amended Opposition was filed to include the Cocanig Declaration which was inadvertently omitted from the prior filing (ECF No. 170).

331 F3d 1122, 1130; *see also Blankenship v. Hearst Corp.*, 519 F2d 418, 429 (9th Cir. 1975).

### IV. Opt-in Plaintiffs are parties to the action.

Pursuant to Section 216(b), a plaintiff may assert an action on his or her own behalf and on behalf of other employees "similarly situated." 29 U.S.C. § 216(b). An employee seeking to be a party plaintiff in such an action must affirmatively "consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). These plaintiffs are referred to as "opt-in" plaintiffs. Once a plaintiff files their "opt in" with the court, they become a party-plaintiff, and, unlike Rule 23 actions, they automatically become a party in Section 216(b) actions. As explained in *Genesis HealthCare v. Symczyk*, 569 U.S. 66, 75 (2013), unlike class actions under Rule 23, which are representative actions with absent class members who do not become parties, FLSA collective actions are joinder cases in which individuals may affirmatively opt into the case by filing a consent-to-join form, and upon doing so they become a "party plaintiff." *Genesis HealthCare*, 569 U.S. at 75.

This is further supported by the only Ninth Circuit decision to discuss this issue, *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018). "The FLSA leaves *no doubt* that every plaintiff who opts in to a collective action has *party status*." *Id.* (emphasis added, citations omitted). The court notes that "neither 'certification' nor 'decertification' appears in text of section 216(b)" and that use of these terms are "an example of the confusion sown" by analogizing Rule 23 and Section 216(b) actions. *Id.* at 1101. In a Section 216(b) action, the District Court does not play a gatekeeping role by making a preliminary certification finding. *Id.*

Plaintiffs' assertion that "opt-in Plaintiffs' 'party status' for FLSA claims does not mean they are subject to discovery to the fullest extent permitted by the Federal Rules" is unsupported by any authority. The fact that opt-in Plaintiffs have "party status for purposes of appeal," *cf. Campbell*, 903 F.3d at 1105, does nothing to support

Plaintiffs' argument that each opt-in is not subject to the full scope of discovery permitted by the Federal Rules. The fact that opt-in Plaintiffs are parties for appeal purposes, does not foreclose the fact that they are parties for all purposes, including discovery.

Thus, even without moving for "certification," each and every opt-in Plaintiff has party status, and should be subject to discovery accordingly. In fact, as is discussed more fully below, California courts have found it appropriate to subject each opt-in Plaintiff to discovery.

## V. Courts routinely permit discovery of opt-in Plaintiffs.

### a. Courts in California order individual discovery on all opt-in Plaintiffs.

In *Coldiron v. Pizza Hut, Inc.*, 2004 WL 2601180, (C.D. Cal. Oct. 25, 2004) restaurant and store managers filed an FLSA collective action asserting that they were improperly classified as exempt from federal overtime requirements. *Id*. at *1. The primary issue to be determined was whether the managers "primary duty was management of the enterprise." *Id*. at *1. If answered in the affirmative, the opt-in plaintiffs would be entitled to overtime, and if answered in the negative, they would not be entitled to overtime. *Id*. at *1. That court permitted individualized discovery for **each of the 306 opt-in plaintiffs**, and found that "the question of whether the plaintiffs are similarly situated within the meaning of 29 U.S.C. § 216(b) is still an issue because Pizza Hut plainly intends to move to decertify the class. Based on that reason alone, discovery, including individualized discovery, is both necessary and appropriate." *Id*. at *2.

In *Abubakar v. City of Solano*, 2008 WL 508911 (E.D. Cal., Feb. 22, 2008) Solano County correctional officers filed an FLSA collective action "arising from alleged unlawful overtime calculations and for certain pre-shift and post-shift activities." *Id*. at *1. Relying, in part, on the fact that the opt-in plaintiffs may have different jobs, varying responsibilities, and different pre-shift and post-shift activities,

the court denied "plaintiffs' motion for protective order limiting the number of plaintiffs defendant may depose or seek discovery from[,]" in a case involving **160 opt-in plaintiffs**. *Id* at *2.

This court should follow the *Coldiron* (involving 306 opt-ins) and *Abubakar* (involving 160 opt-ins) opinions from other California District Courts, and permit Defendants to take individual discovery of the 115 opt-in Plaintiffs here.

### b. Courts outside of California also permit individual discovery on opt-in Plaintiffs.

If the Court is not persuaded to follow other California courts in permitting individual discovery, it can find support from other states as well. *Krueger v. New York Telephone Co.,* 163 F.R.D. 446, 449 (S.D.N.Y. 1995) ("This is not a class consisting of thousands of absent class members, scattered throughout the country, perhaps unaware of the litigation itself. This case involves a relatively small group of ***162 people, each of whom has freely chosen to participate and each of whom has relevant information with respect to the claims and defenses*** in this action.") (emphasis added); *Kaas v. Pratt Whitney*, 1991 WL 158943, at *3 (S.D. Fla. 1991) (denying plaintiffs' motion for protective order for interrogatories, request for production, and depositions of approximately 100 opt-in plaintiffs); *Renfro v. Spartan Computer Servs., Inc.*, 2008 WL 474253 (D.Kan. Feb. 19, 2008, No. 06–2284–KHV–DJW) (requiring all of the over 100 opt-ins to respond to discovery); *Brooks v. Farm Fresh, Inc.*, 759 F.Supp. 1185, 1188 (E.D.Va.1991) (allowing discovery of all 127 opt-ins); *Ingersoll v. Royal Sunalliance USA, Inc.*, 2006 WL 2091097, at *2 (W.D.Wa. Jul.25, 2006, No. C05–1774–MAT) (permitting discovery of all 36 opt-in plaintiffs, and permitting "written and deposition discovery as to all opt-in plaintiffs to proceed.").

Courts across the country have permitted individualized discovery when, as here, the number of opt-in plaintiff is relatively small. This Court should do the same. / / /

**VI.  The discovery Defendants seek is necessary to explore, discover, and establish an evidentiary basis for its defenses and to move to decertify.**

To proceed as a collective action, Plaintiffs have the burden of showing they are "in fact similarly-situated." *Wynn v. NBC*, 234 F.Supp.2d 1067, 1081 (C.D. Cal. 2002); *Sarviss v. Gen. Dynamics Info. Tech., Inc.*, 663 F.Supp.2d 883, 902 (C.D. Cal. 2009). To meet that burden, opt-in Plaintiffs must show that "some identifiable factual or legal nexus binds together the various claims of the class members in a way that hearing the claims together promotes judicial efficiency and comports with the broad remedial policies underlying the FLSA." *Litty v. Merrill Lynch & Co.*, 2014 WL 5904907, at *8 (C.D. Cal. Aug. 4, 2014). "***Determining whether proposed class members are similarly situated is fact specific***." *Trinh v. JP Morgan Chase & Co.*, 2008 WL 1860161, at *3* (S.D. Cal. Apr. 22, 2008, No. 07-CV-1666 W (WMC)) (emphasis added). This fact specific determination is in line with the *Coldiron* and *Abubakar* decisions permitting individual discovery, at least in part, because they found that the defendants needed this information to challenge whether the opt-in plaintiffs in those cases were similarly situated. *Abubakar,* 2008 WL 508911, at * 2; *Coldiron*, 2004 WL 2601180, at * 2; *see also Ingersoll v. Royal Sunalliance USA, Inc.*, 2006 WL 2091097, at *2 (W.D.Wa. Jul.25, 2006, No. C05–1774–MAT) ("discovery related to the opt-in plaintiffs is pertinent to the determination of whether or not these individuals are similarly situated within the meaning of FLSA"); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, 2010 WL 2872406 at *4 (D.Nev. 2010) ("[d]efendants are entitled to discovery necessary to de-certify the class"); *Kaas v. Pratt Whitney*, 1991 WL 158943, *3 (S.D.Fla. 1991) (because the defendant could challenge the joinder of any party with respect to whether the parties are in fact similarly situated, meaningful discovery is not only permissible, but "essential").

The same is true here. Individual discovery is the only way to uncover factual and legal differences to show that the opt-in Plaintiffs are not able to proceed collectively under Section 216. Defendants' discovery requests aim to determine

whether the opt-in Plaintiffs involved in the instant litigation are in fact similarly situated. Defendants served only 16 interrogatories, and each targets a discrete subject matter. *See generally* Plaintiffs' Motion, Ex. B, ECF No. 169-4. For example, the first interrogatory askes opt-in Plaintiffs to identify their business entities, the second interrogatory askes about vehicles used in the distributorship, and the third interrogatory asks about whether they hired people to assist them in the operation of their distributorship. *Id*. Defendants requests to produce cover similarly distinct subject matters. *See generally* Plaintiffs' Motion, Ex. A, ECF No. 169-3. The first request seeks documents related to the distributorship, the second request seeks documents about meetings, the third seeks documents about advertising, and the fourth seeks documents about marketing. *Id*. The varying responses to each of these interrogatories and requests will show that the opt-in Plaintiffs are not similarly situated.

Additionally, Defendants believe that depositions of all the opt-ins will uncover further differences between the opt-in Plaintiffs, including information concerning pattern, practice, and facts at issue. These differences include varying hours and schedules worked, timing of deliveries, number of stops, vehicles used, use of uniforms, composition of customers, composition of territories, how they price their products for different customers, the extent to which (if at all) they were subjected to oversight from Defendants' sales managers, and training and education received, to name a few.

Moreover, the discovery requested relates to Defendants' FLSA defenses, including, but certainly not limited to, defenses that Plaintiffs qualify as outside salespersons under IWC Wage Order 4-2001 and section 13(a)(1) of the FLSA, Plaintiffs are exempt under the applicable Motor Carrier exemption, and Plaintiffs are exempt under other United States Department of Transportation Code of Federal Regulations.

Permitting Defendants to take individual discovery is essential for them to

develop an evidentiary basis for their defenses, to support their anticipated motion to decertify, and to assess the potential for settlement.

### VII. The discovery sought is not impossible or impractical.

Courts have limited opt-in discovery when it would be impracticable, if not impossible, to complete. *See Craig v. Rite Aid Corp.*, 2011 WL 9686065, at *1 (M.D. Pa., Feb. 7, 2011, No. 4:08–CV–2317) (1,073 opt-in plaintiffs); *Smith v. Lowe's Home Centers, Inc.*, 236 F.R.D. 354, 356 (S.D. Ohio 2006) (over 1,500 opt-in plaintiffs); *McGrath v. City of Philadelphia*, 1994 WL 45162, at *1 (E.D. Pa., Feb. 10, 1994) (over 4,100 present and former police officers opted in).

Such is not the case here. With just 115 opt-ins, the instant case is in line with those cited above in Part V(a) and (b), some of which permit individual discovery from far more opt-in Plaintiffs.

### VIII. Defendants' access to other evidence is not a basis to prevent discovery of the opt-in Plaintiffs in this case.

Plaintiffs provide no authority to support their argument that Defendants' access to other evidence should preclude discovery in this case. Even if Defendants are permitted to use deposition transcripts or other evidence to support their motion to decertify—which is no guarantee based on Plaintiffs' prior objections, *see e.g.* ECF No. 139-3—prohibiting Defendants from engaging in discovery in this case would leave Defendants without sufficient evidence to support its defenses and refute Plaintiffs' claims at trial.

Moreover, Plaintiffs' assertion that Rule 23 certification discovery long since passed, is of no moment. *See* Motion at 8:4-7. It also seems to contradict their later argument, that certain interrogatories and requests to produce are "premature at this time, especially from opt-ins who may have only recently retained counsel and started preparing their claims for trial." *See* Motion at 10:12-15. Plaintiffs continue to opt-into this action as recently as November 5, 2019. *See* ECF No. 146. Currently there is no cutoff date for new plaintiffs to opt-in or for related discovery, and Plaintiffs never

8    Case No. 18-CV-1190-JLS-JLB
DEFENDANTS' AMENDED OPPOSITION TO PLAINITFFS' MOTION FOR PROTECTIVE ORDER

addressed these issues because they failed to refile a motion for conditional certification as it relates to the FLSA claims. Additionally, Plaintiffs cite to no authority that cross-briefing on FLSA decertification motions occur at the close of relevant discovery. Plaintiffs choose to ignore the fact that after their motion for conditional certification of their FLSA claims was denied as moot, *see* ECF Nos. 8, 64, they failed to refile their motion. *See generally*, Court Docket. Instead, it appears that they have used the contact information obtained in discovery to continue to recruit opt-in Plaintiffs. *See* Ex. A. Thus, any argument that certification discovery has long since passed is disingenuous at best, and unsupported by relevant authority, particularly as it relates to the FLSA collective action where plaintiffs continue to opt-in.

### IX. Defendants offered to narrow the discovery requests it served.

Before the filing of the instant motion, Defendants offered to narrow "constitute, evidence, reflect or refer to" to just "reflect" for most of the production requests. Declaration of Cody J. Cocanig ("Cocanig Decl.") ¶¶ 4-5, Ex. B. Defendant also revised "support, evidence, reflect or refer" to "support or refute" for several other requests. *Id*. ¶ 6, Ex. B. Defendants offered to combined request for production 6 and 7 into one request related to vehicles. *Id*. ¶ 7, Ex. B. In addition, instead of separately asking for documents that support each cause of action, Defendant offered to include a single request for production for all documents supporting or refuting the causes of action in the complaint. *Id*. ¶ 8, Ex. B. In total, Defendants offered to remove six of its production requests. *Id*. ¶ 9, Ex. B. None of Defendants' offers were acceptable to Plaintiff. *Id*. ¶ 10.

Plaintiffs' offer to limit FLSA opt-in discovery to a sampling of 15 opt-in plaintiffs, 5 interrogatories, and 5 requests to produce, but they provide no basis to conclude that doing so would provide the discovery that the Defendants need in this case, and, thus, such limited discovery should not be considered by the Court.

///

## X. Conclusion

For the foregoing reasons, and because Defendants need the requested individual discovery to support a motion to decertify, to support its defenses at trial, and to consider settlement, this Court should deny Plaintiffs' motion for a protective order, and should permit Defendants' discovery of each opt-in Plaintiff.

DATED:  January 22, 2019

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Cody J. Cocanig*
Frank L. Tobin
Cody J. Cocanig
Kevin Hishta
Paul B. Maslo
Attorneys for Defendants FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC, and FLOWERS FINANCE LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 22, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the Notice of Electronic Filing.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 22, 2020.

By: */s/ Cody J. Cocanig*
     Cody J. Cocanig

41497667.3