# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, an individual and on behalf of others similarly-situated; and WILLIAM LANCASTER, individually and on behalf of others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., a Georgia Corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company; and FLOWERS FINANCE, LLC, a limited liability company,<br><br>Defendants. | Case No.: 18-CV-1190 JLS (JLB)<br><br>**ORDER: (1) GRANTING DEFENDANTS' MOTION TO STAY; (2) DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR CLASS CERTIFICATION; AND (3) DEFERRING RULING ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>(ECF Nos. 90, 91, 116, 123, 135, 140) |

Presently before the Court is Defendants Flowers Foods, Inc.; Flowers Bakeries, LLC; and Flowers Finance, LLC's Motion to Stay ("Mot.," ECF No. 116). Also before the Court are Plaintiffs' Response in Opposition to ("Opp'n," ECF No. 121) and Defendants' Reply in Support of ("Reply," ECF No. 122) the Motion; Plaintiffs' three Notices of Supplemental Authority (ECF No. 126, 131, 167), to which Defendants filed Objections (ECF Nos. 128, 138, 168); and Defendants' four Notices of Supplemental Authority (ECF Nos. 144, 151, 166, 172). After reviewing the Parties' arguments and the law, the Court **GRANTS** Defendants' Motion to Stay.

# BACKGROUND

Plaintiffs Daniel Ludlow and William Lancaster work as distributors for Defendants Flowers Foods, Inc.; Flowers Bakeries, LLC; and Flowers Finance, LLC. First Amended Compl., ECF No. 56 at 5–6. All of Plaintiffs' claims stem from their allegation that Defendants intentionally misclassified them as independent contractors instead of employees, thereby denying Plaintiffs certain rights and benefits afforded to employees, including overtime wages, rest and meal periods, payment for all time worked, accurate wage statements, indemnification for expenses, and protection from unlawful wage deductions. *Id.* at 2.

After this litigation commenced, the California Supreme Court announced in *Dynamex Operations West Inc. v. Superior Court*, 4 Cal. 5th 903 (2018), a new standard to distinguish independent contractors from employees: the "ABC Test." *Id.* at 916. The *Dynamex* Court made clear that the ABC Test prospectively replaced the former multifactor standard set forth in *S.G. Borello & Sons, Inc. v. Department of Industrial Relations*, 48 Cal. 3d 341 (1989), *see Dynamex*, 4 Cal. 5th at 964, but did not state whether the ABC Test would apply retroactively. *See generally id.* The Ninth Circuit subsequently decided that the ABC Test applies retroactively, *see Vazquez v. Jan-Pro Franchising Int'l, Inc.*, 923 F.3d 575 (9th Cir. 2019); however, on rehearing, the Ninth Circuit withdrew its ruling and certified the question to the California Supreme Court. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, No. 17-16096, 2019 WL 4648399 (9th Cir. Sep. 24, 2019). On November 20, 2019, the California Supreme Court granted the Ninth Circuit's request for certification. *See Vazquez v. Jan-Pro Franchising Int'l, Inc.*, No. S258191 (Cal. Nov. 20, 2019).

# LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In the interests of judicial economy, a court may grant a stay pending the outcome of other

legal proceedings related to the case. *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863–64 (9th Cir. 1979). When determining whether to stay an action, a court must weigh competing interests that the granting or denial of a stay will affect, including: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *Id.* (quoting *Landis*, 299 U.S. at 255). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## ANALYSIS

Defendants ask the Court to stay this action pending the California Supreme Court's ruling on whether the ABC Test applies retroactively.[1] Mot. at 2.

### I. The Balance of Hardship or Inequity Between Plaintiffs and Defendants

First, the Court must balance the "possible damage [to Plaintiffs] which may result from the granting of a stay," with "the hardship or inequity which [Defendants] may suffer in being required to go forward." *CMAX*, 300 F.2d at 268.

Plaintiffs contend they will be "severely prejudiced" if the Court issues a stay. Opp'n at 11–15. Plaintiffs first contend that a stay will result in the loss or deterioration of evidence causing prejudice to Plaintiffs. *Id.* at 11–12. Plaintiffs argue that, as time

---

[1] In their Motion, Defendants also ask the Court to issue a stay pending the Ninth Circuit's ruling in *Western States Trucking Association v. Andre Schoorl, et al.*, No. 19-15974 (9th Cir.), on the question of whether the Federal Aviation and Administrative Authorization Act ("FAAAA") preempts prong "B" of the ABC Test. Mot. at 2. While this Motion was pending, that appeal was voluntarily dismissed, *see* 2019 WL 5212963 (9th Cir. Sept. 5, 2019), "so FAAAA preemption is no longer at issue" for the purposes of this Motion. *See* Reply at 2 n.1.

passes, their "memories and their ability to recall facts" will fade and pertinent witnesses may become unavailable. *Id.* at 11. But this does not amount to prejudice sufficient to deny the stay. Discovery proceedings have already taken place "and hence there is presumably no problem of preserving evidence." *See CMAX*, 300 F.2d at 269; *see also Burnell v. Swift Transportation Co.*, No. EDCV1000809VAPOPX, 2011 WL 13352810, at *5 (C.D. Cal. Jan. 20, 2011) ("While the risk of lost evidence is inherent in every stay, Plaintiffs' risk in this case is mitigated considerably by the fact that they already have received some informal discovery."). And "[i]f there were such a problem" preserving evidence, "application [can] be made . . . to permit further discovery proceedings." *See CMAX*, 300 F.2d at 269.

Plaintiffs also contend that the indefinite length and anticipated lengthy stay would be prejudicial. Mot. at 12–14. While staying this case will certainly delay proceedings, the Court finds that because the California Supreme Court has now granted the Ninth Circuit's request and will answer the question expeditiously, any wait for an answer to this important issue would be neither indefinite nor unreasonable. *See Burnell*, 2011 WL 13352810, at *5 (finding stay pending California Supreme Court decision "cannot be said to be 'indefinite'").

Finally, Plaintiffs contend that a stay would prolong the alleged "continuing harm" caused by the misclassification of Plaintiffs as independent contractors, Opp'n at 12, and delay Plaintiffs from receiving the injunctive and monetary relief they seek. *Id.* at 14–15. The Court finds these reasons unavailing as well. Mere delay in receiving damages is an insufficient basis to deny a stay. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110–112 (9th Cir. 2005). Further, the fact that Plaintiffs have not moved for a preliminary injunction to stop the alleged harm and did not file their case for several years after the alleged harm began lessens the Court's concerns about delaying prospective relief and the harm continuing. *See Gustavson v. Mars, Inc.*, No. 13-CV-04537-LHK, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014); *see also Quinn-White v. Novartis Pharm. Corp.*, No. CV164300PSGAGRX, 2016 WL 11519285, at *4 (C.D. Cal. Oct. 7, 2016) (finding that

"two years hav[ing] . . . lapsed between Plaintiffs' injuries and the filing of the Complaint" weighed against finding prejudice to plaintiffs).

Turning to the potential prejudice from proceeding without a stay, Defendants contend that moving forward without a clear answer on the *Dynamex*'s retroactivity "could result in [the Parties] 'unnecessarily expend[ing] resources engaging in motion practice and planning and preparing for trial . . . [based] on the wrong standard.'" Mot. at 9 (quoting *In re Taco Bell Wage & Hour Actions*, No. 1:07-CV-01314-OWW, 2011 WL 3846727, at *4 (E.D. Cal. Aug. 30, 2011)). The Court agrees that this would amount to a hardship on Defendants—and Plaintiffs as well—and weighs in favor of granting the stay. Preparing for trial without a clear answer on *Dynamex*'s retroactivity would cause unnecessary work for the Parties (and the Court), amounting to a hardship in this case.

Having weighed the Parties potential hardships, the Court finds Plaintiffs have not shown a "fair possibility" that a stay will cause prejudice, *CMAX*, 300 F.2d at 268, while Defendants have made a "clear case of hardship" absent a stay. *See id.*

## II. The Orderly Course of Justice

Next, the Court must consider "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Id.*

Defendants contend that waiting to determine whether the ABC Test applies retroactively would promote judicial efficiency and avoid waste of the Parties' resources. Mot. at 6–8. Plaintiffs have filed a motion for class certification. ECF No. 90. The motion raises questions about whether the ABC Test should apply retroactively. *See generally id.* According to Defendants, the outcome of these motions "may depend upon which test applies—*Borello* or 'ABC.'" Mot. at 7 (quoting *Bruers v. Flowers Foods, Inc.*, No. 818CV01442JLSADS, 2019 WL 5867434, at *5 (C.D. Cal. Aug. 7, 2019)). Waiting for a decision by the California Supreme Court in *Vazquez* and getting a definitive answer on *Dynamex*'s retroactivity would simplify the issues remaining and avoid the potential of wasting resources addressing a standard that is not applicable. *Id.*

1  Plaintiffs disagree, arguing that the ABC Test will apply regardless of how the California Supreme Court rules in *Vazquez* and, thus, there is no need to wait for an answer on this question. Opp'n at 8–11. Further, Plaintiffs contend that the *Borello* and ABC tests have significant overlap, making the determination as to which test applies insignificant to the ultimate outcome. *Id.* at 9–10. For these reasons, Plaintiffs contend that the disposition of the pending motions and trial "will largely be the same for the entire claims period regardless of *Dynamex*'s retroactivity." *Id.* at 10.

On the facts of this case, the Court finds that "the prospect of narrowing the factual and legal issues . . . justifies a stay." *Cf. Lockyer*, 398 F.3d at 1112. "Proceeding with class certification under the assumption the California Supreme Court will apply *Dynamex* retroactively could very well lead to inefficiencies and a waste of resources for both the parties and the Court." *Henry v. Cent. Freight Lines, Inc.*, No. 216CV00280JAMEFB, 2019 WL 5960140, at *5 (E.D. Cal. Nov. 13, 2019). And contrary to Plaintiffs' contentions, the differences between the *Borello* standard and the ABC Test are significant—indeed, they could be dispositive. The ABC Test dispenses with many of the *Borello* secondary factors, gives different weight to the factors that do overlap, and forces the hiring entity to establish *all* of the ABC Test's prongs to establish that a worker is an independent contractor, rather than show the balance of the applicable factors weighs in their favor. *See Dynamex*, 4 Cal. 5th at 957–63. These differences are so striking that courts have acknowledged that *Dynamex* represented a "sea change" in this area of law, *W. States Trucking Ass'n v. Schoorl*, 377 F. Supp. 3d 1056, 1067 (E.D. Cal. 2019), and "upset a settled legal principle." *Lawson v. Grubhub, Inc.*, No. 15-CV-05128-JSC, 2018 WL 6190316, at *4 (N.D. Cal. Nov. 28, 2018).

"In sum, with multiple motions pending before this Court, . . . a stay awaiting clarity on *Dynamex*'s retroactivity would allow for a more orderly disposition of these motions." *See Henry*, 2019 WL 5960140, at *3.

///

///

## III. The Overall Balance Favors Granting the Stay

After considering each of the required factors, the Court finds that a stay is appropriate because the "weighing of the hardships favors the granting of a stay" and "it will serve the interests of judicial economy by allowing for development of . . . [a potentially dispositive] legal issue[]." *See Cal. Trout, Inc. v. U.S. Bureau of Reclamation*, 115 F. Supp. 3d 1102, 1117 (C.D. Cal. 2015). The Court therefore exercises its discretion to grant a stay pending the California Supreme Court's decision in *Vazquez*. *See Bruers*, 2019 WL 5867434, at *5 (granting stay pending decision by the California Supreme Court on *Dynamex*'s retroactivity); *Henry*, 2019 WL 5960140, at *3 (same); *see also Haitayan v. 7-Eleven, Inc.*, CV 17-7454 DSF (ASx), 2019 WL 2620729, at *2 (C.D. Cal. Apr. 29, 2019) (staying action pending Ninth Circuit's original consideration of *Vazquez*); *Lawson v. Grubhub, Inc.*, No. 18-15386, 2019 WL 5876923, at *1 (9th Cir. Sept. 26, 2019) (staying appeal pending a decision by the California Supreme Court in *Vazquez*).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' Motion to Stay (ECF No. 116) pending the California Supreme Court's decision in *Vazquez* answering whether *Dynamex* applies retroactively. Because the issues briefed by the Parties will change substantially after this issue is decided, the Court **DENIES WITHOUT PREJUDICE** Plaintiffs' Motion for Class Certification (ECF No. 90) and associated Motions to File Documents Under Seal (ECF Nos. 91, 135, 140). Defendants' Motion for Judgment on the Pleadings, however, does not implicate the *Dynamex* retroactivity issue and therefore denying and refiling the Motion is not necessary; accordingly, the Court will **DEFER RULING ON** the Motion (ECF No. 123) until after the stay is lifted.

**IT IS SO ORDERED**.

Dated: February 18, 2020

Hon. Janis L. Sammartino
United States District Judge