UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, an individual and on behalf of others similarly-situated; and WILLIAM LANCASTER, individually and on behalf of others similarly-situated,<br><br>Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., et al.,<br><br>Defendants. | Case No.: 18-CV-1190 JLS (JLB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>(ECF No. 175) |

Presently before the Court is Plaintiff David Aguero's Motion for Temporary Restraining Order (ECF No. 175). After the Court set a briefing schedule, ECF No. 176, Defendants filed a Response in Opposition to the Motion ("Opp'n," ECF No. 178) and Plaintiff filed a Reply in Support of the Motion ("Reply," ECF No. 180). After reviewing the Parties' arguments and the law, the Court **DENIES** the Motion.

Plaintiff David Aguero joined this action on May 13, 2019, when he "affirmatively consented to join the FLSA class in this action for Flowers' violations of the Fair Labor Standards Act." Mot. at 9. Plaintiff, through Aguero Inc., a California corporation, began working as a Flowers Baking Company distributor when he purchased a Flowers territory in 2013. In 2017, Plaintiff sold his original territory and purchased a second territory,

Territory 9949, and entered into a Distribution Agreement with Flowers Baking Company of Modesto, LLC, ("FBC Modesto") a non-party in this litigation. *See id.*; Opp'n at 11. In October 2019, Plaintiff began the process of selling Territory 9949. *Id.* After finding a transfer partner, FBC Modesto exercised its contractual right of first refusal to purchase the Territory 9949 in November 2019. Opp'n at 13. To receive funds from the sale, the Distribution Agreement requires Plaintiff to sign a general release. *See id.* Concerned about how the release could affect his claims in this litigation, Plaintiff refused to sign. *Id.* In February 2020, FBC Modesto sent several letters outlining Aguero's alleged breach of contract with regard to his refusals to sign the release and several other alleged breaches. *Id.* at 14–15. On March 6, 2020, FBC Modesto terminated the Distribution Agreement and initiated arbitration "before the American Arbitration Association ("AAA") for issuance of a declaratory judgment that: (1) Flowers [Modesto] properly exercised its right of first refusal to purchase Aguero's territory; (2) Aguero must execute a general release to receive proceeds from the sale of his distribution rights; and (3) that Flowers [Modesto's] termination of Aguero's Distributor Agreement was proper under the Agreement and did not violate the law." *Id.* at 15.

Before the arbitration was filed, this Court stayed this action pending the California Supreme Court's decision in *Vazquez v. Jan-Pro Franchising Int'l, Inc.*, No. S258191 (Cal. Nov. 20, 2019) to gain clarity on whether the ABC Test or *Borello* standard would apply to the claims in this case. *See* ECF No. 174. The action remains stayed.

On May 26, 2020, Plaintiff filed the present Motion, requesting the Court enjoin the arbitration because (1) the arbitration is improper under the stay, (2) the arbitration would irreparably harm Plaintiff, and (3) the arbitration is improper under the first-to-file rule. *See generally* Mot. The Court concludes that none of these arguments succeed.

First, the Court declines to broaden the stay to find it applies to FBC Modesto or the arbitration. Although Plaintiff's Distribution Agreement is at issue in both cases, the relevant terms in the agreements at issue, and the legal questions in the arbitration and this action are distinct. The Court is not convinced that the arbitrator will be forced to decide

Plaintiff Aguero's employment status to decide whether FBC Modesto is entitled to enforce its right to terminate the Agreement and exercise its right of first refusal. Moreover, staying the arbitration according to the terms of the stay issued in this case would not increase judicial efficiency. The Court stayed this action pending the California Supreme Court's decision in *Vazquez* to gain clarity on whether the ABC Test or *Borello* standard would apply to the claims in this case. *See* ECF No. 174. That issue is not raised in the arbitration, and no additional clarity would be gained from staying the arbitration pending a decision in *Vazquez*.

Second, the Court declines to issue a preliminary injunction to enjoin the arbitration. To be entitled to an injunction, Plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Here, Plaintiff fails to show he is likely to succeed on the merits. To make such a showing, Plaintiff must show the arbitration clause is unenforceable. Plaintiff's only argument on this issue is that FBC Modesto waived its right to arbitrate. Mot. at 17–22. Plaintiff contends that *Defendants'* actions in this case show that FBC Modesto, Defendants' subsidiary, waived its right to arbitrate. Defendants actions in this case, however, have no bearing on the unrelated contract dispute that arose well after this case began. The contract dispute at issue in the arbitration arose in early 2020, and FBC Modesto initiated the arbitration immediately after Plaintiff's refusal to complete the sale. *See* Opp'n at 14. Plaintiff has failed to show that FBC Modesto failed to exercise timely its right to arbitrate or took any action contrary to that right. *See Martin v. Yasuda*, 29 F.3d 1118, 1124 (9th Cir. 2016).

Further, while Plaintiff argues his rights in this action would be irreparable harmed should the arbitration go forward—a proposition the Court does not agree with[1]—Plaintiff

---

[1] Plaintiff argues that the general release he is required to sign under the Distribution Agreement could affect his rights to bring his claims in this action. Mot. at 29. But that question is not before the arbitrator. And while the Court has serious doubts that the release would have any effect on Plaintiff's claims here,

has failed to show that an injunction binding FBC Modesto is available.  FBC Modesto is a non-party to this action, and Plaintiff has failed to show FBC Modesto is either (1) an officer, agent, servant, employee, or attorney or Defendants, or (2) "in active concert or participation with" Defendants.  *See* Fed. R. Civ. P. 65.  Without such a showing, binding FBC Modesto to any injunction issued in this action would be improper.

Finally, Plaintiff's argument that the Court should enjoin the arbitration under the first-to-file rule lacks merit.  Under this rule, the Court may enjoin a later filed action when there is a similarity of the parties and issues in both cases.  *Kohn Law Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1239 (9th Cir. 2015).  As noted above, the Court finds this action and the later filed arbitration do not share a similarity of issues.  Other than Plaintiff Aguero, the actions do not overlap.  Therefore, the first to file rule does not apply.

In sum, the Court finds Plaintiff has failed to show that he is entitled to an injunction enjoining the arbitration.  Plaintiff's Motion (ECF No. 175) is therefore **DENIED**.

**IT IS SO ORDERED**.

Dated:  September 3, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge

---

it need not decide that issue now.  If Plaintiff signs the release, and if Defendants attempt to dismiss Plaintiff's claims as barred by the release, the Court will decide the issue then.