UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, individually and on behalf of others similarly-situated,<br><br>                                          Plaintiff,<br><br>v.<br><br>FLOWER FOODS, INC. et al.,<br><br>                                          Defendants. | Case No.:  18-cv-01190-JO-JLB<br><br>**ORDER GRANTING IN PART THE PARTIES' JOINT MOTION TO AMEND SCHEDULING ORDER**<br><br>**[ECF Nos. 332, 348]** |

Before the Court is the parties' Joint Motion to Amend the Scheduling Order. (ECF No. 348.)  The Court finds good cause to grant an extension of all remaining dates by four months.[1]  Accordingly, the parties' joint motion (ECF No. 348) is **GRANTED in part**, and the operative Scheduling Order (ECF No. 332) is amended as follows:

   1.   Any motion to join other parties, to amend the pleadings, or to file additional

---

[1]   In light of the age of the case, **the parties should not expect further extensions to be granted.**  Therefore, the parties are urged to apply all due diligence to meeting the deadlines in the revised schedule.

1

pleadings shall be filed by **May 12, 2023**.

    2.    All fact discovery shall be completed by all parties by **July 14, 2023**. "Completed" means that all discovery under Rules 30–36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  Discovery disputes must be brought to the Court's attention in the time and manner required by § V of Judge Burkhardt's Civil Chambers Rules.  **All discovery disputes must be raised within 30 calendar days of the service of an objection, answer, or response** that becomes the subject of dispute, or the passage of a discovery due date without response or production, and only after counsel (and any unrepresented parties) have met and conferred to resolve the dispute.  *See* J. Burkhardt Civ. Chambers R. § V.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

    3.    The parties shall designate their respective experts in writing by **May 12, 2023**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **June 12, 2023**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

    4.    By **May 12, 2023**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure

requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

5. Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **June 12, 2023**.

6. All expert discovery shall be completed by all parties by **July 14, 2023**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

7. Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

8. All other pretrial motions must be filed by **August 18, 2023**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

9. A Mandatory Settlement Conference ("MSC") will be held by video conference[2] on **August 22, 2023** at **1:45 PM** before **Magistrate Judge Jill L. Burkhardt**.

---

[2]  If any party believes the MSC is more likely to be successful if conducted in-person, that party shall meet and confer on the issue with the other parties.  After meeting and conferring, and no later than **60 days before the MSC**, the parties shall leave a joint voicemail with chambers at (619) 557-6624 indicating which of the parties requests an in-person MSC.  In the voicemail, the parties shall leave three mutually available dates for a

**Mandatory directions for participating in the MSC by video conference are attached hereto.**  The purpose of the MSC is to permit an informal, candid discussion between the attorneys, parties, and the settlement judge of every aspect of the lawsuit in an effort to achieve a mediated resolution of the case.  All MSC discussions will be off the record, privileged, and confidential.  *See* CivLR 16.3(h).

Pursuant to Civil Local Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[3] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the MSC.  In the case of an entity, an authorized representative of the entity who is <u>not</u> retained outside counsel must be present and must have discretionary authority to commit the entity to pay an amount up to the amount of the Plaintiff's prayer (excluding punitive damages prayers).  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.

**Counsel for a United States government entity** may be excused from this requirement so long as the government attorney who attends the MSC conference (1) has primary responsibility for handling the case, and (2) may negotiate settlement offers which the attorney is willing to recommend to the government official having ultimate settlement authority.

---

telephonic status conference to discuss whether the MSC should be held in-person.  The final decision will be made by the Court.

[3]   "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003).  The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486.  A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001).

**Failure to attend the MSC or obtain proper excuse will be considered grounds for sanctions.**

10. No later than **21 days before the MSC**, the parties shall exchange formal settlement proposals, as required by § III.A. of Judge Burkhardt's Civil Chambers Rules. No later than **14 days before the MSC**, the parties shall meet and confer in person or telephonically, as required by § III.B. of Judge Burkhardt's Civil Chambers Rules.

11. No later than **August 14, 2023**, counsel (and any unrepresented parties) shall **lodge** confidential MSC statements with Judge Burkhardt's chambers via e-mail at efile_Burkhardt@casd.uscourts.gov. The parties' MSC statements shall comply with § III.C. of Judge Burkhardt's Civil Chambers Rules.

12. If the trial will be a bench trial, Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **November 15, 2023**. Counsel do not need to file Memoranda of Contentions of Fact and Law if the trial will be a jury trial.

13. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **November 15, 2023**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

14. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **November 22, 2023**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3). Counsel shall cooperate in the preparation of the proposed pretrial conference order.

15. Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By

November 29, 2023, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

16. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **December 6, 2023**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

17. The final Pretrial Conference is scheduled on the calendar of the **Honorable Jinsook Ohta** on **December 13, 2023** at **8:30 AM**.

18. The parties must review the chambers' rules for the assigned magistrate judge.

19. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20. The dates and times set forth herein will not be modified except for good cause shown.

21. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

22. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: January 9, 2023

*Jill Burkhardt*
Hon. Jill L. Burkhardt
United States Magistrate Judge