# EXHIBIT 1 (v.2)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, ET AL.,<br><br>                Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC, AND FLOWERS FINANCE, LLC,<br><br>                Defendants.<br><br>                and | **CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE ("SETTLEMENT AGREEMENT")**<br><br><br>Civil Action No.: 3:18-CV-1190-JO-JLB |
| JOSE MACIEL, an individual, and MACIEL DISTRIBUTION, INC., a California corporation, on behalf of themselves and others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, FLOWERS FINANCE, LLC, a Delaware limited liability company,<br><br>                Defendants. | Civil Action No.: 3:20-cv-02059-JO-JLB |

      Subject to the approval of the Court and pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Class Action Settlement Agreement and Release ("Settlement Agreement"), including the attached Exhibits, is entered into between: (a) Named Plaintiffs Daniel Ludlow, William Lancaster, and Jose Maciel, on behalf of themselves and any corporation or business entity through which they operated, and on behalf of each of the Settlement Class Members, and

any corporations or business entities through which they operated; and (b) Flowers Foods, Inc. ("Flowers Foods"), Flowers Bakeries, LLC, Flowers Finance, LLC, Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") and Flowers Baking Co. of Henderson, LLC. ("Flowers/Henderson") (collectively, "Defendants").[1]

As provided below, the Parties hereby stipulate and agree that, in consideration of the promises and covenants set forth in this Settlement Agreement and upon the Settlement Effective Date, the Action captioned above shall be settled and compromised upon the terms and conditions set forth in this Settlement Agreement and will be dismissed with prejudice.[2] This Settlement Agreement is intended by the Parties fully and finally to compromise, resolve, discharge, release, and settle the Released Claims and to dismiss the Action with prejudice, subject to the Court's approval and to the terms and conditions set forth below, and without any admission or concession as to the merits of any claim or defense by any of the Parties.

---

[1] Capitalized terms used herein are defined in Section 3 below. As defined therein, "Parties" are the Named Plaintiffs, FLSA Plaintiffs, and Defendants. While Flowers/Henderson and Flowers/Modesto are not named Defendants in the Actions, they are Parties to this Settlement Agreement given that they are the entities with whom the Class Members contracted and, accordingly, are necessary Parties to this Settlement Agreement.

[2] A separate PAGA Agreement shall be entered into for *Jose Maciel v. Flowers Foods, Inc., et al.*, 20-CIV-02959, currently pending in San Mateo County Superior Court (hereinafter referred to as *Maciel* PAGA Action). As set forth in Section 3.15.6.3 below, Final Approval of both this Settlement Agreement and the *Maciel* PAGA Action settlement agreement is a condition of settlement. If final comprehensive approval of this Settlement Agreement and the *Maciel* PAGA Action settlement is not obtained, the parties agree to meet and confer in good faith and address expeditiously any concerns raised preventing such complete and final approval. If necessary, the parties will seek the assistance of Judge Herbert B. Hoffman (ret.), Judicate West, who facilitated the settlement of this Action and the *Maciel* PAGA Action. The Parties have agreed that the *Maciel* PAGA Action will be dismissed without prejudice and the *Maciel* federal complaint in the Action, subject to the Court's approval, will be amended to include the *Maciel* PAGA claim for settlement purposes only.

# 1.    Table of Contents

1.    Table of Contents .............................................................................................. 3
2.    Table of Exhibits ............................................................................................... 4
3.    Definitions .......................................................................................................... 5
4.    Jurisdiction ....................................................................................................... 15
5.    Statement of No Admission ............................................................................. 16
6.    Claims of the Named Plaintiffs and Benefits of Settlement ........................... 17
7.    Non-Monetary Injunctive Relief Applicable to All Current Distributor Class Members and FLSA Plaintiffs Whether or Not They Are Settlement Class Members ........................... 17
8.    Waiver, Release and Dismissal ....................................................................... 23
9.    Required Events and Cooperation by the Parties ............................................ 25
10.   Settlement Administration ............................................................................... 28
11.   Notice to the Settlement Class, Objection, Exclusion and Withdrawal Rights ............... 32
12.   Payment from the Settlement Fund ................................................................. 37
13.   Settlement Fund Allocation ............................................................................. 38
14.   Attorneys' Fees and Costs ............................................................................... 39
15.   Miscellaneous Provisions ................................................................................ 40
16.   Named Plaintiffs' Certification ....................................................................... 44

## 2.    Table of Exhibits

Exhibit 1A – Notice to Current Distributor Class Members who are not a Named Plaintiff or an FLSA Plaintiff..................................................................................................6

Exhibit 1B - Notice to Former Distributor Class Members who are not a Named Plaintiff or an FLSA Plaintiff..................................................................................................6

Exhibit 2A -Notice to Current Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff..................................................................................................6

Exhibit 2B - Notice to Former Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff..................................................................................................6

Exhibit 3 – Notice to Current Distributor FLSA Plaintiff who is not also a Class Member ..........6

Exhibit 4 – Showing of Interest Form.............................................................................6

Exhibit 5 – Reminder Notice .......................................................................................7

Exhibit 6 – Form of Preliminary Approval Order .......................................................12

Exhibit 7- Arbitration Agreement ...............................................................................20

## 3.    Definitions

3.1.    <u>Action</u>: means and collectively refers to the above-captioned lawsuits: *Daniel Ludlow, et al. v. Flowers Foods, Inc., et al.,* Case No.3:18-cv-1190-JO-JLB, pending in the United States District Court for the Southern District of California, and *Jose Maciel, et al. v. Flowers Foods Inc., et al.,* 3:20-cv-02059-JO-JLB, transferred to the United States District Court for the Southern District of Ca. and consolidated with *Ludlow*. Upon approval by the Court of the consolidation of the *Maciel* PAGA claim, the Action shall encompass that claim as well.

3.2.    <u>Agreement or Settlement Agreement</u>: means this Settlement Agreement, including all Exhibits attached hereto.

3.3.    <u>Attorneys' Fees and Costs</u>: means such funds as may be awarded by the Court to Class Counsel to compensate them for their fees, costs, and expenses in this Action, as described more fully below. Upon approval of the Court, and within the specified period after the Effective Date, the Settlement Administrator, shall pay Class Counsels' Attorneys' Fees and Costs through the Common Fund, discussed below.

3.4.    <u>Buy Back Schedule</u>: means the repurchase schedule as described in and subject to the conditions of Section 7 below.

3.5.    <u>Class Counsel</u>: means Craig Nicholas, Alex Tomasevic, and Shaun Markley of Nicholas & Tomasevic.

3.6.    <u>Class Member</u>:  means any individual who, either individually and/or on behalf of a corporation or business entity, operated under a Distributor Agreement with Flowers/Henderson or Flowers/Modesto during the Covered Period in California. This includes the approximately 485 individuals who received class notice in the *Ludlow* Action and did not opt out.

3.7. <u>Class Representatives or Named Plaintiffs</u>: mean Daniel Ludlow, William Lancaster, and Jose Maciel.

3.8. <u>Class Settlement Notice or Settlement Notice</u>: means the form of notices attached as: (i) Exhibit 1A, to be disseminated to Current Distributor Class Members, who are not a Named Plaintiff or a Fair Labor Standards Act ("FLSA") Plaintiff, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement, to exclude themselves from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 below), to object, to appear at the Fairness Hearing, and to submit a Showing of Interest Form, on the form attached as Exhibit 4; (ii) Exhibit 1B, to be disseminated to former distributor Class Members, who are not a Named Plaintiff or an FLSA Plaintiff, informing them about the terms of the Settlement Agreement, including their rights to participate in the Settlement, to exclude themselves from the Settlement, to object, to appear at the Fairness Hearing, and to submit a Showing of Interest Form, on the form attached as Exhibit 4; (iii) Exhibit 2A, to be disseminated to Current Distributor FLSA Plaintiffs who are also Class Members, but not a Named Plaintiff, informing them about the terms of this Settlement Agreement, including their right to withdraw and exclude themselves from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 below), to object, and to submit a Showing of Interest Form on the form attached as Exhibit 4; (iv) Exhibit 2B, to be disseminated to former distributor FLSA Plaintiffs who are also Class Members, but not a Named Plaintiff, informing them of terms of this Settlement Agreement, their right to withdraw and exclude themselves from the Settlement, to object, their right to submit a Showing of Interest Form, on the form attached as Exhibit 4; and (v) Exhibit 3, to be disseminated to the one FLSA Plaintiff who is not also a Class Member (Trevor Wells) informing him of the terms of this Settlement Agreement, and the right to withdraw. A "Reminder Notice" in the form

of Exhibit 5 will be sent to any Class Member or FLSA Plaintiff who has not submitted a Showing of Interest Form for the employment opportunity within the first 45 days of the Notice Period.

3.9.    <u>Court</u>: means the United States District Court for the Southern District of California.

3.10.    <u>Covered Period</u>: means the period from June 6, 2014 through the date of Preliminary Approval.

While the Covered Period encompasses the time frame outlined above, such Covered Period will be calculated on an individual basis using the dates during which each individual and/or applicable business entity was subject to a Distributor Agreement and any other relevant information. While the Covered Period ends on the date of Preliminary Approval, as set forth in Section 3.25 below, the Released Claims shall extend up to and including the date of Final Approval.

3.11.    <u>Current Distributor Class Members and FLSA Plaintiffs</u>: means any Class Member and/or FLSA Plaintiff (defined below) who is operating under a Distributor Agreement, either individually or on behalf of his/her corporation or business entity, on the date the Distributor Agreement will be terminated and the distribution rights repurchased pursuant to the Buy Back Schedule set forth in Section 7 below and offered employment opportunities with a Flowers Entity.

3.12.    <u>Defendants</u>: mean the Defendants in this lawsuit, Flowers Foods, Inc., Flowers Bakeries, LLC, and Flowers Finance, LLC. For ease of reference, the two entities that contracted with Class Members and FLSA Plaintiffs, namely Flowers/Modesto and Flowers/Henderson, will also be referred to as "Defendants" even though they were not named as Parties in the Action.

3.13.    <u>Defense Counsel</u>: means  Kevin Hishta, Jared Palmer, and Alexander Chemers of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. and Francis Tobin of Martin Law Firm, PC.

3.14.    Employment Showing of Interest Form: shall be the form presented to Class Members and FLSA Plaintiffs, in the form attached as Exhibit 4, to be sent with the Settlement Notice, informing them about the opportunity to apply for employment with the applicable Flowers Entity and asking them to affirmatively indicate whether or not they are interested in applying for employment with a Flowers Entity.

3.15.    Effective Date or Settlement Effective Date: shall be the first day after the first date on which all of the following have occurred:

3.15.1.    Named Plaintiffs and Defendants' duly authorized representatives have executed this Agreement;

3.15.2.    The Court has preliminarily approved this settlement;

3.15.3.    Reasonable notice has been sent to Class Members and FLSA Plaintiffs as set forth herein;

3.15.4.    The Court has approved consolidation of the *Maciel* PAGA claim into this Action and approved the settlement of the *Maciel* PAGA claim;

3.15.5.    The Court has held a Fairness Hearing under Rule 23(e), has entered an Order granting Final Approval of the settlement that is the same in all material respects as that set forth in this Agreement, has entered Judgment, has awarded Named Plaintiffs any Service Award, and has awarded Class Counsel their reasonable Attorneys' Fees and Costs; and

3.15.6.    The last of the following events occurs:

3.15.6.1.    If no appeal is filed, then the date on which the time to appeal the Final Approval Order and Judgment for the Action has expired with no appeal or any other judicial review having been taken or sought; or

3.15.6.2.      If an appeal of the Final Approval Order and Judgment for the Action has been timely filed or other judicial review was taken or sought, the date that Order is finally affirmed by an appellate court with no possibility of subsequent appeal or other judicial review or the date the appeals or any other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

3.15.6.3.      It is the intention of the Parties that the settlement shall not become effective until the Court's Final Approval Order and Judgment for the Action, the Court has approved the consolidation of the *Maciel* PAGA claim into this Action, and the Court has approved the settlement of the *Maciel* PAGA claim; and such Order and Judgment has become completely final and until there is no timely recourse by an appellant or objector who seeks to contest the comprehensive settlement.

3.16.   Exclusion Date: means the date, to be set by the Court, by which an Exclusion Request must be submitted to the Settlement Administrator by a Class Member, including a Class Member who is also an FLSA Plaintiff (but not a Named Plaintiff), to be excluded from the Settlement Class.

3.17.   Exclusion Request: means the written communication that must be submitted to the Settlement Administrator and, if sent by mail, postmarked on or before the Exclusion Date by a Class Member, including a Class Member who is also an FLSA Plaintiff (but not a Named Plaintiff), and who wishes to be excluded from the Settlement Class. Any such Exclusion Request shall not apply to the Rule 23(b)(2) injunctive relief discussed in Section 7 below, including the termination of Distributor Agreements and repurchase of territories (and accompanying distribution rights) according to the Buy Back Schedule, which applies to all Current Distributor Class Members and FLSA Plaintiffs whether they exclude themselves and withdraw or not. Any

Exclusion Request by a Class Member who is also an FLSA Plaintiff acts as a concurrent request for withdrawal of the FLSA claim. Named Plaintiffs are bound by this Settlement Agreement and have no right to file any Exclusion Request or otherwise exclude themselves from this Settlement.

     3.18.  <u>Fairness Hearing</u>: means the hearing to be conducted by the Court about its determination of the fairness, adequacy, and reasonableness of the Settlement Agreement in accordance with Rule 23(e).

     3.19.  <u>Final Approval Order and Judgment or Final Approval</u>: means the final order to be entered by the Court that grants final approval of the settlement and enters judgment dismissing the Action with prejudice and that: (i) conforms to this Settlement Agreement and approves the *Maciel* PAGA settlement agreement, (ii) approves the settlement and the Settlement Agreement as fair, adequate, and reasonable, (iii) confirms the certification of the Settlement Class for purposes of the settlement only, and (iv) issues such other determinations as the Court or the Parties deem necessary and appropriate in order to approve the settlement and implement the Settlement Agreement.

     3.20.  <u>Flowers Entity</u>: a subsidiary or subsidiaries of Flowers Foods that will repurchase territories and the accompanying distribution rights from Current Distributor Class Members and FLSA Plaintiffs and offer employment positions to such Class Members/FLSA Plaintiffs and others.

     3.21.  <u>FLSA Plaintiffs</u>: means those individuals who filed opt-in consent forms in the *Ludlow or Maciel* Actions and have not withdrawn their consents, specifically including the following: Trevor Walls[3], David Aguero, Daniel Aguirre, Hector Alfaro, Christian Angulo,

---

[3] The Parties agree that while Trevor Walls is noted as an FLSA Plaintiff, he is not eligible for or subject to the injunctive relief or Buy Back set forth in Section 7 below because he did not operate in California and is not a Class Member under this Settlement Agreement.

Michael Ardito, Victor Asaro, Mark Aviles, Eduardo Aviles, Jose Ayala, Taylor Baker, Hector Barrientos, Gilbert Bowser, Paul Brewer, Sean Brown, Michael Caffee, Timothy Campbell, Nicolas Canaba, Jorge Casas, Joe Cuadras, Joshua Davis, Ernest Dorado, Charles Dornbusch, George Dunhams, Charles Durham, Patrick Dwyer, John Elkins, James England, Scott Ericson, Steve Fernandez, Sergio Flores Ramirez, Fernando Flores, Kevin Fontanoz, Alfredo Garcia, Michael Garcia, Andrew Gillespie, Ivan Gomez, Salvador Gomez, Hebhert Yamil Gomez-Hernandez, Michael Gong, Arturo Gonzalez, Carlos Gonzalez, Fidel Gonzalez, Ryan Gonzalez, Salvador Gonzalez, Jeremy Gouthier, Robert Graham, Anthony Hayworth, Richard Hein, Jose Hernandez, Mauricio Hernandez, Kenneth Herrera, Michael Hoffeditz, Clint Hopper, Mike Hummel, Max Hung, Jerry Lee Hunter, Khalil Jaber, Charles Jose, Raymond Kong, William Lancaster, Ernesto Lopez, Jason Lopez, Daniel Ludlow, Aulbert Ludlow, Carlos Luna, Robert Martin, Freddy Martinez, Clarence Mauhili, Darren McNeil, Hector Melendez, Miguel Mercado, Arthor Moreno (aka John Moreno), Paul Navarro, Jr., Jon Nelson, Khang Nguyen, Dale North, Brian Ochaba, Marcos Ornelas, Daniel Orosco, Christian Ortiz, Dennis Padilla, Gabriel Perez, Stephen Predmore, Aaron Quaintance, Robert Reiter, Ruben Rivera, Luis Robles, Ruben Romero, Manuel Ruiz, Miguel Sanchez, Gerardo Sandoval, Rolando Sandoval, George Serna, Luis Serrano, Melvyn Silveira, Jr., Maria Solis, Dean Stashek, Christopher Thorndike, Takio Trumpf, Juan Valenzuela, Robert Vilarreal, Sandy Weatherall, Trevor Wells, Javier Zavala, Jesus Zuniga, Narciso Arocho, David Bolivar, Richard Cobb, Fernando Novoa, Salvador Rosales, Jeffrey Tovar, Josue Vargas, Francisco Prieto, George Vitko, Erik Medal, Keith Wagner, John Fanning, Rafael Prado, Matthew Smith, Keeton Rocen, Joseph Trees, Tracy Speights, James Falciani Michael McNeil, Donato Santiago, and Matt Smith.

3.22.    <u>Notice Program</u>: means the plan approved by the Court for disseminating the Settlement Notices as set forth herein.

3.23.    <u>Objection Date</u>: means the date, to be set by the Court, by which objections to the Settlement must be submitted by Class Members or FLSA Plaintiffs who are not Named Plaintiffs.

3.24.    <u>Party or Parties</u>: means the Named Plaintiffs, FLSA Plaintiffs, Defendants, or any one of such individuals' entities.

3.25.    <u>Preliminary Approval</u>: means the order to be entered by the Court, substantially in the form of Exhibit 6, that:

(a)    preliminarily approves this Settlement Agreement;

(b)    approves consolidation of the *Maciel* PAGA claim into the Action for settlement purposes only;

(c)    sets the date of the Fairness Hearing;

(d)    appoints Class Counsel for the Settlement Class Members;

(e)    approves the forms of Settlement Notice and the Notice Program;

(f)    sets the date that Settlement Notices should issue;

(g)    sets the end of the Notice Period;

(h)    sets the Exclusion Date and Withdrawal Date;

(i)    sets the deadline for submission of the Showing of Interest Form for the employment opportunity; and

(j)    sets the deadline for filing objections to the settlement.

3.26.    <u>Released Claims</u>: mean any and all claims, demands, causes of action, rights to relief, fees and liabilities of any kind, whether known or unknown, either that were asserted in or could have been asserted in this Action, that the Settlement Class Members have or may have against any of the Releasees (as defined below), from the beginning of time through the date of

final approval, including, but not limited to, all claims under common law, contract, tort, or other law, as well as all claims under federal, state, local, or foreign laws, including but not limited to all claims arising under the FLSA, California, or other applicable state's Wage and Labor Laws or Labor Code provisions; California or other applicable state's common law; California or other applicable state's administrative law; or California or other applicable state's statutory law that are derivative of, or in any way related to, any wage and hour, overtime, benefits or other claims based on the Settlement Class Members' alleged misclassification as independent contractors; California Unfair Competition Law; any other claim allegedly arising from the Settlement Class Members' alleged misclassification as independent contractors while performing services under a Distributor Agreement with Flowers/Henderson or Flowers/Modesto or any predecessor entity; and any penalty, interest, taxes or additional damages or costs which arise from or relate to the claims described above under applicable federal, state or local laws, statutes, or regulations. The Named Plaintiffs and their respective business entities shall also execute a general release of all claims (including Section 1542 waiver and PAGA claims) up to the date of final approval.

3.27. <u>Releasees</u>: means Flowers Foods, Inc., Flowers Bakeries, LLC, Flowers Finance, LLC, Flowers/Henderson, Flowers/Modesto, and any and all current and former parents, subsidiaries, related companies or entities, partnerships, joint ventures, or other affiliates, and, with respect to each of them, all of their predecessors and successors, benefits plans and programs, insurers, contractors, subcontractors, successors, and assigns, and, with respect to each such entity, any and all of its past, present, and future employees, trustees, officers, directors, stockholders, owners, members, managers, representatives, assigns, attorneys, administrators, fiduciaries, agents, insurers, trustees, and any other persons acting by, though, under, or in concert with any of these persons or entities and their successors and assigns.

3.28.  <u>Settlement Administrator</u>: means Rust Consulting, an Exela Technologies Brand.

3.29.  <u>Settlement Class or Settlement Class Member</u>: means any Class Member (including Class Members who are also FLSA Plaintiffs) who does not submit a valid Exclusion Request and the Named Plaintiffs.

3.30.  <u>Settlement Fund or Common Fund</u>: means a qualified settlement fund established under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1, to be funded by Defendants in the amount of $55 million dollars ($55,000,000.00), which includes the Service Awards to Named Plaintiffs, payments to Settlement Class Members in this Action, attorneys' fees and costs, costs of notice and settlement administration, and PAGA payments for the *Maciel* PAGA Action, established at a United States bank jointly selected by Defendants and the Settlement Administrator. The settlement shares will be calculated according to a formula more fully described in Section 13.3 below. The Parties designate that $200,000 of the Settlement Fund will be allocated to settlement of the *Maciel* PAGA Action and will be distributed as set forth in the *Maciel* PAGA Action settlement agreement. This qualified Settlement Fund shall be non-reversionary but subject to adjustment pursuant to Section 15.1 below. The Settlement Administrator shall pay all monies payable to the Settlement Class Members (including the Service Award) and to Class Counsel from the Settlement Fund.

3.31.  <u>Settlement Notice Period or Notice Period</u>: means the Period Set by the Court for Class Members to review the Settlement Notice, determine whether they want to participate or exclude themselves from the Settlement Class (except for the Rule 23(b)(2) injunctive relief, discussed in Section 7 below, which applies whether they exclude themselves and withdraw or not) or object, as applicable; and, for Class Members to decide whether they want to submit the Showing of Interest Form for the employment opportunity with the applicable Flowers Entity.

3.32.   <u>Service Award</u>: means the payment not to exceed $25,000 for each of the Named Plaintiffs to be paid from the Settlement Fund to compensate them for their efforts on behalf of the Settlement Class.

3.33.   <u>Withdrawal Date</u>: means the date to be set by the Court by which an FLSA Plaintiff must contact Class Counsel to withdraw from the Action. As noted above, any Exclusion Request by a Class Member who is also an FLSA Plaintiff acts as a concurrent request for withdrawal of the FLSA claim.

## 4.   Jurisdiction

4.1.   The Court has jurisdiction over the Parties and the subject matter of this Action.

4.2.   If the Settlement Agreement is fully and finally approved, the *Maciel* PAGA claim is consolidated into this Action, and the *Maciel* PAGA Settlement Agreement is likewise approved, the Court will dismiss the Action with prejudice. In the event there is a dispute concerning the enforcement of the terms of this Settlement Agreement, the Parties agree to confer in good faith in an attempt to resolve any such dispute and is such dispute remains unresolved, the dispute shall be heard by Judge Hoffman or, if unresolved, the Court.

4.3.   The Parties stipulate that, for settlement purposes only, the Settlement satisfies the requirements of Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure, and therefore approval of this Settlement Agreement is appropriate. In so stipulating, Defendants do not waive or abandon any arguments they may have that that certification of the Rule 23 class is improper under Rule 23(b)(2) or 23(b)(3). Defendants' consent to certification for settlement purposes only is in no way an admission that Rule 23 certification would be proper absent a settlement.

4.4.    Failure to obtain the Preliminary or Final Approval of this Settlement Agreement or the *Maciel* PAGA Settlement Agreement in the same or substantially similar formats proposed to the Court, including, but not limited to, any failure as a result of any appeal of the Court's Final Approval Order and Judgment in this Action will cause this Settlement Agreement to be void and unenforceable and to have no further force and effect.

4.5.    If complete and comprehensive approval is not obtained of the Settlement in this Action, including the consolidated *Maciel* PAGA claim, the Parties agree to meet and confer in good faith and address expeditiously any concerns raised preventing such complete approval. As necessary, the Parties agree to seek the assistance of Judge Hoffman.

4.6.    In the event this or the *Maciel* PAGA Settlement Agreement becomes void or unenforceable, any monies held in the Settlement Fund shall remain the property of and shall be returned to Defendants, the Parties' litigation positions shall revert to the status quo ante prior to the execution of this Settlement Agreement, and the Parties will not be deemed to have waived, limited, or affected in any way any of their claims, defenses, or objections in the Action, including arguments for or against class certification or decertification.

## 5.    Statement of No Admission

5.1.    Defendants deny liability upon any claim or cause of action presented or alleged or that could have been presented or alleged in the Action, and Defendants deny that the Settlement Class is entitled to relief of any kind in the Action.

5.2.    This Settlement Agreement does not constitute an admission by Defendants as to the merits, validity, or accuracy of the allegations or claims made against them in the Action and may not be construed as or deemed an admission of liability, culpability, negligence, willfulness, or wrongdoing on the part of Defendants.

5.3.    Nothing in this Settlement Agreement is intended by the Parties or may be used by anyone for any purpose inconsistent with this Settlement Agreement, or may be introduced in any way as evidence, to show or establish any misconduct, or improper practices, plans, or policies, or any violation of any federal, state, or local law, statute, ordinance, regulation, rule, or executive order, or any obligation or duty at law or in equity. Notwithstanding the foregoing, this Settlement Agreement may be used in any proceeding in this Court that has as its purpose the enforcement of the Settlement Agreement.

## 6.    Claims of the Named Plaintiffs and Benefits of Settlement

6.1.    Named Plaintiffs believe that the claims asserted in the Action have merit and that the evidence developed through extensive written and deposition discovery supports their claims. However, Named Plaintiffs and Class Counsel recognize and acknowledge the expense, risk, complexities, and length of continued proceedings necessary to prosecute the Action through trial and through appeals, along with the uncertain nature of certain damages and affirmative defenses.

6.2.    Named Plaintiffs and Class Counsel have considered the uncertain outcome and the risk of this Action, including the class action components of the Action, as well as the difficulties, delays, and risks of collection inherent in litigation.

6.3.    Named Plaintiffs and Class Counsel believe that the Settlement Agreement confers substantial benefits upon Named Plaintiffs and Class Members and is fair, reasonable, adequate, and in the best interests of Named Plaintiffs and Class Members.

## 7.    Non-Monetary Injunctive Relief Applicable to All Current Distributor Class Members and FLSA Plaintiffs Whether or Not They Are Settlement Class Members

7.1.    The Parties have agreed to injunctive relief as part of the settlement pursuant to Rule 23(b)(2), as more fully set forth herein, which shall apply to all Current California

Distributors[4] (including all Current Distributor Class Members and FLSA Plaintiffs whether they have previously opted out or subsequently exclude themselves and withdraw or not). This injunctive relief is the product of extensive and arms-length negotiations between the Parties and their counsel. Subject to the terms and conditions of this Settlement Agreement and for purposes of settlement only, the parties agree to move jointly for the Court to enter an injunction that will apply to Defendants only by their consent, and that will contain only the express terms and conditions of injunctive relief provided for in this Settlement Agreement.

7.2.    All Distributor Agreements of Current Flowers California Distributors (including all Agreements with Current Distributor Class Members and FLSA Plaintiffs) will be terminated on or before twelve (12)  months from Final Approval, unless extended as set forth below, and all such Current California Distributors may choose to operate as employees for the applicable Flowers Entity provided they are interested, otherwise qualify for employment, and complete all documents required for employment.  The Parties expressly agree that this injunctive relief set forth in this Section is consistent with the injunctive relief sought by Plaintiffs. All of the aforementioned California Distributor Agreements shall be terminated regardless of whether the distributors have previously opted out of the Action or subsequently exclude themselves from the Settlement Class.

7.3.    Each Distributor Agreement will be deemed terminated on the date of repurchase in accordance with the Buy Back Schedule below:

7.3.1.   The initial phase of distributors shall be converted within thirty (30) days of Final Approval;

---

[4] Current California Distributors for purposes of this Agreement means any distributor of Flowers/Henderson or Flowers/Modesto who is operating under a Distributor Agreement, either individually or on behalf of his/her corporation or business entity, on the date the Distributor Agreement will be terminated and the distribution rights repurchased pursuant to the Buy Back Schedule set forth in this Section.

7.3.2.   The applicable Flowers Entity will endeavor to convert all California distributors within twelve (12) months of Final Approval;

7.3.3.   The applicable Flowers Entity reserves the exclusive right to decide the order and timing in which distributors are repurchased; and

7.3.4.   The parties will develop an extended conversion schedule in the event 20% of Class Members and FLSA Plaintiffs indicate they are not interested in pursuing employment with the applicable Flowers Entity.

7.4.    Upon termination of a Distributor Agreement, the applicable Flowers Entity will repurchase distribution rights for the sum of thirteen (13) times average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory notes issued by Flowers Finance, LLC ("FLOFIN"). For Current Distributor Class Members and FLSA Plaintiffs, the total value of distribution rights to be repurchased is currently approximately $65 million. The FLOFIN balance to be deducted from the approximate $65 million is currently about $15 million. These numbers are subject to fluctuation prior to repurchase. Final repurchase calculations and note balances for Current Distributor Class Members and FLSA Plaintiffs will be provided to Plaintiffs' counsel prior to repurchase, and updated calculations will also be provided to the Court prior to or at the Fairness Hearing.

7.5.    For Current California Distributors that continue to perform services until the date of repurchase of the distribution rights, the applicable Flowers Entity will waive the 5% transfer fee set forth in the Distributor Agreement. For those distributors that cease performing services prior to the repurchase date, the 5% transfer fee will be due per the terms of the Distributor Agreement.

7.6.    Following August 29, 2023, the date of the execution of the Settlement Term Sheet, the Parties agree that there shall be no further sales or attempted sales of distribution rights in order to effectuate the terms of the Settlement.

7.7.    Settlement Class Members who are current distributors shall be subject to an arbitration agreement with a class action waiver for any disputes that arise associated with the distributor relationship after the date of Final Approval. The parties agree to use Judicate West and Judge Hoffman to arbitrate as necessary any such disputes. The applicable Flowers Entity will cover the initial filing fees and arbitrator costs. The arbitration agreement that all Settlement Class Members who are current distributors shall be subject to is attached hereto as Exhibit 7 and incorporated herein. Upon Final Approval, this arbitration agreement shall be binding on all Settlement Class Members who are current distributors and Flowers Foods and all other Flowers affiliated entities, current, former or future, without any additional signature or other attestation necessary. All Settlement Class Members who are current distributors shall be deemed amended to incorporate the arbitration agreement.

7.8.    The applicable Flowers Entity may offer to repurchase territories/distribution rights from Current Distributor Class Members and FLSA Plaintiffs who still own their territories prior to Final Approval; provided, however, any such Current Distributor Class Member or FLSA Plaintiff who agrees to any such offer retains the right to participate in this Settlement, and if the Settlement is not approved, their right to continue to pursue their claims made in this litigation.

7.9.    For any distributor which assigned its distribution rights as collateral for a loan to a third-party lender, the distributor and the applicable Flowers Entity shall notify such lender of the repurchase of the distributor's distribution rights, and any outstanding balance owed to such lender shall be deducted from the repurchase payment as calculated above.

7.10.    In the event a distributor's territory value is less than an outstanding FLOFIN note, the applicable Flowers Entity will not seek repayment of this deficit, and any rights the applicable Flowers Entity or any successor to the rights or interest may have to such deficit is extinguished.

7.11.    At the time of repurchase, distributors and the applicable Flowers Entity shall settle outstanding debits and credits in accordance with normal settlement procedures. The distributor retains the right to dispute the Flowers Entity's calculations and to receive adequate information relating to those calculations. Any such disputes shall be handled in accordance with the arbitration provision discussed above.

7.12.    Until the date of repurchase, all terms and conditions of the Distributor Agreement shall remain in full force and effect, and distributors shall continue to comply with all obligations under the Distributor Agreement. The applicable Flowers Entity reserves all rights under the Distributor Agreement to address any breaches of the Distributor Agreement. Any disputes will be handled in accordance with the arbitration provision discussed above.

7.13.    In the event a distributor fails to service its territory or territories in accordance with the terms of the Distributor Agreement until the repurchase date, the distributor will be charged the operating expenses incurred by the applicable Flowers Entity for operating such territory or territories. Any disputes will be handled in accordance with the arbitration agreement above.

7.14.    At or around the time of repurchase, distributors shall execute documents reflecting a conveyance of distribution rights to the applicable Flowers Entity and all other documents required by the Distributor Agreement upon the conveyance of such distribution rights.

7.15.    The applicable Flowers Entity will assume the truck leases that are part of the Flowers/Bank of America/Regions Bank truck lease program, although Current Distributor Class Members and FLSA Plaintiffs may buy out their leases and maintain ownership of the leased

vehicles. Notwithstanding the forgoing, the applicable Flowers Entity is under no obligation to purchase any vehicle or equipment from any Current Distributor Class Members and FLSA Plaintiffs, although the applicable Flowers Entity, at its sole discretion, may make offers to purchase vehicles and equipment from Current Distributor Class Members and FLSA Plaintiffs.

7.16.    Class Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the settlement.  To that end, the parties will cooperate to develop a communications plan to explain the employment opportunity to Class Members and FLSA Plaintiffs who are interested in pursuing this option. The employment option will also be explained via notice from the Settlement Administrator.

7.17.    The Parties agree that Defendants have made good faith representations regarding the terms of the future employment opportunities it will offer so that the Class Members/FLSA Plaintiffs can meaningfully evaluate whether to pursue such employment. The opportunities presented, including positions, wage and salary provisions, and the planned benefit package will be shared with Class Members and FLSA Plaintiffs. Class Counsel do not approve nor are they responsible for any employment terms that will be implemented.

7.18.    The Parties agree that the applicable Flowers Entity will be responsible for setting all such employment terms, which will be in line with the terms discussed by the Parties relating to the transition to the employment model, which will not be part of the Settlement Agreement. As employees for a Flowers Entity, the individuals who otherwise qualify for employment, complete all documentation required for employment and are interested will be eligible for employment benefits consistent with the benefits that the Flowers Entity provides to its employees, as well as the rights and protections of employment status under federal and state law.

7.19.   Opportunities for employment at a Flowers Entity will also be presented to former distributors in California during the Covered Period, assuming they are interested, otherwise qualify for employment, and complete all documentation required for employment. Class Members and FLSA Plaintiffs also consent to Flowers, at its sole discretion, offering employment opportunities to the helpers/assistants/employees of Class Members and FLSA Plaintiffs, assuming such helpers/assistants/employees are interested, otherwise qualify for employment, and complete all documentation required for employment.

7.20.   The Parties agree that the applicable Flowers Entity will provide to Class Counsel a list of the general screening procedures for employment so that Class Counsel can answer any questions they may receive from Class Members and FLSA Plaintiffs on the employment opportunity.

## 8.    Waiver, Release and Dismissal

8.1.   Upon the Settlement Effective Date, all Settlement Class Members will be bound by the terms and conditions of this Settlement Agreement, and all Distributor Agreements of Current California Distributors will be terminated as set forth in Paragraph 7 above, whether or not they have previously opted out, subsequently file a valid Exclusion Request, or otherwise withdraw from the Action.

8.2.   Upon the Settlement Effective Date, each Settlement Class Member, on behalf of themselves and any corporations or business entities through which they operated, and on behalf of their respective agents, representatives, executors, estates, heirs, administrators, attorneys, insurers, successors and assigns, shall be deemed to have forever released and discharged the Releasees from any and all Released Claims as defined in Section 3.26.

8.3.    In exchange for this release of claims by the Settlement Class in this Action and the release of claims in the *Maciel* PAGA Action settlement agreement, Defendants will pay the sum of $55 million into the Settlement Fund within ten (10) business days after the Settlement Effective Date. At their discretion, Defendants may pay these amounts earlier.

8.4.    Notwithstanding any other provision of this Settlement Agreement, nothing in this Settlement Agreement is intended to restrict any Settlement Class Member from contacting, assisting, or cooperating with any government agency; provided, however, that no Settlement Class Member shall seek or accept damages, reinstatement, or similar personal relief as to any Released Claim.

8.5.    Named Plaintiffs represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any Released Claims.

8.6.    It is agreed that because the Settlement Class Members are so numerous, it is impossible or impractical to have each Settlement Class Member execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release, and Named Plaintiffs' signing of this Settlement Agreement, when approved by the Court and such approval has become final, fully effectuates the above releases on behalf of the remaining Settlement Class Members. The checks issued to all Settlement Class Members shall also have appropriate agreed-upon release language on the back of each check. Named Plaintiffs shall also separately sign a General Release of Claims (including Section 1542 waiver and PAGA claims).

8.7.    The Parties agree to seek an order dismissing the Action with prejudice and such other and additional orders upon the Final Approval Order and Judgment.

## 9.    Required Events and Cooperation by the Parties

9.1.    As soon as reasonably practicable after execution of the Settlement Agreement, and within the time established by the Court in the Status Conference, the Parties shall submit the Settlement Agreement, including all Exhibits, to the Court for its Preliminary Approval and shall jointly move the Court for entry of an order for the Action, substantially in the form of Exhibit 6, which by its terms shall:

9.1.1.    Determine preliminarily that this Settlement Agreement and the terms set forth herein fall within the range of reasonableness under Rule 23 and applicable FLSA standards meriting possible Final Approval, thus making dissemination of Settlement Notices appropriate as set forth herein, and direct that, within ten days of filing for Preliminary Approval, Defendants shall provide notice of this proposed Settlement in compliance with the Class Action Fairness Act of 2005 ("CAFA").

9.1.2.    Approve consolidation of the *Maciel* PAGA claim into this Action for settlement purposes only;

9.1.3.    Schedule the Fairness Hearing to: (i) determine finally whether the proposed settlement satisfies the applicable requirements of Rule 23 and applicable FLSA standards; (ii) review objections, if any, regarding the Settlement Agreement; (iii) consider the fairness, reasonableness, and adequacy of the Settlement Agreement and its terms; (iv) consider Class Counsel's application for an award of attorneys' fees and costs; (v) consider Named Plaintiffs' application for service awards; (vi) determine the validity of any Exclusion Requests and exclude from the Settlement Class those persons who are eligible to exclude themselves under the terms set forth herein and who validly and timely exclude themselves by the Exclusion Date (except that such Exclusion shall not apply to the

Rule 23(b)(2) injunctive relief set forth in Section 7); (vi) approve the settlement of the *Maciel* PAGA claim; and (vii) consider whether the Court shall issue the Final Approval Order and Judgment, approving the settlement and dismissing the Action with prejudice.

        9.1.4.   Set a briefing schedule for: (i) a joint motion for final approval; (ii) Class Counsel's motion for attorneys' fees and costs; and (iii) Named Plaintiffs' motion for Service Awards;

        9.1.5.   Approve the proposed Settlement Notices and Notice Program;

        9.1.6.   Direct the Settlement Administrator to cause the Settlement Notice to be disseminated in the manner set forth in the Notice Program on or before the Settlement Notice Deadline;

        9.1.7.   Determine that the Settlement Notices and the Notice Program: (i) meet the requirements of Rule 23(c)(3) and due process; (ii)  are the best practicable notice under the circumstances; (iii) are reasonably calculated, under the circumstances, to apprise applicable Class Members of the pendency of the Action, their right to object to the proposed Settlement, exclude themselves from the settlement (except for the injunctive relief under Rule 23(b)(2) set forth in Section 7 above), or participate within the timeframe provided herein; and (iv) are reasonable and constitute due, adequate, and sufficient notice to all those entitled to receive notice.

        9.1.8.   Require each Class Member who is not also a Named Plaintiff or a FLSA Plaintiff who wishes to exclude himself or herself from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 above) to submit a timely and valid written Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator;

9.1.9.   Require each FLSA Plaintiff who is also a Class Member (but not a Named Plaintiff) who wishes to exclude himself or herself from the Settlement (except for the Rule 23(b)(2) injunctive relief set forth in Section 7 above) to submit a timely and valid written Exclusion Request, on or before the Exclusion Date, to the Settlement Administrator and contact Class Counsel to withdraw from the Action by the Withdrawal Date.

9.1.10. Order that all Settlement Class Members will be bound by all proceedings, orders, and judgments in this Action and that all Current California Distributors will be bound by the injunctive relief set forth in Section 7 above whether they have previously opted out or subsequently exclude themselves and withdraw or not;

9.1.11. Require any Settlement Class Member who wishes to object to the fairness, reasonableness or adequacy of the Settlement Agreement, to the award of Attorneys' Fees and Expenses, or to the Service Award, to submit to the Court, Class Counsel, and Defense Counsel by the Objection Date a statement of his or her objection; and

9.1.12. Establish the following:

9.1.12.1.      The date and time of the Fairness Hearing, which the Parties agree shall not be on a date or time that is less than 100 days after Preliminary Approval of the Settlement Agreement, or 90 days after notice is sent to the appropriate officials under CAFA, whichever is later;

9.1.12.2.      The date by which the Settlement Notices shall issue;

9.1.12.3.      The date by which any Exclusion Request, objections, withdrawal request, and Showing of Interest Form for employment are due.

9.2.    The Parties represent and acknowledge that each intends to implement the Settlement Agreement. The Parties shall, in good faith, cooperate and assist with and undertake all

reasonable Action and steps to accomplish all required events on the schedule set by the Court, and shall use their best efforts to implement all terms and conditions of the Settlement Agreement.

## 10.    Settlement Administration

10.1.    Subject to approval by the Court, the Settlement Administrator shall be responsible for mailing the Settlement Notices; receiving and logging all Showing of Interest Forms for Employment; researching and updating addresses through skip-traces and similar means; answering questions from Class Members; reporting on the status of the claims administration to counsel for the Parties; sending the notices required by CAFA within the appropriate time period; preparing a declaration regarding its due diligence in the claims administration process; providing the Parties with data regarding Showing of Interest Forms, and Exclusion Requests; distributing settlement checks; reporting and paying, as necessary, applicable taxes on settlement payments; and doing such other things as the Parties may direct. The Settlement Administrator shall maintain all such information in confidence; access shall be limited to those with a need to use this information as part of the administration of the Settlement, and transmission shall be through use of a secure, password-protected file.

10.2.    Within seven (7) days after the Court's Preliminary Approval, Defendants will provide to the Settlement Administrator a database listing of the names, last known addresses, dates contracted by Class Members/FLSA Plaintiffs during the Covered Period, and social security numbers or dates of birth of the Class Members/FLSA Plaintiffs.

10.3.    The Settlement Administrator will perform the following functions in accordance with the terms of this Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order and Judgment:

10.3.1. Provide for the Settlement Notices (with the Fairness Hearing dates) to be sent by mail and email (if available) to all applicable Class Members/FLSA Plaintiffs that can be identified through a reasonable effort;

10.3.2. Provide to Defense Counsel and Class Counsel, 14 days after the first mailing of the Settlement Notices and then updated every 14 days thereafter: (i) a list of the names and addresses of all Class Members/FLSA Plaintiffs (a) whose Settlement Notices have been returned to the Settlement Administrator as undeliverable, along with a report indicating steps taken by the Settlement Administrator to locate updated address information for such Class Members/FLSA Plaintiffs and to resend the Settlement Notices, and (b) whose Settlement Notices have been forwarded to an updated address by the United States Postal Service; (ii) a separate list of the names and addresses of all Settlement Class Members who are not the Named Plaintiff who have submitted documents indicating that they wish to object to the settlement; (iii) a separate list of the names and addresses of all Settlement Class Members who are not the Named Plaintiff who have submitted documents indicating that they wish to challenge the payment calculations along with copies of all such documents; and (iv) a separate list of the names of Class Members/FLSA Plaintiffs who have submitted a Showing of Interest Form by the end of the Notice Period.

10.3.3. Process challenges to the payment calculations and process objections to the Settlement in accordance with this Settlement Agreement;

10.3.4. Mail settlement payments to Settlement Class Members, as ordered by the Court in the Proposed Final Approval Order, in accordance with this Settlement Agreement;

10.3.5. Mail or otherwise transmit funds for the *Maciel* PAGA Action following approval of both this Action and the *Maciel* settlement agreement;

10.3.6. Mail or otherwise transmit payment(s) for Attorneys' Fees and Costs to Class Counsel, as ordered by the Court in the Final Approval Order and as directed by Defendants, in accordance with the Settlement Agreement;

10.3.7. Mail Service Awards to Named Plaintiffs, as ordered by the Court in the Final Approval Order;

10.3.8. Establish, designate, and maintain a Settlement Fund for the Lawsuit as a "qualified settlement fund" under Internal Revenue Code § 468B and Treasury Regulation § 1.468B-1;

10.3.9. Maintain the assets of the Settlement Fund in a non-interest-bearing escrow account segregated from the assets of Defendants and any person related to Defendants;

10.3.10.    Prepare and file federal income tax returns for the Settlement Fund, as well as any other tax filings the Settlement Fund must make under federal, state, or local law;

10.3.11.    Prepare, file, and issue all necessary tax reporting forms for the Settlement Fund regarding the distribution of payments to the Settlement Class Members, Class Counsel, and Named Plaintiff as set forth herein;

10.3.12.    Provide Defendants with copies of all tax reporting and filings made for the Settlement Fund, including copies of the checks and the IRS Forms 1099 issued, and any other documentation to show that the tax reporting and filings were timely transmitted to the claimants and the applicable taxing authorities;

10.3.13.    Pay any additional tax liabilities (including penalties and interest) that arise from the establishment and administration of the Settlement Fund solely from the assets of the Settlement Fund without any recourse against Defendants for additional monies;

10.3.14. Liquidate any remaining assets of the Settlement Fund after all payments to the Settlement Class Members, FLSA Plaintiffs, Named Plaintiffs, Class Counsel, and payments pursuant to the *Maciel* PAGA settlement agreement have been made and all tax obligations have been satisfied, and distribute all unclaimed funds to the *cy pres* designee approved by the Court or to the State of California unclaimed property fund. The parties agree to propose that the money go 50-50 (half and half) to San Diego Legal Aide Society and Refugee Net, a local non-profit working with refugee children, respectively.

10.3.15. Notify the Parties that the Settlement Fund will be terminated unless the Parties contact the Settlement Administrator within ten business days.

10.4. The Parties will be jointly responsible for providing the Settlement Administrator with the necessary information to facilitate notice and claims administration (including, but not necessarily limited to, the full legal name, last known address, email address (if available), and dates of contract of Named Plaintiffs, FLSA Plaintiffs, and Class Members).

10.5. In the event a Settlement Class Member disputes the accuracy of information upon which settlement payments are calculated, the Parties agree that Defendants' business records will be conclusive as to the dates a Settlement Class Member was a distributor. The Settlement Administrator will resolve any disputes regarding dates based on the records provided to it.

10.6. The Settlement Administrator will calculate settlement payments to each Settlement Class Member under this Settlement Agreement and provide this information to the Class Counsel for review before sending out notice or processing the settlement checks.

10.7. Defendants acknowledge that they are responsible for ensuring that notice is mailed to the appropriate entities pursuant to CAFA and agree to ensure this notice is sent timely and in the manner prescribed by law.

10.8.   The costs of notice and administration of the settlement will be paid from the Settlement Fund. Such costs are currently estimated to not exceed $30,000.

## 11.   Notice to the Settlement Class, Objection, Exclusion and Withdrawal Rights

11.1.   Within two weeks of the date the Court grants Preliminary Approval of the Settlement, as the Court may direct, the Parties shall cause the Settlement Notices to be disseminated pursuant to the Notice Program, in a manner that comports with constitutional due process and the requirements of Rule 23, as set forth below:

11.1.1. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 1A to be sent to Current Distributor Class Members who are not a Named Plaintiff or FLSA Plaintiff;

11.1.2. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 1B to be sent to former distributor Class Members who are not a Named Plaintiff or FLSA Plaintiff;

11.1.3. The Settlement Administrator shall cause the Settlement Notice in form of Exhibit 2A to be sent to Current Distributor FLSA Plaintiffs/Class Members;

11.1.4. The Settlement Administrator shall cause the Settlement Notice in form of Exhibit 2B to be sent to former Distributor FLSA Plaintiffs/Class Members;

11.1.5. The Settlement Administrator shall cause the Settlement Notice in the form of Exhibit 3 to be sent to the current FLSA Plaintiff who is not also a Class Member (specifically Trevor Wells).

11.2.   The Settlement Administrator shall cause the Showing of Interest Form in form of Exhibit 4 to be sent to all Current and former California Distributors during the Covered Period.

11.3.    The Parties agree that all Class Members and FLSA Plaintiffs who are not the Named Plaintiffs who receive Settlement Notices in the form of Exhibit 1A, 1B, 2A, 2B, and 3 shall have a period of sixty (60) days to file any Exclusion Request or objection.

11.4.    The Parties agree that all FLSA Plaintiffs (who are not Named Plaintiffs) shall have a period of sixty (60) days to contact Class Counsel in writing to withdraw from the Action and not participate in the Settlement should they wish to do so.

11.5.    The Parties agree that all Current and former California Distributors during the Covered Period shall have a period of sixty (60) days to submit their Showing of Interest Form to the Settlement Administrator.

11.6.    The Parties agree that the Settlement Administrator shall also send a Reminder Notice in the form attached as Exhibit 5 to any Current and former California Distributor during the Covered Period who has not submitted the Showing of Interest Form reminding them of the upcoming deadline for the same.

11.7.    The Settlement Notices attached in the form of Exhibits 1A, 1B, 2A, 2B, and 3 shall comply with the requirements of Rule 23 and shall:

11.7.1. contain a short, plain statement of the background of the Action and the proposed Settlement;

11.7.2. describe the proposed Settlement relief as set forth in this Settlement Agreement, including the requests of Class Counsel for Attorneys' Fees and Costs and Service Awards as described in this Settlement Agreement;

11.7.3. inform Class Members that, if they do not exclude themselves from the Settlement, they will be eligible to receive relief;

11.7.4. include a prominent statement that exercising the right to exclude/opt out does not result in the Class Member or FLSA Plaintiff retaining a territory or territories upon Final Approval, and that any challenge to termination of the Distributor Agreement should be made via an objection.

11.7.5. describe the procedures for participating in the settlement and advising recipients of this Notice of their rights, including their right to exclude themselves from the settlement (except for the injunctive relief set forth in Section 7 above), or object to the settlement;

11.7.6. explain the scope of the Release, and the impact of the proposed Settlement Agreement on any existing litigation, arbitration or other proceeding;

11.7.7. state that any relief to Class Members under the Settlement Agreement is contingent on the Court's Final Approval of the proposed Settlement Agreement and the approval of the *Maciel* PAGA settlement agreement;

11.7.8. explain that Counsel for the Parties may not advise on the tax consequences of participating or not participating in the settlement;

11.7.9. explain the procedures for excluding/opting out of the settlement and specify that so- called "mass" or "class" opt-outs shall not be allowed;

11.7.10.    explain the current estimated settlement payment the Settlement Class Member is expected to receive under the Settlement Agreement; and

11.7.11.    provide that any objection to the Settlement Agreement and any papers submitted in support of said objection will be considered only if the Settlement Class Member making an objection is not a Named Plaintiff and has submitted timely notice of his or her intention to do so, with the grounds for the objection and all supporting papers for the

objection, and has served copies of such papers on Class Counsel and Defense Counsel on or before the Objection Date, as specified in the Settlement Notice.

11.8.    Any Settlement Class Member who intends to object to any aspect of the settlement, including the requested Attorneys' Fees and Costs, or Service Award, must do so on or before the Objection Date. To object, the Settlement Class Member must file a written objection with the Court on or before the Objection Date and serve it via first-class mail on Class Counsel and Defense Counsel and include: the name, address, telephone number, and email address of the objector and, if represented by counsel, of his/her counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and include all supporting documents. An objecting Settlement Class Member must also state whether he/she intends to appear at the Fairness Hearing, either with or without counsel. Any Settlement Class Member who fails to file and timely submit and serve a written objection in accordance with this Settlement Agreement shall not be permitted to object to the approval of the Settlement Agreement at the Fairness Hearing. The Parties may seek leave of court to take discovery on an expedited basis regarding the objection from the objector and related third parties. Should the Court require procedures for objections that differ from the provisions of this paragraph, the provisions of paragraph 4.4 will not apply to nullify this Settlement.

11.9.    Prior to the Fairness Hearing, the Parties shall provide to the Court documentation that the Settlement Notices were provided in accordance with the Notice Program.

11.10.   A Class Member, including an FLSA Plaintiff who is also a Class Member (but who is not a Named Plaintiff) who wishes to file an Exclusion Request must do so on or before the Exclusion Date. To exclude himself or herself from the settlement (except for the injunctive relief set forth in Section 7 above), the applicable Class Member must complete and send to the

Settlement Administrator an Exclusion Request as set forth herein that is emailed or post-marked no later than the Exclusion Date. The Exclusion Request must be personally signed by the applicable Class Member requesting exclusion; contain the Class Member's full name, address, and phone number; and contain a statement that indicates a desire to be excluded from the Settlement Class. So-called "mass" or "class" exclusions on behalf of multiple individuals or groups shall not be allowed. Should the Court require procedures for exclusions that differ from the provisions of this paragraph, the provisions of paragraph 4.4 will not apply to nullify this Settlement.

11.11.  An FLSA Plaintiff, including FLSA Plaintiffs who are also Class Members (but who are not a Named Plaintiff), who does not want to participate in the settlement must contact Class Counsel in writing and notify them that they want to withdraw by the Withdrawal Date. Any Exclusion Request filed by an FLSA Plaintiff shall be deemed a concurrent notice of intent to withdraw.

11.12.  Except for those Class Members and applicable FLSA Plaintiffs who are also Class Members who timely and properly file an Exclusion Request, as applicable, and all FLSA Plaintiffs who submit a notice of intent to withdraw to Class Counsel by the Withdrawal Date, all other Class Members and FLSA Plaintiffs, including those who do not respond to the Notice, will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Settlement Effective Date, will be bound by its terms and conditions and the release of claims described therein and will be bound by the judgment dismissing this Action on the merits. All Current Distributor Class Members and FLSA Plaintiffs, whether they file an Exclusion Request and withdraw or not, will be bound by the injunctive relief set forth in Section 7 above upon the Settlement Effective Date.

11.13.  Any Class Member (including any FLSA Plaintiff who is also a Class Member) who is not also a Named Plaintiff who properly files an Exclusion Request excluding himself or herself from the Settlement Class shall: (a) not be bound by any orders or judgments entered in the Action relating to the settlement, including but not limited to the Release of Claims, except for the injunctive relief set forth in Section 7 above; and (b) not be entitled to object to any aspect of the settlement. For any Class Member who files an Exclusion Request, the statute of limitations for the Class Member's claims will begin to run again upon the Settlement Effective Date. The statute of limitations will similarly begin to run for any FLSA Plaintiff who withdraws from the Action as well as any FLSA Plaintiff/Class Member who both withdraws from the Action and files an Exclusion Request.

## 12.    Payment from the Settlement Fund

12.1.    All settlement payments made to Settlement Class Members under this Settlement Agreement shall be considered non-employee compensation to those individuals.

12.2.  For tax reporting purposes, Defendants, or as applicable the Settlement Administrator, shall report all settlement payments made to Settlement Class Members as non-employee compensation to the Settlement Class Members receiving settlement payments.

12.3.    The Parties acknowledge that neither side is providing tax advice or representations to the other with respect to any aspect of this Settlement and the respective parties will all seek their own independent tax advice as appropriate.

12.4.    Settlement Class Members will be responsible for reporting such amounts on their tax returns and paying all applicable taxes on such amounts. The parties each agree to hold one another, Class Counsel and the Settlement Administrator harmless from any and all liability that

may result from, or arise in connection with their failure to file and pay any required taxes on any amounts paid or received pursuant to this settlement.

12.5.    In the event the Action, including the consolidated *Maciel* PAGA claim, is not finally dismissed or is vacated or reversed on appeal, all Settlement Funds shall be immediately returned to Defendants. No Settlement Funds shall be disbursed from the Settlement Fund until the Settlement Effective Date.

## 13.    Settlement Fund Allocation

13.1.    No Settlement Class Member will be required to submit a claim form to receive a share of the Settlement Fund.

13.2.    Settlement Class Members who are FLSA Plaintiffs and who operate multiple territories shall collect monies allocated to alleged overtime on only one territory, which will be the territory that has the highest total alleged overtime damages during the recovery period as determined by Class Counsel.

13.3.    The Parties will agree upon an allocation formula that recognizes pro rata alleged damages of each Settlement Class Member based on the number of weeks under contract as a Distributor (either individually or through a business entity). Of the net settlement amount to go to Settlement Class Members after, for example, Attorneys' Fees and Costs, administrative expenses, Named Plaintiffs' service awards, and the PAGA distribution are paid, the Settlement Funds will be allocated 20% to FLSA Damages to be shared pro rata among the FLSA Plaintiffs based on eligible FLSA workweeks and 80% as class damages to be shared pro rata among the Settlement Class Members based on eligible workweeks.

13.4.    Checks will be negotiable for 180 days. Both ninety (90) days after mailing and again one hundred and twenty (120) days after mailing, the Settlement Administrator will review

the Settlement Fund account for uncashed checks and attempt to contact each Settlement Class Member who has not cashed her or his check to remind them of the negotiable period. Class Counsel will also be informed of the individuals who have not cashed their checks so they can make appropriate outreach. If the Settlement Class Member requests a new check, the Settlement Administrator will void the original check and reissue a check negotiable through the end of the 180 day period or for 30 days, whichever is greater. In the event there are unclaimed funds, they shall be paid to the Court-designated *cy pres* beneficiaries.

13.5.   The Named Plaintiffs may petition the Court for approval of a Service Award in the amount not to exceed $25,000 in recognition of their time and efforts in serving the Class by helping Class Counsel formulate claims and assisting in the Action and settlement process. This Service Award is separate from and in addition to the shares of the Settlement Fund that the Named Plaintiffs may be eligible to receive as a Settlement Class Member. As a condition of receiving such Service Award, Named Plaintiffs agree that they may not exclude themselves from this settlement and agree to sign a general release of all claims as discussed more fully above. Final approval of the Settlement Agreement is not contingent upon the Court granting the requested Attorneys' Fees and Costs and Service Award in full.

13.6.   Defendants and Defense Counsel will cooperate with the Settlement Administrator and Class Counsel to provide information from Defendants' records for purposes of locating Settlement Class Members and in determining the values to be used in calculating each Settlement Class Member's share of the Settlement Fund.

## 14.   Attorneys' Fees and Costs

14.1.   Class Counsel agrees to make an application to the Court for an award of Attorneys' Fees and Costs in this Action which will be paid from the Settlement Fund. If awarded by the

Court, Defendants shall pay Class Counsel, either directly or indirectly through the Settlement Administrator, the Attorneys Fees and Costs no later than twenty business days of the Settlement Effective Date. Class Counsel may elect to allocate a portion of the awarded attorneys' fees and litigation costs to a Qualified Settlement Fund.

## 15.    Miscellaneous Provisions

15.1.    The Parties agree that maximum participation in the settlement is essential. Accordingly, Defendants reserve the right, at their sole discretion, to void the Settlement Agreement by the date the Court sets for filing the motion for Final Court Approval, if 3% or more of the Class Members exclude themselves from the settlement. Alternatively, if 3% or more of the Class Members exclude themselves from the settlement, the parties may meet and confer on a pro rata reduced distribution for the remaining Class Members/FLSA Plaintiffs taking into account such opt-outs and the pro rata distribution that they would have otherwise received from the Common Fund.

15.2.    The Parties agree to take all steps as may be reasonably necessary to secure approval of the Settlement Agreement, to the extent not inconsistent with its terms, and, if necessary, appellate approval of the Settlement Agreement in all respects. The Parties and their counsel also agree not to take any action to encourage any Class Members or FLSA Plaintiffs to opt out of and/or object to the Settlement.

15.3.    The parties believe this Settlement is a fair, adequate and reasonable settlement of the Action and have arrived at this Settlement after arms-length negotiation between counsel for both sides, taking into account all relevant factors, present and potential.

15.4.    The signatories hereto hereby represent that they are fully authorized to enter this Settlement Agreement and bind the Parties hereto to the terms and conditions hereof.

15.5.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to implement this Settlement Agreement and the terms and conditions set forth herein.

15.6.    Class Counsel will use their best efforts for, will cooperate with Defense Counsel on, and will exercise good faith in obtaining the most participation possible in the settlement.

15.7.    As soon as practicable after execution of this Settlement Agreement, Class Counsel shall, with the assistance and cooperation of Defendants and Defense Counsel, take all necessary steps to secure the Court's Final Court Approval of this Settlement Agreement.

15.8.    The Parties agree to a stay of all proceedings in the Action, except such proceedings as may be necessary to complete and implement the Settlement Agreement, pending Final Court Approval of the Settlement Agreement. The Court ordered this at the last status conference.

15.9.    Except as otherwise expressly provided herein (including in the Exhibits attached), this Settlement Agreement shall be interpreted and enforced under federal law and under the laws of the State of California without regard to its conflicts of law provisions.

15.10.  Upon stipulation or with Court approval, the Parties may alter the above dates or time periods. The Parties may also make other non-substantive revisions to the Settlement Notice, Reminder Notice, or other documents as necessary.

15.11.  All the Parties acknowledge that they have been represented by competent, experienced counsel throughout all arms-length negotiations which preceded the execution of this

Settlement Agreement and that this Settlement Agreement is made with advice of counsel who have jointly prepared this Settlement Agreement.

15.12.  The terms of this Settlement Agreement are confidential until it is filed with the Court, unless otherwise agreed to by the Parties.

15.13.  The Parties to this Settlement Agreement participated jointly in its negotiation and preparation. Accordingly, it is agreed that no rule of construction will apply against any Party or in favor of any Party, and any uncertainty or ambiguity will not be interpreted against one Party and in favor of the other.

15.14.  The terms and conditions of this Settlement Agreement, along with the settlement agreement in the *Maciel* PAGA Action that the Parties have agreed to enter into, constitute the exclusive and final understanding and expression of all agreements between the Parties with respect to the resolution of the Action. The Named Plaintiffs, on their own behalf and on behalf of the Settlement Class they represent, and Defendants accept entry of this Settlement Agreement based solely on its terms, and not in reliance upon any representations or promises other than those contained in this Settlement Agreement. This Settlement Agreement may be modified only in writing and signed by the signatories hereto and approved by the Court.

15.15.  This Settlement Agreement and the attachments hereto, including the settlement agreement in the *Maciel* PAGA Action, contains the entire agreement between the Parties relating to the Settlement Agreement and transaction contemplated hereby, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or a party's legal counsel, are merged into this Settlement Agreement and the *Maciel* settlement agreement. No rights may be waived except in writing. Notwithstanding the foregoing, however, and except as otherwise stated herein, nothing in this

Settlement Agreement or the underlying Term Sheet shall otherwise affect or alter the rights and obligations of the Parties, including Class Members and FLSA Plaintiffs (and their respective business entities), as set forth in their Distributor Agreements, including the obligation to sign any required documents set forth therein at the time of repurchase.

15.16.  This Settlement Agreement may be executed in one or more actual or electronically reproduced counterparts, all of which will be considered one and the same instrument and all of which will be considered duplicate originals.

15.17.  In the event one or more of the provisions contained in this Settlement Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect the same shall not affect any other provision of this Settlement Agreement but this Settlement Agreement shall be construed as if such invalid, illegal, or unenforceable provisions had never been contained herein.

15.18.  This Settlement Agreement shall be binding upon the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

15.19.  In the event of conflict between this Settlement Agreement and any other document prepared pursuant to the settlement, the terms of the Settlement Agreement supersede and control. Captions in this Settlement Agreement are for convenience and do not in any way define, limit, extend, or describe the scope of this Settlement Agreement or any provision in it.

15.20.  Unless otherwise stated herein, any notice to the Parties required or provided for under this Settlement Agreement will be in writing and may be sent by electronic mail, hand delivery, or U.S. mail, postage prepaid, as follows:

| If to Class Counsel | If to Defense Counsel |
|---|---|
| Shaun Markley | Jared Palmer, Esq. |
| NICHOLAS & TOMASEVIC, LLP | OGLETREE, DEAKINS, NASH, SMOAK |
| 225 Broadway, 19th floor | & STEWART, P.C. |

San Diego, CA 92101                    One Embarcadero Center, Suite 900
                                       San Francisco, CA 94111

## 16.    Named Plaintiffs' Certification

The Named Plaintiffs hereby certify that:

a)    They have signed this Settlement Agreement voluntarily and knowingly in exchange for the consideration described herein, which Named Plaintiffs acknowledges is adequate and satisfactory and beyond that to which Named Plaintiffs is otherwise entitled;

b)    Named Plaintiffs have been advised by Class Counsel and have consulted with Class Counsel before signing this Settlement Agreement and sign it voluntarily; and

c)    Named Plaintiffs have been given adequate time to review and consider this Settlement Agreement and to discuss it with Class Counsel. Neither Defendants nor any of the Releasees have made any representations to Named Plaintiff concerning the terms or effects of this Settlement Agreement other than those contained herein.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

Dated: Oct 16, 2023 _____

Named Plaintiff Daniel Ludlow

_Daniel Ludlow (Oct 16, 2023 15:33 PDT)_

Dated: Oct. 16, 2033 _____

Named Plaintiff William Lancaster

_William lancaster (Oct 16, 2023 16:09 PDT)_

Named Plaintiff Jose Maciel

Dated: Oct 16, 2023 _____

_____
Jose Maciel (Oct 16, 2023 15:41 PDT)

Defendant Flowers Foods, Inc.

Dated: 10/16/2023 _____

By: _Stephanie Tillman_____
36656FCD19F640B...

Its: Chief Legal Counsel _____

Defendant Flowers Bakeries, LLC

Dated: 10/16/2023 _____

By: _Stephanie Tillman_____
36656FCD19F640B...

Its: Assistant Secretary _____

Defendant Flowers Finance, LLC

Dated: 10/16/2023 _____

By: _Stephanie Tillman_____
36656FCD19F640B...

Its: Assistant Secretary _____

Flowers Baking Co. of Henderson, LLC

Dated: 10/16/2023 _____

By: _Stephanie Tillman_____
36656FCD19F640B...

Its: Assistant Secretary _____

DocuSign Envelope ID: 5E9019CD-648E-4950-8260-75EAE9988467

Flowers Baking Co. of Modesto, LLC

Dated: 10/16/2023

By: Stephanie Tillman

Its: Assistant Secretary

## **EXHIBIT 1A**

## **Notice to Current Distributor Class Members Who Are Not a Named Plaintiff or FLSA Plaintiff**

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Jose Maciel, et al. v. Flowers Foods, Inc., et al*., 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Current Distributor With Flowers/Henderson or Flowers/Modesto Working In California, You Could Get A Payment From A Class Action Settlement.

# Flowers/Henderson or Flowers/Modesto Will Repurchase Your Distribution Rights and Your Distributor Agreement(s) Will End. You Will Then Be Able to Work for a Flowers Company As An Employee Provided You Are Interested, Otherwise Qualify for Employment, and Complete All Documentation Required for Employment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement. \*Importantly, this DOES NOT include any amount you will receive from the repurchase of your distribution rights as described below. This will be a separate payment.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") have sued Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations but have agreed to settle the lawsuit.

- If approved by the Court, the settlement will accomplish two things. First, it will provide a fund to pay claims for those individuals who, either individually or through a business entity, were or are distributors in California from June 6, 2014 – October 25, 2023 and who do not exclude themselves from the settlement (discussed further below). Your estimated share is listed above. You may forego this amount by excluding yourself.

- Second, Flowers is also repurchasing the distribution rights you own (i.e. your territory or territories), either individually or through any business entity. The distribution rights will be repurchased for the purchase price of thirteen (13) times the average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory note to FLO-FIN or any third-party lender. Upon repurchase, the Distributor Agreement(s) under which you or your business operate(s) will be terminated and you may elect to work for a Flowers Company as an employee provided you are interested, otherwise qualify for employment, and complete all documentation required for employment. As discussed below, this provision applies whether or not you exclude yourself from the settlement.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

Exhibit 1A

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in this lawsuit.<br><br>Within the timeframe discussed below (referred to as the Buy Back Schedule), Flowers will repurchase your Distribution Rights and your Distributor Agreement(s) will end. You may choose to then operate as an employee for a Flowers Company provided you are interested, otherwise qualify for employment, and complete all documentation required for employment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement, except as otherwise provided below. You also will not give up any claims that you may have against Defendants. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement."<br><br>**IMPORTANT**: if you exclude yourself from the settlement, Flowers will still repurchase your Distribution Rights and your Distributor Agreement(s) will end in the timeframe outlined below. You will then have the opportunity to work for the applicable Flowers Entity as an employee, provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.<br><br>**\*Exercising the right to exclude yourself will not result in you retaining your distribution rights. To challenge the settlement, you must file an objection.** |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself.. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## Table of Contents

**Basic Information** ........................................................................................................................ 3
   **1. Why did I receive this notice?** ............................................................................................ 3
   **2. What are these lawsuits about?** ........................................................................................... 4
   **3. What is a class action and who is involved?** ....................................................................... 4
**Who is in the Settlement?** ........................................................................................................... 4

4. Who is included in the class under the settlement? ........................................................................4

**The Settlement Benefits—What do you get?** ................................................................................ 4
5. What does the settlement provide? ..............................................................................................4
6. What can I get from the settlement? ............................................................................................5
7. What if I disagree with my payment? ..........................................................................................5

**How You Get a Payment** ................................................................................................................ 5
8. How can I get a payment? ............................................................................................................5
9. When would I get my payment? ...................................................................................................5
10. What am I giving up by staying in the class and getting a payment? ........................................6

**Buy Back Schedule and Employment** ............................................................................................ 6
11. What is the Buy Back Schedule and employment opportunity for current distributors? ...........6

**Excluding Yourself from the Settlement** ........................................................................................ 6
12. How do I exclude myself from this settlement? ..........................................................................6
13. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement? ........7
14. If I exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)? ...7

**The Lawyers Representing You** ..................................................................................................... 7
15. Do I have a lawyer in this case? .................................................................................................7

**Objecting to the Settlement** .......................................................................................................... 7
16. How do I tell the Court that I don't like the settlement? ............................................................8
17. What's the difference between objecting and excluding? ..........................................................8

**The Court's Fairness Hearing** ...................................................................................................... 8
18. When and where will the Court decide whether to approve the settlement? ..............................9
19. Do I have to come to the hearing? ..............................................................................................9
20. May I speak at the Fairness Hearing? ........................................................................................9

**Getting More Information** .............................................................................................................. 9
21. Are there more details about the settlement? .............................................................................9

# Basic Information

| 1. Why did I receive this notice? |
|---|

You are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014 –October 25, 2023. The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past. The Court sent you this Notice because you have a right to know about this proposed settlement and about your options before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

**2. What are these lawsuits about?**

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims").

Defendants oppose the lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

**3. What is a class action and who is involved?**

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued—and all Class Members like them—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the settlement. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Pages 6-7 of this Notice explains how to exclude yourself from the Class. However, please note that, as explained above, opting out of the settlement will **not** mean you can continue to operate as an independent contractor. Flowers is repurchasing the territories regardless of whether you participate in the settlement, opt-out, or otherwise.

# Who is in the Settlement?

**4. Who is included in the class under the settlement?**

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014 –October 25, 2023.

# The Settlement Benefits—What do you get?

**5. What does the settlement provide?**

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Awards to the Class Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, as discussed below, Flowers/Modesto or Flowers/Henderson will repurchase the distribution rights of all current distributors operating out of warehouses in California, and the Distributor Agreements will end. These current California distributors may choose to work for a Flowers Company as an employee, provided that they are interested, otherwise qualify for employment, and complete all documentation required for employment.

## 6. What can I get from the settlement?

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

## 7. What if I disagree with my payment?

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

## 8. How can I get a payment?

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Ludlow Class Action Settlement
> [Insert Claims Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

## 9. When would I get my payment?

The Court will hold a hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in _____. However, if there are appeals, it may take time to resolve them.

**10. What am I giving up by staying in the class and getting a payment?**

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement. By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at _____.

# Buy Back Schedule and Employment

**11. What is the Buy Back Schedule and employment opportunity for current distributors?**

For all current distributors, whether you opt-out or not, Flowers/Henderson or Flowers/Modesto will repurchase (i.e. buy back) your Distribution Rights (*i.e.* territory (ies)) at thirteen (13) times average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory notes issued by FLOFIN or any third-party lender. At the time of repurchase, distributors and Flowers/Henderson or Flowers/Modesto shall settle outstanding debits and credits in accordance with normal settlement procedures. Until the date of repurchase, all terms and conditions of the Distributor Agreement shall remain in full force and effect.

A Flowers Company will determine the order in which the California distributors will be converted and distribution rights will be repurchased. Initial distributors will be converted within 30 days of the Court's Final Approval the settlement. Thereafter, the Flowers Company will work to convert all distributors within 12 months of Final Approval. An extended conversion schedule may be implemented if more than 20% of distributors indicate they are not interested in the employment opportunity. More information regarding this Buy Back is outlined in Section 7 of the Settlement Agreement.

Upon the repurchase date, your Distributor Agreement(s) will end and you may then choose to work as an employee for the applicable Flowers Entity provided that you are interested, otherwise qualify for employment, and complete all documentation required for employment.

You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment with a Flowers Company. You will be receiving more information about the employment opportunity in the near future.

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Flowers on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

Importantly, excluding yourself from the settlement does not exclude you from the Buy Back. Your Distributor Agreement(s) will end regardless. This applies to all current California Distributors whether you exclude yourself and object to the Settlement or not.

**12. How do I exclude myself from this settlement?**

To exclude yourself from the settlement, you must send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [__]:

Ludlow Class Action Settlement
[Insert Claims Administrator Name]
[insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this settlement*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by the release in this case. However, excluding yourself has no impact on the Buy Back—Flowers will repurchase your distribution rights, your Distributor Agreement(s) will end, and you will have the opportunity to work for a Flowers Company as an employee provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **13. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?** |
|---|

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **14. If I exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)?** |
|---|

No and No.

If you exclude yourself, you will not receive any portion of the Settlement Fund. You also will not be able to keep your territory/territories. You will receive any net balance due to the repurchase of your distribution rights.

# The Lawyers Representing You

| **15. Do I have a lawyer in this case?** |
|---|

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about the law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

**16. How do I tell the Court that I don't like the settlement?**

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. This includes the Buy Back. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Shaun Markley                                      Jared Palmer
Nicholas & Tomasevic, LLP                          Ogletree, Deakins, Nash, Smoak
225 Broadway, 19th Floor                           & Stewart, P.C.
San Diego, CA 92101                                One Embarcadero Center
SMarkley@nicholaslaw.org*                          San Francisco, CA 94111
                                                   Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all supporting papers for the objection; and (4) a statement of whether you intend to appear the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

**17. What's the difference between objecting and excluding?**

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

**Exhibit 1A**

---

**18. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for a service payment to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

**19. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**20. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 16 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

**21. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

**EXHIBIT 1B**

**Notice to Former Distributor Class Members Who Are Not a Named Plaintiff or FLSA Plaintiff**

Exhibit 1B

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.,* Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Maciel, et al. v. Flowers Foods, Inc., et al.,* 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Former Distributor with Flowers/Henderson or Flowers/Modesto And Worked In California, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") have sued Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuit.

- If approved by the Court, the settlement will accomplish two things. First, it will provide a fund to pay claims for those individuals who were, or are, distributors in California from June 6, 2014 – October 25, 2023 and who do not exclude themselves from the settlement (discussed further below). Your estimated share is listed above. You may forego this amount by excluding yourself.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in this lawsuit. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendants. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement." |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

**Basic Information**.................................................................................................................... 2
    **1. Why did I receive this notice?** ........................................................................................2
    **2. What are these lawsuits about?** ......................................................................................3
    **3. What is a class action and who is involved?** ................................................................3

**Who is in the Settlement?** ....................................................................................................... 3
    **4. Who is included in the class under the settlement?** ......................................................3

**The Settlement Benefits—What do you get?** ....................................................................... 3
    **5. What does the settlement provide?** ...............................................................................3
    **6. What can I get from the settlement?** ............................................................................4
    **7. What if I disagree with my payment?** ..........................................................................4

**How You Get a Payment** ......................................................................................................... 4
    **8. How can I get a payment?** ............................................................................................4
    **9. When would I get my payment?** ...................................................................................5
    **10. What am I giving up by staying in the class and getting a payment?** .......................5

**Excluding Yourself from the Settlement** .............................................................................. 5
    **11. How do I exclude myself from this settlement?** .........................................................5
    **12. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?** ...........5
    **13. If I exclude myself, will I get money from this settlement?** .......................................5

**The Lawyers Representing You** ............................................................................................. 6
    **14. Do I have a lawyer in this case?** .................................................................................6

**Objecting to the Settlement** ................................................................................................... 6
    **15. How do I tell the Court that I don't like the settlement?** ............................................6
    **16. What's the difference between objecting and excluding?** ..........................................7

**The Court's Fairness Hearing** .............................................................................................. 7
    **17. When and where will the Court decide whether to approve the settlement?** ............7
    **18. Do I have to come to the hearing?** .............................................................................7
    **19. May I speak at the Fairness Hearing?** .......................................................................7

**Getting More Information** ...................................................................................................... 7
    **20. Are there more details about the settlement?** ............................................................7

# Basic Information

| 1. Why did I receive this notice? |
| --- |

You are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014— October 25, 2023. The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past.  The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the

settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What are these lawsuits about? |
|---|

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims").

Defendants oppose the lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

| 3. What is a class action and who is involved? |
|---|

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sue on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributors who sued and all Class Members like them are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the settlement. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to exclude yourself from the Class.

# Who is in the Settlement?

| 4. Who is included in the class under the settlement? |
|---|

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014—October 25, 2023.

# The Settlement Benefits—What do you get?

| 5. What does the settlement provide? |
|---|

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Award to the Class

Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, Flowers/Modesto or Flowers/Henderson will repurchase the distribution rights of all current distributors operating out of warehouses in California, and the Distributor Agreements will end. These current distributors may choose to work for a Flowers Company as an employee, provided that they are interested, otherwise qualify for employment, and complete all documentation required for employment.

As a former distributor, you will also be offered the opportunity to be an employee with the applicable Flowers Entity, provide you are interested, otherwise qualify for employment, and complete all documentation required for employment. You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment. You will be receiving more information about the employment opportunity in the near future.

**6. What can I get from the settlement?**

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

**7. What if I disagree with my payment?**

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

**8. How can I get a payment?**

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Ludlow Class Action Settlement
> [insert Claims Administrator name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

| **9. When would I get my payment?** |
|---|

The Court will hold a hearing on ▮▮▮▮▮▮ to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in ▮▮▮▮▮▮. However, if there are appeals, it may take time to resolve them.

| **10. What am I giving up by staying in the class and getting a payment?** |
|---|

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement. By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at ▮▮▮▮▮▮▮▮.

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Flowers on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

| **11. How do I exclude myself from this settlement?** |
|---|

To exclude yourself from the settlement, you must send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [▮▮]:

> Ludlow Class Action Settlement
> [Rust Consulting, an Exela Technologies Brand]
> [Insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this settlement*; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by the release in this case.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **12. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?** |
|---|

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **13. If I exclude myself, will I get money from this settlement?** |
|---|

No. If you exclude yourself, you will not receive any portion of the Settlement Fund because of this settlement.

# The Lawyers Representing You

| **14. Do I have a lawyer in this case?** |
|---|

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about the law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **15. How do I tell the Court that I don't like the settlement?** |
|---|

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

> Clerk of the Court
> U.S. District Court for the Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

> Shaun Markley
> Nicholas & Tomasevic, LLP
> 225 Broadway, 19th Floor
> San Diego, CA 92101
> SMarkley@nicholaslaw.org *

> Jared Palmer
> Ogletree, Deakins, Nash, Smoak
> & Stewart, P.C.
> One Embarcadero Center, Suite 900
> San Francisco, CA 94111
> Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all supporting papers for the objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

\*

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

| **16. What's the difference between objecting and excluding?** |
|---|

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

| **17. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

| **18. Do I have to come to the hearing?** |
|---|

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **19. May I speak at the Fairness Hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 15 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **20. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

## **EXHIBIT 2A**

## **Notice to Current Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff**

**Exhibit 2A**

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Jose Maciel, et al. v. Flowers Foods, Inc., et al.*, 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Current Distributor With Flowers/Henderson or Flowers/Modesto Working in California And Are An FLSA Plaintiff,[1] You Are Eligible To Receive A Settlement Payment.

# Under the Settlement, Flowers/Henderson or Flowers/Modesto Will Repurchase Your Distribution Rights and Your Distributor Agreement(s) Will End. You Will Then Be Able to Work for a Flowers Company As An Employee Provided You Are Interested, Otherwise Qualify for Employment, And Complete All Documentation Required for Employment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

**\*Importantly, this DOES NOT include any amount you will receive from the repurchase of your distribution rights as described below. This will be a separate payment.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC (Flowers/Modesto) have sued Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuits.

- If approved by the Court, the settlement will accomplish two things. First, it will provide a fund to pay claims for those individuals who, either individually or through a business entity, were or are distributors in California from June 6, 2014 –October 25, 2023 and who do not withdraw and exclude themselves from the settlement (discussed further below). Your estimated share is listed above. You may forego this amount by excluding yourself.

- **Second, Flowers is also repurchasing the distribution rights you own (i.e. your territory or territories), either individually or through any business entity. The distribution rights will be repurchased for the purchase price of thirteen (13) times the average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory note to FLO-FIN or any third-party lender. Upon repurchase, the Distributor Agreement(s) under which you or your business operate(s) will be terminated and you may elect to work for a Flowers Company as an employee provided you are interested, otherwise qualify for employment, and complete all documentation required for**

---

[1] "FLSA Plaintiff" means that you filed an opt-in consent form to assert claims under the federal Fair Labor Standards Act ("FLSA").

**employment. As discussed below, this provision applies whether or not you exclude yourself from the settlement.**

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **DO NOTHING** | You will get a payment for settlement of your Fair Labor Standard Act (FLSA) and California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in these lawsuits.<br><br>Within the timeframe discussed below (referred to as the Buy Back Schedule), Flowers/Henderson or Flowers/Modesto will repurchase your Distribution Rights and your Distributor Agreement(s) will end. You may choose to then operate as an employee for a Flowers Company provided you are interested, otherwise qualify for employment, and complete all documentation required for employment. |
| **WITHDRAW AND EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement, except as otherwise provided below. You also will not give up any claims that you may have against Defendants. To withdraw and exclude yourself from the settlement, you must: (1) contact Class Counsel and let them know you wish to withdraw; and (2) send a letter to the Settlement Administrator by [date] indicating that you wish to exclude yourself from the settlement. Please see the instructions below under "Withdrawing and Excluding Yourself from the Settlement." As noted below, any Exclusion Request also acts as a request for withdrawal.<br><br>**IMPORTANT:** if you withdraw and exclude yourself from the settlement, Flowers/Henderson or Flowers/Modesto will still repurchase your Distribution Rights and your Distributor Agreement(s) will end in the timeframe outlined below. You will then have the opportunity to work for the applicable Flowers Entity as an employee, provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.<br><br>*Exercising the right to exclude yourself will not result in you retaining your distribution rights. To challenge the settlement, you must file an objection. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not withdraw and exclude yourself. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

**Basic Information**................................................................................................................**3**
    1. Why did I receive this notice? ..............................................................................3
    2. What are these lawsuits about? ...........................................................................4
    3. What is a class action and who is involved?........................................................4

**Who is in the Settlement?**.......................................................................................**4**
    4. Who is included in the class under the settlement?...........................................4

**The Settlement Benefits—What do you get?**.........................................................**5**
    5. What does the settlement provide?......................................................................5
    6. What can I get from the settlement? ..................................................................5
    7. What if I disagree with my payment?.................................................................5

**How You Get a Payment** ..........................................................................................**5**
    8. How can I get a payment? ...................................................................................5
    9. When would I get my payment?.........................................................................6
    10. What am I giving up by staying in the class and getting a payment? ............6

**Buy Back Schedule and Employment** ....................................................................**6**
    11. What is the Buy Back Schedule and employment opportunity for current distributors?.........6

**Withdrawing and Excluding Yourself from the Settlement** .................................**7**
    12. How do I get out of this settlement? ................................................................7
    13. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?...7
    14. If I withdraw and exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)?...................................................................................................7

**The Lawyers Representing You** ...............................................................................**8**
    15. Do I have a lawyer in this case? .......................................................................8

**Objecting to the Settlement** ....................................................................................**8**
    16. How do I tell the Court that I don't like the settlement?.................................8
    17. What's the difference between objecting and withdrawing and excluding?...9

**The Court's Fairness Hearing** ................................................................................**9**
    18. When and where will the Court decide whether to approve the settlement?...9
    19. Do I have to come to the hearing? ...................................................................9
    20. May I speak at the Fairness Hearing? ..............................................................9

**Getting More Information** .......................................................................................**9**
    21. Are there more details about the settlement? ..................................................9

# Basic Information

| 1. Why did I receive this notice? |
|---|

You are a plaintiff asserting claims under the FLSA against Defendants ("FLSA Plaintiff"). You are also eligible for a settlement of state law claims because you are an individual who, either individually or through a business entity owned by

you, signed a Distributor Agreement with Flowers/Henderson or Flowers/Modesto in California sometime between June 6, 2014 –October 25, 2023. The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past.   The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2. What are these lawsuits about?

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims"). You also joined one of these lawsuits as a plaintiff alleging Defendants violated the FLSA. You are therefore referred to as an FLSA Plaintiff.

Defendants oppose these lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

## 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued and all Class Members like them are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to withdraw and exclude themselves from the settlement. People who do not withdraw and exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Pages 6-7 of this Notice explains how to withdraw and exclude yourself from the Class. However, please note that, as explained above, opting out of the settlement will **not** mean you can continue to operate as an independent contractor. Flowers is repurchasing the territories regardless of whether you participate in the settlement, opt-out, or otherwise.

# Who is in the Settlement?

## 4. Who is included in the class under the settlement?

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Henderson or Flowers/Modesto in California sometime between June 6, 2014 – October 25, 2023.

Exhibit 2A

# The Settlement Benefits—What do you get?

| **5. What does the settlement provide?** |
| --- |

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Awards to the Class Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, as discussed below, Flowers/Henderson or Flowers/Modesto will repurchase the distribution rights of all current distributors operating out of warehouses in California, and the Distributor Agreements will end. Current California distributors may choose to work for a Flowers Company as an employee, provided they are interested, otherwise qualify for employment, and complete all documentation required for employment.

| **6. What can I get from the settlement?** |
| --- |

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

| **7. What if I disagree with my payment?** |
| --- |

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement

# How You Get a Payment

| **8. How can I get a payment?** |
| --- |

You do not need to do anything other than remain in the lawsuit (that is, you do not withdraw and exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

      Ludlow Class Action Settlement
      [Insert Claims Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

| **9. When would I get my payment?** |
| --- |

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them.

| **10. What am I giving up by staying in the class and getting a payment?** |
| --- |

Unless you exclude yourself and withdraw, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement.  By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

# Buy Back Schedule and Employment

| **11. What is the Buy Back Schedule and employment opportunity for current distributors?** |
| --- |

For all current distributors, whether you opt-out or not, Flowers/Henderson or Flowers/Modesto will repurchase (*i.e.* buy back) your Distribution Rights (*i.e.* territory (ies)) at thirteen (13) times average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory notes issued by FLOFIN or any third-party lender. At the time of repurchase, distributors and Flowers/Henderson or Flowers/Modesto shall settle outstanding debits and credits in accordance with normal settlement procedures. Until the date of repurchase, all terms and conditions of the Distributor Agreement shall remain in full force and effect.

A Flowers Company will determine the order in which the California distributors will be converted and distribution rights will be repurchased. Initial distributors will be converted within 30 days of the Court's Final Approval the settlement. Thereafter, the Flowers Company will work to convert all distributors within 12 months of Final Approval. An extended conversion schedule may be implemented if more than 20% of distributors indicate they are not interested in the employment opportunity. More information regarding this Buy Back is outlined in Section 7 of the Settlement Agreement.

Upon the repurchase date, your Distributor Agreement(s) will be end and you may then choose to work as an employee for the applicable Flowers Entity provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.

You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment for the applicable Flowers Entity. You will be receiving more information about the employment opportunity for the applicable Flowers Entity in the near future.

# Withdrawing and Excluding Yourself from the Settlement

Settlement Class members and FLSA Plaintiffs have the right to exclude themselves and withdraw from the class. You are both a Class Member and an FLSA Plaintiff.  As part of the settlement, as an FLSA Plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA claims and your state law claims but you cannot choose to participate in only one of the two.  **If you do not want to be part of the settlement, you must: (1) contact Class Counsel to withdraw as a FLSA Plaintiff; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class.** While you are requested to do both things, submitting a valid exclusion also serves as a notice of intent to withdraw, as discussed below. The deadlines for withdrawing and excluding yourself are described below.

**Importantly, withdrawing and excluding yourself from the settlement does not exclude you from the Buy Back. Your Distributor Agreement(s) will end regardless. This applies to all current California distributors whether you withdraw and exclude yourself or not.**

| **12. How do I get out of this settlement?** |
| --- |

To exclude yourself from the settlement, you must:

(1)  Contact Class Counsel to withdraw as an FLSA Plaintiff on or before [____]; **AND**

(2)  Send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [____]:

> Ludlow Class Action Settlement
> [Insert Claims Administrator Name]
> [insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this case*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw and exclude** yourself in the manner outlined above, you will remain in the settlement. While you are requested to do both things above, a valid exclusion will also serve as a concurrent notice of intent to withdraw.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **13. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?** |
| --- |

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **14. If I withdraw and exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)?** |
| --- |

No and No.

If you withdraw and exclude yourself, you will not receive any portion of the Settlement Fund.  You also will not be able to keep your territory/territories. You will receive any net balance due to the repurchase of your distribution rights.

# The Lawyers Representing You

| **15. Do I have a lawyer in this case?** |
| --- |

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about this law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **16. How do I tell the Court that I don't like the settlement?** |
| --- |

You can object to the settlement if you don't like any part of it. This includes the Buy Back. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

> Clerk of the Court
> U.S. District Court for the Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

> Shaun Markley                        Jared Palmer
> Nicholas & Tomasevic, LLP            Ogletree, Deakins, Nash, Smoak
> 225 Broadway, 19th Floor             & Stewart, P.C.
> San Diego, CA 92101                  One Embarcadero Center, Suite 900
> SMarkley@nicholaslaw.org*            San Francisco, CA 94111
>                                      Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all supporting papers for the objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

**17. What's the difference between objecting and withdrawing and excluding?**

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Withdrawing and excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you withdraw and exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

**18. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for a service payment to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

**19. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**20. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 14 above. If you have requested to withdraw and exclude yourself from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

**21. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com

# **EXHIBIT 2B**

## **Notice to Former Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff**

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Jose Maciel, et al. v. Flowers Foods, Inc., et al.*, 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Former Distributor With Flowers/Henderson or Flowers/Modesto And Are An FLSA Plaintiff,[1] You Are Eligible To Receive A Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") have sued Flowers Foods, Inc. and Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who either individually or through a business entity were or are distributors in California from June 6, 2014 –October 25, 2023 and who do not withdraw and exclude themselves from the settlement (discussed further below). Your estimated share is listed above. You may forego this amount by excluding/withdrawing yourself.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your Fair Labor Standard Act (FLSA) and California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in these lawsuits. |
| **WITHDRAW AND EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendants. To withdraw and exclude yourself from the settlement, you must: (1) contact Class Counsel and let them know you wish to withdraw; and (2) send a letter to the Settlement Administrator by [date] indicating that you wish to exclude yourself from the settlement. Please see the instructions below under "Withdrawing and Excluding Yourself from the Settlement." As noted below, any Exclusion Request also acts as a request for withdrawal. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not withdraw and exclude yourself. |

---

[1] "FLSA Plaintiff" means that you filed an opt-in consent form to assert claims under the federal Fair Labor Standards Act ("FLSA").

| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

**Basic Information** ......................................................................................................... **3**
    **1. Why did I receive this notice?** ...................................................................... 3
    **2. What are these lawsuits about?** .................................................................... 3
    **3. What is a class action and who is involved?** ............................................. 3

**Who is in the Settlement?** ........................................................................................... **4**
    **4. Who is included in the class under the settlement?** ................................. 4

**The Settlement Benefits—What do you get?** ........................................................ **4**
    **5. What does the settlement provide?** ............................................................ 4
    **6. What can I get from the settlement?** ......................................................... 4
    **7. What if I disagree with my payment?** ...................................................... 4

**How You Get a Payment** ............................................................................................ **4**
    **8. How can I get a payment?** ........................................................................... 5
    **9. When would I get my payment?** ................................................................. 5
    **10. What am I giving up by staying in the class and getting a payment?** ..... 5

**Withdrawing and Excluding Yourself from the Settlement** ............................... **5**
    **11. How do I get out of this settlement?** ........................................................ 5
    **12. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?** ...6
    **13. If I withdraw and exclude myself, will I get money from this settlement?** .......... 6

**The Lawyers Representing You** ................................................................................ **6**
    **14. Do I have a lawyer in this case?** ............................................................... 6

**Objecting to the Settlement** ....................................................................................... **6**
    **15. How do I tell the Court that I don't like the settlement?** ..................... 6
    **16. What's the difference between objecting and excluding?** ..................... 7

**The Court's Fairness Hearing** .................................................................................. **7**
    **17. When and where will the Court decide whether to approve the settlement?** ....... 7
    **18. Do I have to come to the hearing?** ........................................................... 8
    **19. May I speak at the Fairness Hearing?** ..................................................... 8

**Getting More Information** ......................................................................................... **8**
    **20. Are there more details about the settlement?** ........................................ 8

# Basic Information

| 1. Why did I receive this notice? |
|---|

You are a plaintiff asserting claims under the Fair Labor Standards Act ("FLSA") against Defendants ("FLSA Plaintiff"). You are also eligible for a settlement of state law claims because you are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Flowers/Henderson or Flowers/Modesto in California sometime between June 6, 2014 –October 25, 2023 ("class member"). The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What are these lawsuits about? |
|---|

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims"). You also joined one of these lawsuits as a plaintiff alleging Defendants violated the FLSA. You are therefore referred to as an FLSA Plaintiff.

Defendants oppose these lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

| 3. What is a class action and who is involved? |
|---|

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued—and all Class Members like them—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to withdraw and exclude themselves from the settlement. People who do not withdraw and exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to withdraw and exclude yourself from the Class.

# Who is in the Settlement?

| **4. Who is included in the class under the settlement?** |
|---|

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers in California sometime between June 6, 2014 –October 25, 2023.

# The Settlement Benefits—What do you get?

| **5. What does the settlement provide?** |
|---|

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Awards to the Class Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, Flowers/Henderson or Flowers/Modesto will repurchase the distribution rights of all current distributors operating out warehouses in California, and the Distributor Agreements will end. These current distributors may choose to work for a Flowers Company as employees, provided they are interested, otherwise qualify for employment, and complete all documentation required for employment.

As a former distributor, you will also be offered the opportunity to be an employee with the applicable Flowers Entity, provide you are interested, otherwise qualify for employment, and complete all documentation required for employment. You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment. You will be receiving more information about the employment opportunity in the near future.

| **6. What can I get from the settlement?** |
|---|

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of class members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

| **7. What if I disagree with my payment?** |
|---|

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

**Exhibit 2B**

---

**8. How can I get a payment?**

You do not need to do anything other than remain in the lawsuit (that is, you do not withdraw and exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

>       Ludlow Class Action Settlement
>       [Insert Claims Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

---

**9. When would I get my payment?**

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them.

---

**10. What am I giving up by staying in the class and getting a payment?**

Unless you exclude yourself and withdraw, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement. By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

---

# Withdrawing and Excluding Yourself from the Settlement

Class members and FLSA Plaintiffs have the right to exclude themselves and withdraw from a class. You are both a class member and an FLSA Plaintiff. As part of the settlement, as an FLSA Plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA claims and your state law claims but you cannot choose to participate in only one of the two. **If you do not want to be part of the settlement, you must do two things: (1) contact Class Counsel to withdraw as a FLSA Plaintiff; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class**. While we request that you do both, submitting a valid exclusion also serves as a notice of intent to withdraw, as discussed below. The deadlines for withdrawing and excluding yourself are described below.

---

**11. How do I get out of this settlement?**

To exclude yourself from the settlement, you must:

>       (1) Contact Class Counsel to withdraw as an FLSA Plaintiff on or before [___]; **AND**

(2)  Send a letter by mail tor email o the Settlement Administrator at the following address, postmarked on or before
[___]:

      Ludlow Class Action Settlement
      [Insert Claims Administrator Name]
      [Insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this case*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you. A valid exclusion will serve as a notice of intent to withdraw. **You can also put in this letter that you wish to withdraw as an FLSA Plaintiff.**

If you do not **withdraw and exclude** yourself in the manner outlined above, you will remain in the settlement.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

**12. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?**

No. You are releasing all claims relating to this lawsuit through the date of final approval.

**13. If I withdraw and exclude myself, will I get money from this settlement?**

No. If you withdraw and exclude yourself, you will not receive any portion of the Settlement Fund because of this settlement.

# The Lawyers Representing You

**14. Do I have a lawyer in this case?**

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about this law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

**15. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Shaun Markley
Nicholas & Tomasevic, LLP
225 Broadway, 19th Floor
San Diego, CA 92101
SMarkley@nicholaslaw.org*

Jared Palmer
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
One Embarcadero Center, Suite 900
San Francisco, CA 94111
Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all papers supporting the objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

**16. What's the difference between objecting and excluding?**

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself and withdrawing is telling the Court that you don't want to be part of the Settlement Class. If you withdraw and exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

**17. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

**18. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**19. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 13 above. If you have requested to withdraw and exclude yourself from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

**20. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

# **EXHIBIT 3**

## **Notice to Current Distributor FLSA Plaintiff who is not also a Class Member**

Exhibit 3

### SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al., Case No. 3:18-cv-01190-JO-JLB (S.D. CA)*
*Jose Maciel, et al. v. Flowers Foods, Inc., et al., 3:20-cv-02059-JO-JLB (S.D. CA)*

# Because You Are An FLSA Opt-In Plaintiff, You Are Eligible To Receive A Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

**\*Importantly, this DOES NOT include any amount you will receive from the repurchase of your distribution rights as described below. This will be a separate payment.**

- Current and former distributors who contracted with Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") and Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") have sued Flowers Foods, Inc., Flowers Bakeries, LLC, and Flowers Finance, LLC(collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were, or are, distributors in California from June 6, 2014– October 25, 2023 and who do not withdraw and exclude themselves from the settlement (discussed further below).  Your estimated share is listed above. You may forego this amount by withdrawing yourself.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do not withdraw (as discussed below) and do nothing, you will get a payment for settlement of your Fair Labor Standard Act (FLSA) claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in these lawsuits. |
| **WITHDRAW FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement, except as otherwise provided below. You also will not give up any claims that you may have against Defendants. To withdraw from the settlement, you must do two things: (1) contact Class Counsel and let them know you wish to withdraw; and (2) send a letter to the Settlement Administrator by [date] indicating that you wish to withdraw. Please see the instructions below under "Withdrawing Yourself from the Settlement." |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not withdraw yourself. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, |

|  | you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |
|---|---|

# Table of Contents

**Basic Information**................................................................................................................ 2
   **1. Why did I receive this notice?** ................................................................................ 2
   **2. What are these lawsuits about?** .............................................................................. 3
   **3. What is a class action and who is involved?** ......................................................... 3

**Who is in the Settlement?** ...................................................................................................... 3
   **4. Who is included in the settlement?** ........................................................................ 3

**The Settlement Benefits—What do you get?** ........................................................................ 3
   **5. What does the settlement provide?** ........................................................................ 3
   **6. What can I get from the settlement?** ...................................................................... 4
   **7. What if I disagree with my payment?** .................................................................... 4

**How You Get a Payment** ....................................................................................................... 4
   **8. How can I get a payment?** ..................................................................................... 4

**Withdrawing from the Settlement**........................................................................................ 5
   **9. How do I get out of this settlement?** ..................................................................... 5
   **11. If I don't withdraw, may I later sue Defendants for the same claims in this settlement?** ... 5
   **12. If I withdraw, will I get money from this settlement?** ......................................... 5

**The Lawyers Representing You** ............................................................................................. 5
   **13. Do I have a lawyer in this case?** .......................................................................... 5

**Objecting to the Settlement** ................................................................................................. 6
   **14. How do I tell the Court that I don't like the settlement?** ..................................... 6
   **15. What's the difference between objecting and withdrawing?** ............................... 6

**The Court's Fairness Hearing** .............................................................................................. 6
   **16. When and where will the Court decide whether to approve the settlement?**......... 7
   **17. Do I have to come to the hearing?** ....................................................................... 7
   **18. May I speak at the Fairness Hearing?** ................................................................. 7

**Getting More Information** .................................................................................................... 7
   **19. Are there more details about the settlement?** ...................................................... 7

# Basic Information

| **1. Why did I receive this notice?** |
|---|

You filed an opt-in consent form to be a plaintiff and are asserting claims under the FLSA against Defendants ("FLSA Plaintiff"). The United States District Court for the Southern District of California is overseeing these lawsuits. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the

Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What are these lawsuits about? |
| --- |

In these lawsuits (*Ludlow* and *Maciel*), current and former distributors with Flowers/Modesto and Flowers/Henderson sued Defendants alleging that Defendants misclassified them as independent contractors. Two individuals called "Class Representatives" filed the *Ludlow* case (in this case, Daniel Ludlow, William Lancaster, and Jose Maciel) also alleging Flowers violated California wage laws. You also joined the *Ludlow, et al. v. Flowers Foods, Inc.,* lawsuit as a plaintiff alleging Defendants the FLSA. You are therefore referred to as an FLSA Plaintiff.

Defendants oppose these lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

| 3. What is a class action and who is involved? |
| --- |

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class and collective action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributors who sued—and all Class Members like him—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Flowers Bakeries, and Flowers Finance) are called Defendants.

In a class and collective action, one court resolves the issues for everyone in the class—except for those people who choose to withdraw from the settlement. People who do not withdraw may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to withdraw from the Class.

# Who is in the Settlement?

| 4. Who is included in the settlement? |
| --- |

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014– October 25, 2023. Also included are individuals who filed opt-in consent forms to join the FLSA action, whether they performed services in California or not.

# The Settlement Benefits—What do you get?

| 5. What does the settlement provide? |
| --- |

**Exhibit 3**

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) a Service Award to the Class Representative in an amount not to exceed $25,000 each; (iii) Attorneys' fees and costs to the lawyers representing the Settlement Class Members; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of notice administration.

Flowers will also repurchase the distribution rights of all current California distributors and opt-in Plaintiffs who worked in California, and the Distributor Agreements will end. These individuals may then choose to then work for a Flowers Company as an employee provided they are interested, they otherwise qualify for employment, and they complete all documentation required for employment.

### 6. What can I get from the settlement?

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____, which is based on set amount per week times the number of weeks in which you were a Distributor over the relevant time period.

### 7. What if I disagree with my payment?

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

### 8. How can I get a payment?

You do not need to do anything other than remain in the lawsuit (that is, you do not withdraw yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

[insert Settlement Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

# Withdrawing from the Settlement

FLSA Plaintiffs have the right to withdraw from the settlement. You are an FLSA Plaintiff.  **If you do not want to be part of the settlement, you must do two things: (1) contact Class Counsel to withdraw as a FLSA Plaintiff; and (2) submit a written statement to the Settlement Administrator stating that you are withdrawing.** The deadlines for withdrawing and excluding yourself are described below.

| **9. How do I get out of this settlement?** |
| --- |

To exclude yourself from the settlement, you must do two things:

(1)  Contact Class Counsel to withdraw as an FLSA Plaintiff on or before [____]; **AND**

(2)  Send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [___]:

[insert settlement administrator name]
[Insert email address]

Your letter must: (1) contain a clear statement that you wish to withdraw from this case*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw** in the manner outlined above, you will remain in the settlement.

| **11. If I don't withdraw, may I later sue Defendants for the same claims in this settlement?** |
| --- |

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **12. If I withdraw, will I get money from this settlement?** |
| --- |

If you withdraw, you will not receive any portion of the Settlement Fund.

# The Lawyers Representing You

| **13. Do I have a lawyer in this case?** |
| --- |

The Court has decided that the law firm of Nicholas & Tomasevic, LLP are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about the law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

Exhibit 3

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

**14. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. This include the Buy Back. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Shaun Markley                                    Jared Palmer
Nicholas & Tomasevic, LLP             Ogletree, Deakins, Nash, Smoak
225 Broadway, 19th Floor                 & Stewart, P.C.
San Diego, CA 92101                         One Embarcadero Center
SMarkley@nicholaslaw.org*           San Francisco, CA 94111
                                                          Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

**15. What's the difference between objecting and withdrawing?**

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Withdrawing is telling the Court that you don't want to be part of the Settlement Class. If you withdraw, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

**Exhibit 3**

**16. When and where will the Court decide whether to approve the settlement?**

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for a service payment to the Class Representative.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

**17. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**18. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 14 above. If you have requested to withdraw and exclude yourself from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

**19. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

# **EXHIBIT 4**

## **Employment Showing of Interest Form**

**Exhibit 4**

**It is requested that you return this form by [<mark>DATE</mark>]. You can either mail or email the form to [add administrator email]**

## <u>Employment Showing of Interest Form</u>

I am interested in being a Flowers employee.

Please put an X in one of the boxes below:

☐ Yes
☐ No

Signature: _____

Print Name: _____

Current/Former Warehouse: _____

Date: _____

**Alternatively, you can send an email to [insert settlement administrator email address], clearly marked with the subject line "Flowers Settlement Employment Showing of Interest Form," indicating in the body of the email that: (1) you are interested in being a Flowers employee; or (2) you are not interested in being a Flowers employee.**

# **EXHIBIT 5**

## **REMINDER NOTICE**

**Exhibit 5**

Ludlow Class Action Settlement
[insert Claims Administrator's Contact Information]
[Send to current and former distributors]

To Whom It May Concern:

On _____, 2023, a Notice Packet related to the *Ludlow et al., v. Flowers Foods, Inc., et al.* and *Maciel et al. v. Flowers Foods, Inc., et al.* lawsuits and settlement was mailed to you.

This is a reminder and follow-up request to return the Employment Showing of Interest form previously sent to you. Completion of the form will assist with the implementation of the Settlement. Another copy is enclosed for your convenience. It is requested that you return the form by [DATE].

If you have any questions, please contact the Settlement Administrator at [INSERT].

Sincerely,


Office of the Settlement Administrator

EXHIBIT 6

1

2

3

4

5

6

7

8

9

10

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, ET AL., | Case No. 3:18-cv-01190-JO-JLB |
| Plaintiff, | **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |
| v. | |
| FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC, and FLOWERS FINANCE, LLC, | **Date**:  October 25, 2023<br>**Time**:  8:30 a.m.<br>**Courtroom**:  4C |
| Defendants. | **Judge:** Hon. Jinsook Ohta<br>**Magistrate**: Hon. Jill L. Burkhardt |
| and | **Complaint Filed**: June 6, 2018<br>**Final Pretrial Conf.**: Not Set |
| JOSE MACIEL, an individual, and MACIEL DISTRIBUTION, INC., a California corporation, on behalf of themselves and others similarly situated, | Case No. 3:20-cv-02059-JO-JLB |
| Plaintiffs, | |
| v. | |
| FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, FLOWERS FINANCE, LLC, a Delaware limited liability company, | |
| Defendants. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Daniel Ludlow, William Lancaster, and Jose Maciel (collectively referred to as "Class Representatives" or "Plaintiffs"), on behalf of themselves and any corporation or business entity through which they operated, and on behalf of each of the Settlement Class Members, and Flowers Foods, Inc. ("Flowers Foods"), Flowers Bakeries, LLC, and Flowers Finance, LLC (collectively, "Defendants"), along with Flowers Baking Co. of Henderson, LLC and Flowers Baking Co. of Modesto, LLC, have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement")[1] after extensive arms-length settlement negotiations. The Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, for an order preliminarily approving the settlement of this Action upon the terms and conditions set forth in the Settlement Agreement; and for an order consolidating the *Maciel* Private Attorney General's Act ("PAGA") claim into this Action. Having reviewed and considered the Parties' Joint Motion for Preliminary Approval, the Settlement Agreement, and accompanying Exhibits, the Court finds that the Settlement Agreement is sufficient to warrant notice of the Settlement to Class Members and a full fairness hearing on the approval of the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.    Jurisdiction and Preliminary Findings**

1.    <u>Jurisdiction</u>. The Court has jurisdiction over the Parties, has subject-matter jurisdiction over the federal law claims, and has supplemental jurisdiction over the state-law claims.

2.    <u>Preliminary Findings</u>. The Court, having conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, hereby finds that the settlement falls within the range of reasonableness meriting further proceedings and approval and dissemination of the Class Settlement

---

[1]  All capitalized terms have the meanings set forth and defined in the Parties' Settlement Agreement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

Notices to the Class Members. The Court hereby preliminarily approves the Settlement Agreement, and the terms and conditions of the settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

3. <u>Conditional Certification of Rule 23(b)(2) Class</u>. The Court hereby approves conditional class certification of a non-opt-out class under Rule 23(b)(2) for settlement purposes. The Rule 23(b)(2) class definition is as follows: All California distributors of Flowers Baking Company of Henderson, LLC or of Flowers Baking Company of Modesto, LLC who are operating under a Distributor Agreement, either individually or on behalf of his or her corporation or business entity as of the date of preliminary approval. For the purposes of settlement only, the Court conditionally certifies the Rule 23(b)(2) class as defined and conditionally finds that it meets the requirements of Rules 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

4. <u>Consolidation of PAGA Claim and First Amended Complaint.</u> The Court hereby approves consolidation of the *Maciel* PAGA claim into this Action for settlement purposes only by deeming filed the *Maciel* federal First Amended Complaint in the Action (attached to the Declaration of Alex Tomasevic in support of preliminary approval as "Exhibit 2".

5. <u>Answer to First Amended Complaint</u>. Defendants' Answer to the *Maciel* federal Complaint shall stand as Defendants' Answer for purposes of the *Maciel* federal First Amended Complaint, and Defendants shall be under no further obligation to file an additional Answer to the *Maciel* federal First Amended Complaint in the Action. Defendants' Answer in the *Maciel* PAGA Action shall serve as the Answer for purposes of the consolidated *Maciel* PAGA claim in the *Maciel* federal First Amended Complaint and Defendants shall be under no further obligation to file an additional Answer as to these claims. Should the Court not fully and finally approve the Settlement, Defendants reserve their rights to file an Amended Answer and raise any and all additional defenses at that time.

6.      Fairness Hearing. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on [at least 100 days after preliminary approval order] at ____ a.m., for the purposes of:

(a)      Determining whether the settlement on the terms and conditions set forth in the Settlement Agreement is fair, just, reasonable, and adequate to the Settlement Class and should be finally approved by the Court;

(b)      Considering the application of Class Counsel for an award of Attorneys' Fees and Costs, as provided for in the Settlement Agreement;

(c)      Considering the application of the Named Plaintiffs for Service Awards, as provided for in the Settlement Agreement;

(d)      Reviewing objections, if any, to the Settlement;

(e)      Determining the validity of Exclusion Requests, if any, and exclude from the Settlement Class those Persons who validly and timely opted out;

(f)      Determining the validity of any Withdrawal Requests, if any, and allowing those Settlement Class Members who validly withdraw to withdraw themselves from the Settlement Class;

(g)      Considering whether the Court should enter an order finally approving the settlement in this matter, and the settlement of the *Maciel* PAGA claim; and

(h)      Ruling upon such other matters as the Court may deem necessary and appropriate.

7.      Modifications to Settlement. Should it become necessary, the Parties may modify the Settlement Agreement or the *Maciel* PAGA settlement agreement prior to the Fairness Hearing as long as such modifications do not materially change the terms and conditions of the Settlement provided thereunder. The Court may approve the Settlement Agreement and *Maciel* PAGA settlement agreement with any such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

8.    Objections to Settlement. Any Settlement Class Member who intends to object to any aspect of the Settlement, including the requested Attorney's Fees and Costs, or Service Award, must do so on or before the Exclusion/Withdrawal and Objection Date. To object, the Settlement Class Member must file a written objection with the Court on or before the Exclusion/Withdrawal and Objection Date and serve it via first-class mail on Class Counsel and Defendants' Counsel and include: the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and include all supporting papers, and must state whether he/she intends to appear at the Fairness Hearing, either with or without counsel. The Parties may take discovery on an expedited basis regarding the objection from the objector and related third parties.

9.    Response to Objections. Any response to timely, completed objections must be filed with the Court and on all Counsel of Record and served no later than ten (10) days after service of the objections.

10.    Motion for Final Approval. The motion for the Final Approval of Settlement shall also be filed no later than seven (7) days prior to the Fairness Hearing.

11.    Appearance at Fairness Hearing. Attendance at the Fairness Hearing is not necessary; however, any person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Costs, or the application for Named Plaintiffs' Service Awards, are required to provide to the Court written notice of their intention to appear at the Fairness Hearing no later than the Objection Date as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Costs or the Service Award need not take any action to indicate their approval.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

12.     <u>Exclusion/Withdrawal and Objection Date.</u> The deadline for requesting exclusion/withdrawal from the Settlement or filing objections to the Settlement is 60 days after the notice is mailed.  Any FLSA Plaintiff who requests exclusion from this Settlement must, to be excluded, also withdraw by contacting Class Counsel requesting to withdraw within 60 days after the notice is mailed.  Alternatively, a valid Exclusion Request will concurrently serve as a notice of intent to withdraw.

13.     <u>Employment Showing of Interest Form.</u> The deadline for submission of the Employment Showing of Interest Form is 60 days after the notice is mailed. Reminder notices shall be sent to any Class Members who have not returned the Showing of Interest Form within 45 days after they are mailed.

14.     <u>Application for Award of Attorneys' Fees</u>. All papers in support of the Settlement Agreement and any application for an award of Attorneys' Fees and Expenses and/or Service Award must be filed with the Court no later than 10 days before the deadline for requesting exclusion/withdrawal from the Settlement or filing objections.

**B.     The Court Approves the Form and Method of Class Notices**

1.     <u>Class Settlement Notices</u>. The Court approves for distribution in accordance with the Settlement Agreement, as to form and content, the proposed Class Settlement Notice, which are Exhibits 1A, 1B, 2A, 2B, and 3 to the Settlement Agreement. The Court finds that the Class Settlement Notice is reasonably calculated to apprise Class Members (including FLSA Plaintiffs) of the pendency of the Action, their right to object to the proposed Settlement, opt out of and withdraw from the Settlement Class, or participate in the Settlement.

2.     <u>Distribution of Class Notices</u>. The Court finds that the distribution of the Class Settlement Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits 1A, 1B, 2A, 2B, and 3 meet the requirements of Federal Rule of Civil Procedure 23 and due process, and the standards for fairness and reasonableness under the FLSA, and is the best notice practicable under the

circumstances and constitutes due and sufficient notice to all Persons entitled thereto.

3. <u>Appointment of Settlement Administrator.</u> The Court appoints Rust Consulting as the Settlement Administrator.

4. <u>Dissemination of Class Notices.</u> The Court directs the Settlement Administrator to disseminate Class Notices, instructions on how to make elections under the Settlement Agreement, instructions on how to access the Settlement Agreement and any Exhibits thereto, and such other information, if any, as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

(a) The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to Class Members no later than fourteen (14) days after entry of this Order ("Settlement Class Notice Deadline").

(b) The Settlement Administrator shall file, through Class Counsel, with the Court proof of compliance with the Notice Program no later than five (5) business days prior to the Fairness Hearing.

5. <u>Appointment of Class Counsel.</u> Consistent with the prior ruling on class certification, the Court hereby appoints Shaun Markley, Alex Tomasevic, and Craig Nicholas of the law firm of Nicholas & Tomasevic, LLP to serve as Class Counsel for the Settlement Class Members.

**C.    Procedure for Requesting Exclusion from the Settlement Class**

1. <u>Exclusion and Withdrawal Request Procedure.</u> Within the confines of Federal Rule

of Civil Procedure 23, any person falling within the definition of the Class may, upon his or her request, be excluded from the Settlement Class. Any such Person must submit a timely Exclusion Request, to Class Counsel and Defense Counsel, post-marked on or before the Exclusion and Objection Date, as set forth in the Class Settlement Notice. Exclusion Requests purportedly filed on behalf of multiple

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

persons or classes of persons are prohibited and will be deemed to be void. Any FLSA Plaintiff who requests to be excluded from the Settlement Class shall also be deemed to have withdrawn for purposes of their FLSA claim. Similarly, any FLSA Plaintiff who withdraws from the settlement shall be deemed to have requested to be excluded from the Settlement Class. As discussed in Section C(4) below, however, the injunctive relief set forth in Section 7 of the Settlement Agreement applies to all Current Distributor Class Members and FLSA Plaintiffs (whether they have previously opted out or subsequently exclude themselves and withdraw or not).

2.    Effect of Invalid Exclusion Request. Any Class Member who does not send a completed, signed Exclusion Request to Class Counsel post-marked on or before the Exclusion and Objection Date will be deemed to be a member of the Settlement Class and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court.

3.    Deadline for List of Exclusions. Class Counsel shall provide counsel for Defendants with a list of all timely Exclusion Requests within five (5) business days after the Exclusion and Objection Date.

4.    Effect of Valid Exclusion Request and Withdrawal on Injunctive Relief. Pursuant to Section 7.1 of the Settlement Agreement, the injunctive relief agreed to by the Parties in Section 7 of the Settlement Agreement shall apply to all Current California Distributors (including all Current Distributor Class Members and FLSA Plaintiffs whether they have previously opted out or subsequently exclude themselves and withdraw or not).

D.    **Miscellaneous Provisions**

1.    No Further Sales: As set forth in the Settlement Agreement, there shall be no further sales or attempted sales of distribution rights by Class Members in order to effectuate the terms of this Settlement.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

2. <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all proceedings in this Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

3. <u>Termination of Settlement</u>. This Order will become null and void and will be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement, if the Settlement Effective Date never occurs, or if full, comprehensive approval of the settlement of the *Maciel* PAGA claim is not obtained.

4. <u>Use of Order</u>. This Order may not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendants of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

5. <u>Retention of Jurisdiction</u>. The Court retains exclusive jurisdiction to hear any disputes regarding the enforcement of the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: October __, 2023                    _____

Judge Jinsook Ohta

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT

## EXHIBIT 7

## MUTUAL AGREEMENT TO ARBITRATE CLAIMS

For good and valuable consideration, the receipt, adequacy and sufficiency of which is hereby acknowledged, including but not limited to the payments made to DISTRIBUTOR[1] through the settlement agreement resolving and concerning *Daniel Ludlow, et al.* v. *Flowers Foods, Inc., et al.*, 3:18-cv-1190-JO-JLB (SD CA) ("*Ludlow* Action") and *Jose Maciel, et al. v. Flowers Foods, Inc., et al.*, 3:20-cv-02059-JO-JLB ("*Maciel* Federal Action") (hereinafter, the "Settlement") and intending to be legally bound, COMPANY[2] and DISTRIBUTOR, upon the court's entry of an order providing final approval of the Settlement, agree as follows:

**1.      Mandatory and Binding Arbitration.** This Arbitration Agreement ("Arbitration Agreement") sets forth the sole and exclusive method by which any and all claims, disputes, and controversies covered by this Arbitration Agreement shall be resolved between DISTRIBUTOR and COMPANY and shall be submitted to individual binding arbitration in accordance with the terms and conditions set forth herein. This Arbitration Agreement shall also be an amendment to the Distributor Agreement and shall be included as a part of, and incorporated into, such Distributor Agreement, superseding any provision to the contrary. This Arbitration Agreement constitutes the sole and entire agreement between the parties regarding the subject matters of this Arbitration Agreement and supersedes all prior arbitration agreements between the parties to the extent permitted under applicable law.

**2.      Governing Law.** This Arbitration Agreement is governed by the Federal Arbitration Act, 9 U.S.C. § 1, et seq., ("FAA"), to the fullest extent permitted by private agreement, regardless of whether the FAA would apply in the absence of the parties' agreement that it does apply. The parties further agree that if any court determines that the FAA does not apply for any reason (notwithstanding the parties' express adoption of the FAA and agreement that it shall apply), then this Arbitration Agreement shall be governed by arbitration law of the state of Georgia, it being the state where Flowers Foods has its principal place of business and it being the express intent of the parties to allow for arbitration of claims to the maximum extent possible.

**3.      Covered Claims.** Except as otherwise provided below, and to the fullest extent allowable by applicable law, the parties waive all rights to trial in court before a judge or jury on claims covered by this Arbitration Agreement. Claims subject to this Arbitration Agreement include, without limitation, all claims that either DISTRIBUTOR (which for purposes of this Arbitration Agreement also includes its owner(s), director(s), officer(s), member(s), manager(s), employee(s), and agent(s)) may have against COMPANY (and/or its affiliated companies and its and/or their directors, officers, managers,

---

[1] For purposes of this Arbitration Agreement, "DISTRIBUTOR" is defined to include individuals who are current Named Plaintiffs, Rule 23 Class Members, and FLSA Plaintiffs in the Settlement as well as any business entity through which such individuals performed services under an agreement with Flowers Baking Co. of Modesto, LLC or Flowers Baking Co. of Henderson, LLC (and/or their successors and assigns) ("Distributor Agreement").

[2] For purposes of this Arbitration Agreement, COMPANY is defined as Flowers Foods, Inc., Flowers Bakeries, LLC, and Flowers Finance, LLC as well as their affiliated companies, whether current, former, or future, including, but not limited to Flowers Baking Co. of Henderson, LLC and Flowers Baking Co. of Modesto, LLC.

employees, and agents and their successors and assigns) or that COMPANY may have against DISTRIBUTOR associated with the DISTRIBUTOR relationship after the date of Final Approval, including, but not limited to, all claims arising from, related to, or having any relationship or connection whatsoever with the Distributor Agreement, the termination of the Distributor Agreement, services provided to COMPANY by DISTRIBUTOR, and all claims for discrimination, harassment, or retaliation, wages, overtime, meals, breaks, other compensation, reimbursement, breach of any express or implied contract, negligence or other tort, or violation of any federal, state, or local law.

All claims covered by this Arbitration Agreement shall be determined exclusively by binding arbitration under the FAA and administered by Judicate West in conformity with Judicate West's Commercial Arbitration Rules ("Commercial Arbitration Rules"), which are available at https://www.judicatewest.com/resource/arbitrationrules, or any successor rules, except as otherwise agreed to by the parties and/or specified herein. Hon. Herbert B. Hoffman, Ret. shall be appointed as the arbitrator for such arbitration, unless all parties to the arbitration agree otherwise in writing. Except as provided in Section 4, the arbitrator, and not court, shall have the exclusive authority to resolve any dispute relating to the scope, applicability, enforceability, or interpretation of this Arbitration Agreement.

**3.        Claims And Disputes That Are Not Arbitrable.** This Arbitration Agreement does not cover claims relating to whistleblowers and/or unlawful retaliation arising under the Sarbanes-Oxley Act or disputes involving any ERISA-based benefit plans that provide for arbitration; or any other claim that must be excluded from arbitration by applicable federal law, or state law that is not preempted by federal law.  This Arbitration Agreement also does not preclude either DISTRIBUTOR or COMPANY from seeking provisional remedies such as temporary restraining orders or preliminary injunctions in accordance with applicable law. A party seeking or obtaining such provisional remedies shall not be considered a waiver of that party's right to arbitration under this Arbitration Agreement. If a party brings an action that includes both claims subject to arbitration under this Arbitration Agreement and claims that are not subject to arbitration, the latter shall be stayed until the former are fully arbitrated.

Nothing in this Arbitration Agreement is intended to affect or limit DISTRIBUTOR's right to file an administrative charge or otherwise seek relief from any administrative or federal or state government agencies (although if DISTRIBUTOR chooses to pursue a claim following the exhaustion of such administrative remedies, that claim would be subject to the provisions of this Arbitration Agreement) where permitted by applicable law).

**4.        Rules Applicable To Arbitration.** COMPANY will pay the initial filing fees and arbitrator costs. Each party may be represented by legal counsel of their own choosing.  Each party shall pay its own attorneys' fees, provided that the arbitrator may award reasonable fees and costs to the prevailing party to the same extent a court would be entitled to do so, in accordance with applicable law.

Except as otherwise stated here, the arbitrator shall follow and apply the Commercial Arbitration Rules. The arbitrator shall have the authority to consider and rule on dispositive motions, such as motions to dismiss, or motions for summary judgment, in accordance with the standards and burdens generally applicable to such motions in federal district court, except that the arbitrator may establish appropriate and less formal procedures for such motions at the arbitrator's discretion consistent with the expedited nature of arbitration proceedings.  The arbitrator will allow the parties to conduct adequate discovery including, but not limited to, issuing subpoenas to compel the attendance

of witnesses at the arbitration hearing; serving written discovery; conducting depositions; and compelling the production of documents during discovery.

The arbitrator shall apply, and shall not deviate from, the substantive law of the state in which the claim(s) arose and/or federal law, as applicable, except as otherwise expressly set forth herein. Awards shall include the arbitrator's written reasoned opinion including the arbitrator's essential findings and conclusions on which the award is based.

Subject to applicable law limiting confidentiality, the parties agree that arbitration proceedings under this Arbitration Agreement are to be treated as confidential, and that the parties will act to protect the confidentiality of the proceedings. The parties agree that neither they nor their counsel will reveal or disclose the substance of the arbitration proceedings, or the result, except (a) as required by subpoena, court order, other legal process; (b) as necessary or appropriate in the prosecution or defense of the case; or (c) as otherwise required by law.

**5.**      **All Claims In Arbitration Must Be Pursued On An Individual Basis.**  All claims subject to this Arbitration Agreement must be brought in arbitration in a party's individual capacity, and not as a plaintiff or class member in any purported class, collective, mass, private attorney general, or representative proceeding, or any other proceeding seeking relief for, on behalf of, or affecting any other person (collectively, a "Class Action").  The parties expressly waive the right to proceed in a Class Action.  The arbitrator has no authority to consolidate or join more than one person's claims; may not award relief to, on behalf of, or affecting any person or entity that is not a party to the proceeding; and may not otherwise preside over any form of a class, collective, mass, private attorney general, or representative proceeding.

The parties intend for this Arbitration Agreement to extend to the fullest extent possible to claims brought pursuant to the California Private Attorneys General Act, Labor Code § 2698 et seq. ("PAGA"), and any similar state statute.  If DISTRIBUTOR brings a claim under PAGA or a similar statute, it must be pursued individually in arbitration.  The parties are prohibited, to the maximum extent permissible by law, from pursuing a representative action, either in arbitration or in court, on behalf of or affecting any other person.  The arbitrator may not allow a representative PAGA claim to proceed in arbitration except as to DISTRIBUTOR's individual claim.

Any dispute concerning the scope or validity of this Section 5 shall be decided by a court of competent jurisdiction and not the arbitrator.  In any case in which (1) the dispute is filed as a Class Action and (2) there is a final judicial determination that all or part of the class action waiver is unenforceable, the Class Action must be litigated in a civil court of competent jurisdiction, and not in arbitration.

**6.**      **Severability.**  In the event that any provision of this Arbitration Agreement is in conflict with a mandatory provision of applicable law, the conflicting language shall be automatically severed and the remainder of the Arbitration Agreement construed to incorporate the mandatory provision.  In the event of such automatic severance and modification with respect to a particular provision, the remainder of this Arbitration Agreement shall not be affected.  If any part or provision in Section 5 is determined to be unenforceable by a judge, then the offending provision may be severed to the narrowest extent possible with only those claims or request for relief proceeding in court, and that judicial action shall be stayed pending arbitration of the individual

claims of the Party seeking relief.  Neither a judge nor arbitrator has the power to override the parties' express agreement that any claims in arbitration can only proceed individually.

4

**EXHIBIT 8**

**Qualifications Addendum Outlining Qualifications for Employment With a Flowers Entity ("Qualifications Addendum")**

This Qualifications Addendum to the Settlement Agreement is entered into between: (a) Named Plaintiffs Daniel Ludlow, William Lancaster, and Jose Maciel, on behalf of themselves and any corporations or business entities through which they operated, and on behalf of each of the Settlement Class Members, and any corporations or business entities through which they operated; and (b) Flowers Foods, Inc. ("Flowers Foods"), Flowers Bakeries, LLC, Flowers Finance, LLC, Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") and Flowers Baking Co. of Henderson, LLC. ("Flowers/Henderson") (collectively, "Defendants").[1]

The Parties hereby stipulate and agree that for a California distributor to be considered qualified for employment at a Flowers entity, the following qualifications must be met:

1. Demonstrating the legal authority to work within the United States as confirmed through E-Verify;

2. Timely and truthfully completing an employment application and all paperwork necessary to hire and onboard the California distributor as a Flowers employee;

3. Being in compliance with the terms of the distributor agreement;

4. Passing a post-job offer pre-employment physical demonstrating the California distributor can perform the essential duties of the position with or without a reasonable accommodation;

5. Otherwise being qualified to perform the essential duties of the various offered roles;

6. Being at least 21 years of age;

7. Passing a post-job offer pre-employment drug test;

---

[1] Capitalized terms used herein are defined in Section 3 of the Settlement Agreement. As defined therein, "Parties" are the Named Plaintiffs, FLSA Plaintiffs, and Defendants. While Flowers/Henderson and Flowers/Modesto are not named Defendants in the Actions, they are Parties to this Settlement Agreement given that they are the entities with whom the Class Members contracted and, accordingly, are necessary Parties to this Settlement Agreement.

8.      Obtaining, where necessary, a Department of Transportation ("DOT") medical card; and

9.      Passing a criminal background and motor vehicle record ("MVR") check after a conditional offer of employment has been made.

Flowers retains the discretion to decide which position, warehouse and/or accounts hired California distributors are assigned.

The Parties hereby further stipulate and agree that any unresolved dispute involving a Settlement Class Member concerning an offer of employment with a Flowers entity or the withdrawal of a conditional offer of employment by a Flowers entity shall be subject to arbitration in accordance with the terms and conditions set forth in § 7.7 of the Settlement Agreement.

IN WITNESS WHEREOF, the Parties hereto have caused this Addendum to be executed.

Named Plaintiff Daniel Ludlow

Dated: _____    _____

Named Plaintiff William Lancaster

Dated: _____    _____

Named Plaintiff Jose Maciel

Dated: _____    _____

Defendant Flowers Foods, Inc.

Dated: _____    By: _____

Its: Chief Legal Counsel _____

Defendant Flowers Bakeries, LLC

Dated: _____     By: _____

Its: <u>Assistant Secretary</u>_____


Defendant Flowers Finance, LLC

Dated: _____     By: _____

Its: <u>Assistant Secretary</u>_____


Flowers Baking Co. of Henderson, LLC

Dated: _____     By: _____

Its: <u>Assistant Secretary</u>_____


Flowers Baking Co. of Modesto, LLC

Dated: _____     By: _____

Its: <u>Assistant Secretary</u>_____