# EXHIBIT 2

## **EXHIBIT 1A**

## **Notice to Current Distributor Class Members Who Are Not a Named Plaintiff or FLSA Plaintiff**

**Exhibit 1A**

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Jose Maciel, et al. v. Flowers Foods, Inc., et al*., 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Current Distributor With Flowers/Henderson or Flowers/Modesto Working In California, You Could Get A Payment From A Class Action Settlement.

# Flowers/Henderson or Flowers/Modesto Will Repurchase Your Distribution Rights and Your Distributor Agreement(s) Will End. You Will Then Be Able to Work for a Flowers Company As An Employee Provided You Are Interested, Otherwise Qualify for Employment, and Complete All Documentation Required for Employment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement. *Importantly, this DOES NOT include any amount you will receive from the repurchase of your distribution rights as described below. This will be a separate payment.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") have sued Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations but have agreed to settle the lawsuit.

- If approved by the Court, the settlement will accomplish two things. First, it will provide a fund to pay claims for those individuals who, either individually or through a business entity, were or are distributors in California from June 6, 2014 – October 25, 2023 and who do not exclude themselves from the settlement (discussed further below). Your estimated share is listed above. You may forego this amount by excluding yourself.

- Second, Flowers is also repurchasing the distribution rights you own (i.e. your territory or territories), either individually or through any business entity. The distribution rights will be repurchased for the purchase price of thirteen (13) times the average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory note to FLO-FIN or any third-party lender. Upon repurchase, the Distributor Agreement(s) under which you or your business operate(s) will be terminated and you may elect to work for a Flowers Company as an employee provided you are interested, otherwise qualify for employment, and complete all documentation required for employment. As discussed below, this provision applies whether or not you exclude yourself from the settlement.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

**Exhibit 1A**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in this lawsuit.<br><br>Within the timeframe discussed below (referred to as the Buy Back Schedule), Flowers will repurchase your Distribution Rights and your Distributor Agreement(s) will end. You may choose to then operate as an employee for a Flowers Company provided you are interested, otherwise qualify for employment, and complete all documentation required for employment. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement, except as otherwise provided below. You also will not give up any claims that you may have against Defendants. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement."<br><br>**IMPORTANT**: if you exclude yourself from the settlement, Flowers will still repurchase your Distribution Rights and your Distributor Agreement(s) will end in the timeframe outlined below. You will then have the opportunity to work for the applicable Flowers Entity as an employee, provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.<br><br>**\*Exercising the right to exclude yourself will not result in you retaining your distribution rights. To challenge the settlement, you must file an objection.** |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself.. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

## Table of Contents

**Basic Information**.................................................................................................................. **3**
    1. Why did I receive this notice? .................................................................................3
    2. What are these lawsuits about? ...............................................................................4
    3. What is a class action and who is involved?...........................................................4

**Who is in the Settlement?**................................................................................................ **4**

4. Who is included in the class under the settlement? ...........................................................................4

**The Settlement Benefits—What do you get?** ................................................................................. 4
5. What does the settlement provide? ................................................................................................4
6. What can I get from the settlement? ..............................................................................................5
7. What if I disagree with my payment? ............................................................................................5

**How You Get a Payment** ..................................................................................................................... 5
8. How can I get a payment? ..............................................................................................................5
9. When would I get my payment? .....................................................................................................5
10. What am I giving up by staying in the class and getting a payment? .........................................6

**Buy Back Schedule and Employment** ............................................................................................... 6
11. What is the Buy Back Schedule and employment opportunity for current distributors? ............6

**Excluding Yourself from the Settlement** .......................................................................................... 6
12. How do I exclude myself from this settlement? ...........................................................................6
13. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement? ......7
14. If I exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)? ......7

**The Lawyers Representing You** ......................................................................................................... 7
15. Do I have a lawyer in this case? ...................................................................................................7

**Objecting to the Settlement** ............................................................................................................... 7
16. How do I tell the Court that I don't like the settlement? ..............................................................8
17. What's the difference between objecting and excluding? ............................................................8

**The Court's Fairness Hearing** ......................................................................................................... 8
18. When and where will the Court decide whether to approve the settlement? .................................~~9~~8
19. Do I have to come to the hearing? ................................................................................................9
20. May I speak at the Fairness Hearing? ..........................................................................................9

**Getting More Information** .................................................................................................................. 9
21. Are there more details about the settlement? ...............................................................................9

# Basic Information

| 1. Why did I receive this notice? |
| --- |

You are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014 –October 25, 2023. The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past.  The Court sent you this Notice because you have a right to know about this proposed settlement and about your options before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What are these lawsuits about?

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims").

Defendants oppose the lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

### 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued—and all Class Members like them—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the settlement. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Pages 6-7 of this Notice explains how to exclude yourself from the Class. However, please note that, as explained above, opting out of the settlement will **not** mean you can continue to operate as an independent contractor. Flowers is repurchasing the territories regardless of whether you participate in the settlement, opt-out, or otherwise.

# Who is in the Settlement?

### 4. Who is included in the class under the settlement?

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014 –October 25, 2023.

# The Settlement Benefits—What do you get?

### 5. What does the settlement provide?

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Awards to the Class Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, as discussed below, Flowers/Modesto or Flowers/Henderson will repurchase the distribution rights of all current distributors operating out of warehouses in California, and the Distributor Agreements will end. These current California distributors may choose to work for a Flowers Company as an employee, provided that they are interested, otherwise qualify for employment, and complete all documentation required for employment.

| **6. What can I get from the settlement?** |
| --- |

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

| **7. What if I disagree with my payment?** |
| --- |

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

| **8. How can I get a payment?** |
| --- |

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:



Ludlow Class Action Settlement
[Insert Claims Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

| **9. When would I get my payment?** |
| --- |

The Court will hold a hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in _____. However, if there are appeals, it may take time to resolve them.

| **10. What am I giving up by staying in the class and getting a payment?** |
|---|

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement. By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at _____.

# Buy Back Schedule and Employment

| **11. What is the Buy Back Schedule and employment opportunity for current distributors?** |
|---|

For all current distributors, whether you opt-out or not, Flowers/Henderson or Flowers/Modesto will repurchase (i.e. buy back) your Distribution Rights (*i.e.* territory (ies)) at thirteen (13) times average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory notes issued by FLOFIN or any third-party lender. At the time of repurchase, distributors and Flowers/Henderson or Flowers/Modesto shall settle outstanding debits and credits in accordance with normal settlement procedures. Until the date of repurchase, all terms and conditions of the Distributor Agreement shall remain in full force and effect.

A Flowers Company will determine the order in which the California distributors will be converted and distribution rights will be repurchased. Initial distributors will be converted within 30 days of the Court's Final Approval the settlement. Thereafter, the Flowers Company will work to convert all distributors within 12 months of Final Approval. An extended conversion schedule may be implemented if more than 20% of distributors indicate they are not interested in the employment opportunity. More information regarding this Buy Back is outlined in Section 7 of the Settlement Agreement.

Upon the repurchase date, your Distributor Agreement(s) will end and you may then choose to work as an employee for the applicable Flowers Entity provided that you are interested, otherwise qualify for employment, and complete all documentation required for employment.

You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment with a Flowers Company.  You will be receiving more information about the employment opportunity in the near future.

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Flowers on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

Importantly, excluding yourself from the settlement does not exclude you from the Buy Back.  Your Distributor Agreement(s) will end regardless. This applies to all current California Distributors whether you exclude yourself and object to the Settlement or not.

| **12. How do I exclude myself from this settlement?** |
|---|

To exclude yourself from the settlement, you must send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [__]:

Ludlow Class Action Settlement
[Insert Claims Administrator Name]
[insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this settlement*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by the release in this case. However, excluding yourself has no impact on the Buy Back—Flowers will repurchase your distribution rights, your Distributor Agreement(s) will end, and you will have the opportunity to work for a Flowers Company as an employee provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **13. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?** |
|---|

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **14. If I exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)?** |
|---|

No and No.

If you exclude yourself, you will not receive any portion of the Settlement Fund. You also will not be able to keep your territory/territories. You will receive any net balance due to the repurchase of your distribution rights.

# The Lawyers Representing You

| **15. Do I have a lawyer in this case?** |
|---|

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about the law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

**16. How do I tell the Court that I don't like the settlement?**

If you're a Settlement Class Member, you can object to the settlement if you don't like any part of it. This includes the Buy Back. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Shaun Markley                              Jared Palmer
Nicholas & Tomasevic, LLP                  Ogletree, Deakins, Nash, Smoak
225 Broadway, 19th Floor                   & Stewart, P.C.
San Diego, CA 92101                        One Embarcadero Center
SMarkley@nicholaslaw.org*                  San Francisco, CA 94111
                                           Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all supporting papers for the objection; and (4) a statement of whether you intend to appear the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

**17. What's the difference between objecting and excluding?**

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

**Exhibit 1A**

| **18. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for a service payment to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

| **19. Do I have to come to the hearing?** |
|---|

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **20. May I speak at the Fairness Hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 16 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **21. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

## **EXHIBIT 1B**

## **Notice to Former Distributor Class Members Who Are Not a Named Plaintiff or FLSA Plaintiff**

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.,* Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Maciel, et al. v. Flowers Foods, Inc., et al.,* 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Former Distributor with Flowers/Henderson or Flowers/Modesto And Worked In California, You Could Get A Payment From A Class Action Settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") have sued Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuit.

- If approved by the Court, the settlement will accomplish two things. First, it will provide a fund to pay claims for those individuals who were, or are, distributors in California from June 6, 2014 – October 25, 2023 and who do not exclude themselves from the settlement (discussed further below).  Your estimated share is listed above. You may forego this amount by excluding yourself.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in this lawsuit. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendants. To exclude yourself from the settlement, you must send a letter to the Settlement Administrator by [date]. Please see the instructions below under "Excluding Yourself from the Settlement." |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not exclude yourself. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

**Basic Information**..................................................................................................................... 2
   **1. Why did I receive this notice?** ..............................................................................................2
   **2. What are these lawsuits about?** ............................................................................................3
   **3. What is a class action and who is involved?** ........................................................................3

**Who is in the Settlement?** .......................................................................................................... 3
   **4. Who is included in the class under the settlement?** .............................................................3

**The Settlement Benefits—What do you get?** ........................................................................... 3
   **5. What does the settlement provide?** ......................................................................................3
   **6. What can I get from the settlement?** ....................................................................................4
   **7. What if I disagree with my payment?** ..................................................................................4

**How You Get a Payment** ........................................................................................................... 4
   **8. How can I get a payment?** ...................................................................................................4
   **9. When would I get my payment?** ..........................................................................................5
   **10. What am I giving up by staying in the class and getting a payment?** ..................................5

**Excluding Yourself from the Settlement**.................................................................................. 5
   **11. How do I exclude myself from this settlement?** .................................................................5
   **12. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?**....5
   **13. If I exclude myself, will I get money from this settlement?** ...............................................5

**The Lawyers Representing You** ................................................................................................ 6
   **14. Do I have a lawyer in this case?** .........................................................................................6

**Objecting to the Settlement** ...................................................................................................... 6
   **15. How do I tell the Court that I don't like the settlement?** ...................................................6
   **16. What's the difference between objecting and excluding?** ..................................................7

**The Court's Fairness Hearing** ................................................................................................. 7
   **17. When and where will the Court decide whether to approve the settlement?**......................7
   **18. Do I have to come to the hearing?** .....................................................................................7
   **19. May I speak at the Fairness Hearing?** ...............................................................................7

**Getting More Information** ........................................................................................................ 7
   **20. Are there more details about the settlement?** ....................................................................7

# Basic Information

### 1. Why did I receive this notice?

You are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014— October 25, 2023. The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the

settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What are these lawsuits about? |
| --- |

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims").

Defendants oppose the lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

| 3. What is a class action and who is involved? |
| --- |

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sue on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributors who sued and all Class Members like them are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to exclude themselves from the settlement. People who do not exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to exclude yourself from the Class.

# Who is in the Settlement?

| 4. Who is included in the class under the settlement? |
| --- |

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014—October 25, 2023.

# The Settlement Benefits—What do you get?

| 5. What does the settlement provide? |
| --- |

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Award to the Class

Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, Flowers/Modesto or Flowers/Henderson will repurchase the distribution rights of all current distributors operating out of warehouses in California, and the Distributor Agreements will end.  These current distributors may choose to work for a Flowers Company as an employee, provided that they are interested,  otherwise qualify for employment, and complete all documentation required for employment.

As a former distributor, you will also be offered the opportunity to be an employee with the applicable Flowers Entity, provide you are interested, otherwise qualify for employment, and complete all documentation required for employment. You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment. You will be receiving more information about the employment opportunity in the near future.

| **6. What can I get from the settlement?** |
|---|

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

| **7. What if I disagree with my payment?** |
|---|

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

| **8. How can I get a payment?** |
|---|

You do not need to do anything other than remain in the lawsuit (that is, you do not exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Ludlow Class Action Settlement
> [insert Claims Administrator name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

| **9. When would I get my payment?** |
| --- |

The Court will hold a hearing on ▮▮▮▮▮ to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in ▮▮▮▮▮. However, if there are appeals, it may take time to resolve them.

| **10. What am I giving up by staying in the class and getting a payment?** |
| --- |

Unless you exclude yourself, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement. By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at ▮▮▮▮▮.

# Excluding Yourself from the Settlement

If you do not want to receive a Settlement Payment and if you want to keep the right to sue or continue to sue Flowers on your own about the legal issues resolved by this settlement, then you must take steps to get out. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

| **11. How do I exclude myself from this settlement?** |
| --- |

To exclude yourself from the settlement, you must send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [▮▮]:

       Ludlow Class Action Settlement
       [Rust Consulting, an Exela Technologies Brand]
       [Insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this settlement; (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If, before the deadline, you request to be excluded from the settlement, you will not receive any Settlement Payment and you will not be bound by the release in this case.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **12. If I don't exclude myself, may I later sue Defendants for the same claims in this settlement?** |
| --- |

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **13. If I exclude myself, will I get money from this settlement?** |
| --- |

No. If you exclude yourself, you will not receive any portion of the Settlement Fund because of this settlement.

# The Lawyers Representing You

---

| **14. Do I have a lawyer in this case?** |
| --- |

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about the law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **15. How do I tell the Court that I don't like the settlement?** |
| --- |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Exclusion/Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Shaun Markley                                    Jared Palmer
Nicholas & Tomasevic, LLP                        Ogletree, Deakins, Nash, Smoak
225 Broadway, 19th Floor                         & Stewart, P.C.
San Diego, CA 92101                              One Embarcadero Center, Suite 900
SMarkley@nicholaslaw.org*                        San Francisco, CA 94111
                                                 Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all supporting papers for the objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

**Exhibit 1B**

*

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

| **16. What's the difference between objecting and excluding?** |
| --- |

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

| **17. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____.The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

| **18. Do I have to come to the hearing?** |
| --- |

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **19. May I speak at the Fairness Hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 15 above. If you have requested exclusion from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **20. Are there more details about the settlement?** |
| --- |

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

## **EXHIBIT 2A**

## **Notice to Current Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff**

**Exhibit 2A**

## SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Jose Maciel, et al. v. Flowers Foods, Inc., et al.*, 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Current Distributor With Flowers/Henderson or Flowers/Modesto Working in California And Are An FLSA Plaintiff,[1] You Are Eligible To Receive A Settlement Payment.

# Under the Settlement, Flowers/Henderson or Flowers/Modesto Will Repurchase Your Distribution Rights and Your Distributor Agreement(s) Will End. You Will Then Be Able to Work for a Flowers Company As An Employee Provided You Are Interested, Otherwise Qualify for Employment, And Complete All Documentation Required for Employment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

**\*Importantly, this DOES NOT include any amount you will receive from the repurchase of your distribution rights as described below. This will be a separate payment.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC (Flowers/Modesto) have sued Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuits.

- If approved by the Court, the settlement will accomplish two things. First, it will provide a fund to pay claims for those individuals who, either individually or through a business entity, were or are distributors in California from June 6, 2014 –October 25, 2023 and who do not withdraw and exclude themselves from the settlement (discussed further below).  Your estimated share is listed above. You may forego this amount by excluding yourself.

- **Second, Flowers is also repurchasing the distribution rights you own (i.e. your territory or territories), either individually or through any business entity. The distribution rights will be repurchased for the purchase price of thirteen (13) times the average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory note to FLO-FIN or any third-party lender. Upon repurchase, the Distributor Agreement(s) under which you or your business operate(s) will be terminated and you may elect to work for a Flowers Company as an employee provided you are interested, otherwise qualify for employment, and complete all documentation required for**

---

[1] "FLSA Plaintiff" means that you filed an opt-in consent form to assert claims under the federal Fair Labor Standards Act ("FLSA").

**employment. As discussed below, this provision applies whether or not you exclude yourself from the settlement.**

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | You will get a payment for settlement of your Fair Labor Standard Act (FLSA) and California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in these lawsuits.<br><br>Within the timeframe discussed below (referred to as the Buy Back Schedule), Flowers/Henderson or Flowers/Modesto will repurchase your Distribution Rights and your Distributor Agreement(s) will end. You may choose to then operate as an employee for a Flowers Company provided you are interested, otherwise qualify for employment, and complete all documentation required for employment. |
| **WITHDRAW AND EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement, except as otherwise provided below. You also will not give up any claims that you may have against Defendants. To withdraw and exclude yourself from the settlement, you must: (1) contact Class Counsel and let them know you wish to withdraw; and (2) send a letter to the Settlement Administrator by [date] indicating that you wish to exclude yourself from the settlement. Please see the instructions below under "Withdrawing and Excluding Yourself from the Settlement." As noted below, any Exclusion Request also acts as a request for withdrawal.<br><br>**IMPORTANT:** if you withdraw and exclude yourself from the settlement, Flowers/Henderson or Flowers/Modesto will still repurchase your Distribution Rights and your Distributor Agreement(s) will end in the timeframe outlined below. You will then have the opportunity to work for the applicable Flowers Entity as an employee, provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.<br><br>*Exercising the right to exclude yourself will not result in you retaining your distribution rights. To challenge the settlement, you must file an objection. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not withdraw and exclude yourself. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

**Basic Information**................................................................................................................**3**
    1. Why did I receive this notice? ...........................................................................3
    2. What are these lawsuits about? .........................................................................4
    3. What is a class action and who is involved? .....................................................4

**Who is in the Settlement?**.....................................................................................**4**
    4. Who is included in the class under the settlement?............................................4

**The Settlement Benefits—What do you get?**.....................................................**5**
    5. What does the settlement provide?....................................................................5
    6. What can I get from the settlement? .................................................................5
    7. What if I disagree with my payment?................................................................5

**How You Get a Payment** ......................................................................................**5**
    8. How can I get a payment? ................................................................................5
    9. When would I get my payment? .......................................................................6
    10. What am I giving up by staying in the class and getting a payment? ...............6

**Buy Back Schedule and Employment** ................................................................**6**
    11. What is the Buy Back Schedule and employment opportunity for current distributors?.........6

**Withdrawing and Excluding Yourself from the Settlement** ............................**7**
    12. How do I get out of this settlement? ...............................................................7
    13. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?...7
    14. If I withdraw and exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)? ................................................................................................7

**The Lawyers Representing You** ..........................................................................**8**
    15. Do I have a lawyer in this case? ......................................................................8

**Objecting to the Settlement** ...............................................................................**8**
    16. How do I tell the Court that I don't like the settlement?...................................8
    17. What's the difference between objecting and withdrawing and excluding?.......9

**The Court's Fairness Hearing** ...........................................................................**9**
    18. When and where will the Court decide whether to approve the settlement?......9
    19. Do I have to come to the hearing? ..................................................................9
    20. May I speak at the Fairness Hearing? .............................................................9

**Getting More Information** ..................................................................................**9**
    21. Are there more details about the settlement? ..................................................9

# Basic Information

| 1. Why did I receive this notice? |
| :--- |

You are a plaintiff asserting claims under the FLSA against Defendants ("FLSA Plaintiff"). You are also eligible for a settlement of state law claims because you are an individual who, either individually or through a business entity owned by

you, signed a Distributor Agreement with Flowers/Henderson or Flowers/Modesto in California sometime between June 6, 2014 –October 25, 2023. The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past.   The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

## 2. What are these lawsuits about?

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims"). You also joined one of these lawsuits as a plaintiff alleging Defendants violated the FLSA. You are therefore referred to as an FLSA Plaintiff.

Defendants oppose these lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

## 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued and all Class Members like them are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to withdraw and exclude themselves from the settlement. People who do not withdraw and exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Pages 6-7 of this Notice explains how to withdraw and exclude yourself from the Class. However, please note that, as explained above, opting out of the settlement will **not** mean you can continue to operate as an independent contractor. Flowers is repurchasing the territories regardless of whether you participate in the settlement, opt-out, or otherwise.

# Who is in the Settlement?

## 4. Who is included in the class under the settlement?

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Henderson or Flowers/Modesto in California sometime between June 6, 2014 – October 25, 2023.

# The Settlement Benefits—What do you get?

| **5. What does the settlement provide?** |
|---|

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who has asserted a FLSA claim); (ii) Service Awards to the Class Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, as discussed below, Flowers/Henderson or Flowers/Modesto will repurchase the distribution rights of all current distributors operating out of warehouses in California, and the Distributor Agreements will end. Current California distributors may choose to work for a Flowers Company as an employee, provided they are interested, otherwise qualify for employment, and complete all documentation required for employment.

| **6. What can I get from the settlement?** |
|---|

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

| **7. What if I disagree with my payment?** |
|---|

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement

# How You Get a Payment

| **8. How can I get a payment?** |
|---|

You do not need to do anything other than remain in the lawsuit (that is, you do not withdraw and exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Ludlow Class Action Settlement
> [Insert Claims Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

| **9. When would I get my payment?** |
| --- |

The Court will hold a hearing on _____ to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in _____. However, if there are appeals, it may take time to resolve them.

| **10. What am I giving up by staying in the class and getting a payment?** |
| --- |

Unless you exclude yourself and withdraw, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement.  By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at _____.

# Buy Back Schedule and Employment

| **11. What is the Buy Back Schedule and employment opportunity for current distributors?** |
| --- |

For all current distributors, whether you opt-out or not, Flowers/Henderson or Flowers/Modesto will repurchase (*i.e.* buy back) your Distribution Rights (*i.e.* territory (ies)) at thirteen (13) times average weekly sales of Products and Authorized Products calculated over a 52-week period preceding the date of repurchase, less the balance of any outstanding territory notes issued by FLOFIN or any third-party lender. At the time of repurchase, distributors and Flowers/Henderson or Flowers/Modesto shall settle outstanding debits and credits in accordance with normal settlement procedures. Until the date of repurchase, all terms and conditions of the Distributor Agreement shall remain in full force and effect.

A Flowers Company will determine the order in which the California distributors will be converted and distribution rights will be repurchased. Initial distributors will be converted within 30 days of the Court's Final Approval the settlement. Thereafter, the Flowers Company will work to convert all distributors within 12 months of Final Approval. An extended conversion schedule may be implemented if more than 20% of distributors indicate they are not interested in the employment opportunity. More information regarding this Buy Back is outlined in Section 7 of the Settlement Agreement.

Upon the repurchase date, your Distributor Agreement(s) will be end and you may then choose to work as an employee for the applicable Flowers Entity provided you are interested, otherwise qualify for employment, and complete all documentation required for employment.

You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment for the applicable Flowers Entity. You will be receiving more information about the employment opportunity for the applicable Flowers Entity in the near future.

# Withdrawing and Excluding Yourself from the Settlement

Settlement Class members and FLSA Plaintiffs have the right to exclude themselves and withdraw from the class. You are both a Class Member and an FLSA Plaintiff.  As part of the settlement, as an FLSA Plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA claims and your state law claims but you cannot choose to participate in only one of the two.  **If you do not want to be part of the settlement, you must: (1) contact Class Counsel to withdraw as a FLSA Plaintiff; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class.** While you are requested to do both things, submitting a valid exclusion also serves as a notice of intent to withdraw, as discussed below. The deadlines for withdrawing and excluding yourself are described below.

**Importantly, withdrawing and excluding yourself from the settlement does not exclude you from the Buy Back. Your Distributor Agreement(s) will end regardless. This applies to all current California distributors whether you withdraw and exclude yourself or not.**

### 12. How do I get out of this settlement?

To exclude yourself from the settlement, you must:

(1)  Contact Class Counsel to withdraw as an FLSA Plaintiff on or before [___]; **AND**

(2)  Send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [__]:

> Ludlow Class Action Settlement
> [Insert Claims Administrator Name]
> [insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this case*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw and exclude** yourself in the manner outlined above, you will remain in the settlement. While you are requested to do both things above, a valid exclusion will also serve as a concurrent notice of intent to withdraw.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

### 13. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?

No. You are releasing all claims relating to this lawsuit through the date of final approval.

### 14. If I withdraw and exclude myself, will I get money from this settlement? Will I get to keep my territory (ies)?

No and No.

If you withdraw and exclude yourself, you will not receive any portion of the Settlement Fund.  You also will not be able to keep your territory/territories. You will receive any net balance due to the repurchase of your distribution rights.

# The Lawyers Representing You

---

**15. Do I have a lawyer in this case?**

---

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about this law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

---

**16. How do I tell the Court that I don't like the settlement?**

---

You can object to the settlement if you don't like any part of it. This includes the Buy Back. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

> Clerk of the Court
> U.S. District Court for the Southern District of California
> 333 West Broadway, Suite 420
> San Diego, CA 92101

> Shaun Markley                                  Jared Palmer
> Nicholas & Tomasevic, LLP                      Ogletree, Deakins, Nash, Smoak
> 225 Broadway, 19th Floor                       & Stewart, P.C.
> San Diego, CA 92101                            One Embarcadero Center, Suite 900
> SMarkley@nicholaslaw.org*                      San Francisco, CA 94111
>                                                Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all supporting papers for the objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

| **17. What's the difference between objecting and withdrawing and excluding?** |
|---|

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Withdrawing and excluding yourself is telling the Court that you don't want to be part of the Settlement Class. If you withdraw and exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

| **18. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for a service payment to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

| **19. Do I have to come to the hearing?** |
|---|

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **20. May I speak at the Fairness Hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 14 above. If you have requested to withdraw and exclude yourself from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **21. Are there more details about the settlement?** |
|---|

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

## **EXHIBIT 2B**

## **Notice to Former Distributor FLSA Plaintiffs who are also Class Members but not a Named Plaintiff**

### SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al.*, Case No. 3:18-cv-01190-JO-JLB (S.D. CA)
*Jose Maciel, et al. v. Flowers Foods, Inc., et al.*, 3:20-cv-02059-JO-JLB (S.D. CA)

# Because You Are A Former Distributor With Flowers/Henderson or Flowers/Modesto And Are An FLSA Plaintiff,[1] You Are Eligible To Receive A Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $_____. The exact amount cannot be determined until the Court finally approves the settlement.**

- Current and former distributors with Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") and Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") have sued Flowers Foods, Inc. and Flowers Bakeries, LLC and Flowers Finance, LLC (collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who either individually or through a business entity were or are distributors in California from June 6, 2014 –October 25, 2023 and who do not withdraw and exclude themselves from the settlement (discussed further below). Your estimated share is listed above. You may forego this amount by excluding/withdrawing yourself.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
| --- | --- |
| **DO NOTHING** | You will get a payment for settlement of your Fair Labor Standard Act (FLSA) and California state law claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in these lawsuits. |
| **WITHDRAW AND EXCLUDE YOURSELF FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement. You also will not give up any claims that you may have against Defendants. To withdraw and exclude yourself from the settlement, you must: (1) contact Class Counsel and let them know you wish to withdraw; and (2) send a letter to the Settlement Administrator by [date] indicating that you wish to exclude yourself from the settlement. Please see the instructions below under "Withdrawing and Excluding Yourself from the Settlement." As noted below, any Exclusion Request also acts as a request for withdrawal. |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not withdraw and exclude yourself. |

---

[1] "FLSA Plaintiff" means that you filed an opt-in consent form to assert claims under the federal Fair Labor Standards Act ("FLSA").

| | |
|---|---|
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |

- These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

- The Court still must decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after any appeals are resolved. Please be patient.

# Table of Contents

**Basic Information**...........................................................................................................................**3**
  **1. Why did I receive this notice?** ................................................................................3
  **2. What are these lawsuits about?** .............................................................................3
  **3. What is a class action and who is involved?**........................................................3

**Who is in the Settlement?** ...........................................................................................................**4**
  **4. Who is included in the class under the settlement?**...............................................4

**The Settlement Benefits—What do you get?** ............................................................................**4**
  **5. What does the settlement provide?**.......................................................................4
  **6. What can I get from the settlement?**.....................................................................4
  **7. What if I disagree with my payment?**...................................................................4

**How You Get a Payment** .............................................................................................................**4**
  **8. How can I get a payment?**....................................................................................5
  **9. When would I get my payment?**............................................................................5
  **10. What am I giving up by staying in the class and getting a payment?**....................5

**Withdrawing and Excluding Yourself from the Settlement** .....................................................**5**
  **11. How do I get out of this settlement?**....................................................................5
  **12. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?**...6
  **13. If I withdraw and exclude myself, will I get money from this settlement?**............6

**The Lawyers Representing You** .................................................................................................**6**
  **14. Do I have a lawyer in this case?**..........................................................................6

**Objecting to the Settlement**.......................................................................................................**6**
  **15. How do I tell the Court that I don't like the settlement?**......................................6
  **16. What's the difference between objecting and excluding?**.....................................7

**The Court's Fairness Hearing** ...................................................................................................**7**
  **17. When and where will the Court decide whether to approve the settlement?**..........7
  **18. Do I have to come to the hearing?** .....................................................................~~8~~7
  **19. May I speak at the Fairness Hearing?**.................................................................8

**Getting More Information** .........................................................................................................**8**
  **20. Are there more details about the settlement?**......................................................8

# Basic Information

| 1. Why did I receive this notice? |
| --- |

You are a plaintiff asserting claims under the Fair Labor Standards Act ("FLSA") against Defendants ("FLSA Plaintiff"). You are also eligible for a settlement of state law claims because you are an individual who, either individually or through a business entity owned by you, signed a Distributor Agreement with Flowers/Henderson or Flowers/Modesto in California sometime between June 6, 2014 –October 25, 2023 ("class member"). The United States District Court for the Southern District of California is overseeing a certified class action that you received notice about in the past.  The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

| 2. What are these lawsuits about? |
| --- |

In these lawsuits (*Ludlow* and *Maciel*), current and former Flowers/Henderson and Flowers/Modesto distributors sued Defendants alleging that Defendants misclassified them as independent contractors. In these lawsuits, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel), alleged Defendants violated California wage laws ("state law claims"). You also joined one of these lawsuits as a plaintiff alleging Defendants violated the FLSA. You are therefore referred to as an FLSA Plaintiff.

Defendants oppose these lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

| 3. What is a class action and who is involved? |
| --- |

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributor who sued—and all Class Members like them—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Inc., Flowers Bakeries, LLC and Flowers Finance, LLC) are called Defendants.

In a class action, one court resolves the issues for everyone in the class—except for those people who choose to withdraw and exclude themselves from the settlement. People who do not withdraw and exclude themselves and remain in the Class may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to withdraw and exclude yourself from the Class.

# Who is in the Settlement?

| **4. Who is included in the class under the settlement?** |
|---|

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers in California sometime between June 6, 2014 –October 25, 2023.

# The Settlement Benefits—What do you get?

| **5. What does the settlement provide?** |
|---|

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) Service Awards to the Class Representatives in the amount up to $25,000 each; (iii) Attorneys' fees and costs; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of settlement notice and administration.

In addition, Flowers/Henderson or Flowers/Modesto will repurchase the distribution rights of all current distributors operating out warehouses in California, and the Distributor Agreements will end. These current distributors may choose to work for a Flowers Company as employees, provided they are interested, otherwise qualify for employment, and complete all documentation required for employment.

As a former distributor, you will also be offered the opportunity to be an employee with the applicable Flowers Entity, provide you are interested, otherwise qualify for employment, and complete all documentation required for employment. You are requested to complete and submit the enclosed Showing of Interest Form regarding potential employment. You will be receiving more information about the employment opportunity in the near future.

| **6. What can I get from the settlement?** |
|---|

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of class members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____.

The Settlement Fund will be allocated according to a formula that takes into account the number of eligible workweeks as specified in the Settlement Agreement.

| **7. What if I disagree with my payment?** |
|---|

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

**8. How can I get a payment?**

You do not need to do anything other than remain in the lawsuit (that is, you do not withdraw and exclude yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

> Ludlow Class Action Settlement
> [Insert Claims Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

**9. When would I get my payment?**

The Court will hold a hearing on [_____] to decide whether to approve the settlement. If the Court approves the settlement after that, it is anticipated that you would receive your payment in [_____]. However, if there are appeals, it may take time to resolve them.

**10. What am I giving up by staying in the class and getting a payment?**

Unless you exclude yourself and withdraw, you are staying in the Settlement Class, and that means that you are resolving all of your claims that arise out of or relate to the lawsuits that have been filed in this action through the date the Court finally approves the settlement. By staying in the Settlement Class, all the Court's orders will apply to you and legally bind you, including this Release of Claims. This Release of Claims, which is Section 8 of the Settlement Agreement, describes the legal claims that you give up if you get a Settlement Payment. The Settlement Agreement, including the Release of Claims section, is available online at [_____].

# Withdrawing and Excluding Yourself from the Settlement

Class members and FLSA Plaintiffs have the right to exclude themselves and withdraw from a class. You are both a class member and an FLSA Plaintiff. As part of the settlement, as an FLSA Plaintiff, you are waiving your right to exclude yourself from the class. That means that you are being compensated for both your FLSA claims and your state law claims but you cannot choose to participate in only one of the two. **If you do not want to be part of the settlement, you must do two things: (1) contact Class Counsel to withdraw as a FLSA Plaintiff; and (2) submit a written statement to the Settlement Administrator stating that you wish to exclude yourself from the class**. While we request that you do both, submitting a valid exclusion also serves as a notice of intent to withdraw, as discussed below. The deadlines for withdrawing and excluding yourself are described below.

**11. How do I get out of this settlement?**

To exclude yourself from the settlement, you must:

(1)  Contact Class Counsel to withdraw as an FLSA Plaintiff on or before [___]; **AND**

(2)  Send a letter by mail tor email o the Settlement Administrator at the following address, postmarked on or before
[⬛]:

>    Ludlow Class Action Settlement
>    [Insert Claims Administrator Name]
>    [Insert email address]

Your letter must: (1) contain a clear statement that you wish to be **excluded** from this case*;* (2) contain your name (and
former names, if any), address, and telephone number; and (3) be signed by you. A valid exclusion will serve as a notice of
intent to withdraw. **You can also put in this letter that you wish to withdraw as an FLSA Plaintiff.**

If you do not **withdraw and exclude** yourself in the manner outlined above, you will remain in the settlement.

Importantly, you can only submit a request for exclusion for yourself, and each request for exclusion must be signed by the
individual submitting it. Submitting a request for exclusion on behalf of a group of distributors is not permitted.

| **12. If I don't withdraw and exclude myself, may I later sue Defendants for the same claims in this settlement?** |

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| **13. If I withdraw and exclude myself, will I get money from this settlement?** |

No. If you withdraw and exclude yourself, you will not receive any portion of the Settlement Fund because of this settlement.

# The Lawyers Representing You

| **14. Do I have a lawyer in this case?** |

The Court has decided that the law firm of Nicholas & Tomasevic, LLP is qualified to represent you and all Settlement
Class Members. The law firm is called "Class Counsel." They are experienced in handling similar cases against other
companies and have fought for your interests throughout this case. More information about this law firm, its practices, and
their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers.
You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer
yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel
to speak for you.

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

| **15. How do I tell the Court that I don't like the settlement?** |

You can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not
approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of
the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

| | |
|---|---|
| Shaun Markley | Jared Palmer |
| Nicholas & Tomasevic, LLP | Ogletree, Deakins, Nash, Smoak |
| 225 Broadway, 19th Floor | & Stewart, P.C. |
| San Diego, CA 92101 | One Embarcadero Center, Suite 900 |
| SMarkley@nicholaslaw.org* | San Francisco, CA 94111 |
| | Jared.Palmer@odnss.com* |

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections and all papers supporting the objection; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

### 16. What's the difference between objecting and excluding?

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Excluding yourself and withdrawing is telling the Court that you don't want to be part of the Settlement Class. If you withdraw and exclude yourself, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

### 17. When and where will the Court decide whether to approve the settlement?

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for service payments to the Class Representatives.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

**18. Do I have to come to the hearing?**

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

**19. May I speak at the Fairness Hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 13 above. If you have requested to withdraw and exclude yourself from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

**20. Are there more details about the settlement?**

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

## **EXHIBIT 3**

## **Notice to Current Distributor FLSA Plaintiff who is not also a Class Member**

**Exhibit 3**

### SETTLEMENT NOTICE

*Ludlow, et al. v. Flowers Foods, Inc., et al., Case No. 3:18-cv-01190-JO-JLB (S.D. CA)*
*Jose Maciel, et al. v. Flowers Foods, Inc., et al., 3:20-cv-02059-JO-JLB (S.D. CA)*

# Because You Are An FLSA Opt-In Plaintiff, You Are Eligible To Receive A Settlement Payment.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

**Your estimated settlement share is approximately $\$_____$. The exact amount cannot be determined until the Court finally approves the settlement.**

**\*Importantly, this DOES NOT include any amount you will receive from the repurchase of your distribution rights as described below. This will be a separate payment.**

- Current and former distributors who contracted with Flowers Baking Co. of Modesto, LLC ("Flowers/Modesto") and Flowers Baking Co. of Henderson, LLC ("Flowers/Henderson") have sued Flowers Foods, Inc., Flowers Bakeries, LLC, and Flowers Finance, LLC(collectively "Defendants") alleging that Defendants misclassified them as independent contractors and violated the federal Fair Labor Standards Act ("FLSA") and California law. The Defendants deny those allegations, but have agreed to settle the lawsuits.

- If approved by the Court, the settlement will provide a fund to pay claims for those individuals who were, or are, distributors in California from June 6, 2014– October 25, 2023 and who do not withdraw and exclude themselves from the settlement (discussed further below).  Your estimated share is listed above. You may forego this amount by withdrawing yourself.

Your legal rights are affected whether you act or do not act. **PLEASE READ THIS NOTICE CAREFULLY**.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING** | If you do not withdraw (as discussed below) and do nothing, you will get a payment for settlement of your Fair Labor Standard Act (FLSA) claims. In exchange, you will give up any claims that you may have against Defendants that were or could have been brought in these lawsuits. |
| **WITHDRAW FROM THE SETTLEMENT** | You will get no payment and will not participate in this settlement, except as otherwise provided below. You also will not give up any claims that you may have against Defendants. To withdraw from the settlement, you must do two things: (1) contact Class Counsel and let them know you wish to withdraw; and (2) send a letter to the Settlement Administrator by [date] indicating that you wish to withdraw. Please see the instructions below under "Withdrawing Yourself from the Settlement." |
| **OBJECT TO THE SETTLEMENT** | You may write to the Court about why you object to the settlement. To object, you must not withdraw yourself. |
| **GO TO A HEARING** | You do not need to attend the hearing. If you want to ask to speak in Court about the fairness, adequacy, or reasonableness of the settlement, |

| | you must follow the procedure below. The Court will hold a hearing for the settlement to decide whether to approve the settlement. |
|---|---|

# Table of Contents

Basic Information..........................................................................................................................2
  1. Why did I receive this notice? ...........................................................................................2
  2. What are these lawsuits about? .........................................................................................3
  3. What is a class action and who is involved? ....................................................................3
Who is in the Settlement?.............................................................................................................3
  4. Who is included in the settlement? ...................................................................................3
The Settlement Benefits—What do you get? ..............................................................................3
  5. What does the settlement provide? ..................................................................................3
  6. What can I get from the settlement? ................................................................................4
  7. What if I disagree with my payment? ..............................................................................4
How You Get a Payment ..............................................................................................................4
  8. How can I get a payment? ................................................................................................4
Withdrawing from the Settlement...............................................................................................5
  9. How do I get out of this settlement? ................................................................................5
  11. If I don't withdraw, may I later sue Defendants for the same claims in this settlement? ...........5
  12. If I withdraw, will I get money from this settlement? ...................................................5
The Lawyers Representing You ...................................................................................................5
  13. Do I have a lawyer in this case? .....................................................................................5
Objecting to the Settlement .........................................................................................................6
  14. How do I tell the Court that I don't like the settlement?...............................................6
  15. What's the difference between objecting and withdrawing?.........................................6
The Court's Fairness Hearing .....................................................................................................6
  16. When and where will the Court decide whether to approve the settlement?................7
  17. Do I have to come to the hearing? .................................................................................7
  18. May I speak at the Fairness Hearing? ............................................................................7
Getting More Information ............................................................................................................7
  19. Are there more details about the settlement? ................................................................7

# Basic Information

## 1. Why did I receive this notice?

You filed an opt-in consent form to be a plaintiff and are asserting claims under the FLSA against Defendants ("FLSA Plaintiff"). The United States District Court for the Southern District of California is overseeing these lawsuits. The Court sent you this Notice because you have a right to know about this proposed settlement, and about your options, before the

Court decides whether to grant final approval of this settlement. If the Court approves the settlement and it becomes final, an administrator appointed by the Court will make the payments that the settlement allows ("Settlement Administrator").

This package explains the lawsuit, the settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

### 2. What are these lawsuits about?

In these lawsuits (*Ludlow* and *Maciel*), current and former distributors with Flowers/Modesto and Flowers/Henderson sued Defendants alleging that Defendants misclassified them as independent contractors. Two individuals called "Class Representatives" filed the *Ludlow* case (in this case, Daniel Ludlow, William Lancaster, and Jose Maciel) also alleging Flowers violated California wage laws. You also joined the *Ludlow, et al. v. Flowers Foods, Inc.,* lawsuit as a plaintiff alleging Defendants the FLSA. You are therefore referred to as an FLSA Plaintiff.

Defendants oppose these lawsuits and deny all of the allegations. Defendants contend that they complied with all applicable federal, state, and local laws and regulations at all times and have asserted various defenses to these claims.

The Court did not decide in favor of the distributors or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will have a chance to receive compensation now rather than continuing to litigate in court and take the associated risks involved. Your lawyers think the settlement is best for all Settlement Class Members.

### 3. What is a class action and who is involved?

Certain laws allow multiple claimants to sue together for the same relief. For the California state law claims, this is known as a class action.

In a class and collective action, a person called a Class Representative (in this case Daniel Ludlow, William Lancaster, and Jose Maciel) sues on behalf of people who he or she contends have similar claims. The people together are a "Class" or "Class Members." The distributors who sued—and all Class Members like him—are called Plaintiffs. The company or companies they sued (in this case Flowers Foods, Flowers Bakeries, and Flowers Finance) are called Defendants.

In a class and collective action, one court resolves the issues for everyone in the class—except for those people who choose to withdraw from the settlement. People who do not withdraw may not file their own lawsuit on the issues that were resolved in the class action. Page 5 of this Notice explains how to withdraw from the Class.

## Who is in the Settlement?

### 4. Who is included in the settlement?

Any individual who, either individually or through a business entity he or she owned, signed a Distributor Agreement with Flowers/Modesto or Flowers/Henderson in California sometime between June 6, 2014– October 25, 2023. Also included are individuals who filed opt-in consent forms to join the FLSA action, whether they performed services in California or not.

## The Settlement Benefits—What do you get?

### 5. What does the settlement provide?

Defendants have agreed to pay money to Settlement Class Members.

Specifically, Defendants have agreed to create a total Settlement Fund of $55,000,000, which provides (i) payments to Settlement Class Members (including Class Members who have asserted a FLSA claim); (ii) a Service Award to the Class Representative in an amount not to exceed $25,000 each; (iii) Attorneys' fees and costs to the lawyers representing the Settlement Class Members; (iv) payments to resolve a related lawsuit in state court; and (v) the costs of notice administration.

Flowers will also repurchase the distribution rights of all current California distributors and opt-in Plaintiffs who worked in California, and the Distributor Agreements will end. These individuals may then choose to then work for a Flowers Company as an employee provided they are interested, they otherwise qualify for employment, and they complete all documentation required for employment.

### 6. What can I get from the settlement?

Defendants agree to make payments to the Settlement Class Members. The exact amount each Settlement Class Member will receive cannot be calculated until: (1) the Court approves the settlement and any attorneys' fees and costs; (2) the Settlement Administrator determines the number of Class Members and FLSA Plaintiffs who have elected not to participate in the settlement; (3) the related state court lawsuit is approved; and (4) after payments are made, the Settlement Administrator knows who successfully deposits their payments. However, your estimated settlement share is approximately $_____, which is based on set amount per week times the number of weeks in which you were a Distributor over the relevant time period.

### 7. What if I disagree with my payment?

If you believe you worked more weeks than you are credited for under the approximation of your settlement share, there is a process in the settlement for you to challenge the determination. Please contact the Settlement Administrator or Class Counsel who will determine the amount of each Settlement Payment and will resolve any issues with your settlement amount.

# How You Get a Payment

### 8. How can I get a payment?

You do not need to do anything other than remain in the lawsuit (that is, you do not withdraw yourself) to receive payment from the settlement.

It is your responsibility to notify the Settlement Administrator of any incorrect or change of address, which was listed on the outside of the envelope containing this Notice. You may update your address with the Settlement Administrator by submitting your former and current addresses to:

[insert Settlement Administrator Name]

You can also submit your address information via email to [_____] @[_____].com.

**If you do not keep your address current, your Settlement Payment may be delayed, and it is possible that you will not receive your Settlement Payment.**

# Withdrawing from the Settlement

FLSA Plaintiffs have the right to withdraw from the settlement. You are an FLSA Plaintiff.  **If you do not want to be part of the settlement, you must do two things: (1) contact Class Counsel to withdraw as a FLSA Plaintiff; and (2) submit a written statement to the Settlement Administrator stating that you are withdrawing.** The deadlines for withdrawing and excluding yourself are described below.

| 9. How do I get out of this settlement? |
| --- |

To exclude yourself from the settlement, you must do two things:

(1)  Contact Class Counsel to withdraw as an FLSA Plaintiff on or before [____]; **AND**

(2)  Send a letter by mail or email to the Settlement Administrator at the following address, postmarked on or before [___]:

    [insert settlement administrator name]
    [Insert email address]

Your letter must: (1) contain a clear statement that you wish to withdraw from this case*;* (2) contain your name (and former names, if any), address, and telephone number; and (3) be signed by you.

If you do not **withdraw** in the manner outlined above, you will remain in the settlement.

| 11. If I don't withdraw, may I later sue Defendants for the same claims in this settlement? |
| --- |

No. You are releasing all claims relating to this lawsuit through the date of final approval.

| 12. If I withdraw, will I get money from this settlement? |
| --- |

If you withdraw, you will not receive any portion of the Settlement Fund.

# The Lawyers Representing You

| 13. Do I have a lawyer in this case? |
| --- |

The Court has decided that the law firm of Nicholas & Tomasevic, LLP are qualified to represent you and all Settlement Class Members. Together, the law firms are called "Class Counsel." They are experienced in handling similar cases against other companies and have fought for your interests throughout this case. More information about the law firm, its practices, and their lawyers' experience is available at www.nicholaslaw.org.

You and other Settlement Class Members will not be separately charged for the fees, costs, and expenses of these lawyers. You do not need to hire your own lawyer because Class Counsel is working on your behalf.

You may retain your own lawyer to represent you. But, if you want your own lawyer, you will have to pay that lawyer yourself. For example, you can ask your lawyer to appear in Court for you if you want someone other than Class Counsel to speak for you.

Exhibit 3

# Objecting to the Settlement

You can tell the Court that you don't agree with the settlement or some part of it.

**14. How do I tell the Court that I don't like the settlement?**

You can object to the settlement if you don't like any part of it. This include the Buy Back. You can give reasons why you think the Court should not approve it. The Court will consider your views. If the Court rejects your objection, you will still be bound by the terms of the settlement, but you will also receive a Settlement Payment.

To object, you must send your written objection by mail to the following **three** addresses, postmarked on or before [Objection Deadline]:

Clerk of the Court
U.S. District Court for the Southern District of California
333 West Broadway, Suite 420
San Diego, CA 92101

Shaun Markley                                    Jared Palmer
Nicholas & Tomasevic, LLP                        Ogletree, Deakins, Nash, Smoak
225 Broadway, 19th Floor                         & Stewart, P.C.
San Diego, CA 92101                              One Embarcadero Center
SMarkley@nicholaslaw.org*                        San Francisco, CA 94111
                                                 Jared.Palmer@odnss.com*

*You may email your objections to counsel for both parties (i.e. Mr. Markley and Mr. Palmer) but you need to mail them to the Court.

Your written objection must contain: (1) your full name and contact information (address, telephone number, email address), and signature; (2) a reference to these cases (see cases names on the first page of this notice); (3) a statement of the legal or factual reasons for your objections; and (4) a statement of whether you intend to appear at the Fairness Hearing, either in person or by having a lawyer represent you, and, if you will have a lawyer represent you, a statement identifying that lawyer by name, bar number, address, and telephone number. Your objection must be signed by you (or your legally authorized representative), even if you are represented by a lawyer.

If you do not submit an objection within the timeframe permitted, you will be barred from seeking review of the settlement terms at any other time.

**15. What's the difference between objecting and withdrawing?**

Objecting means simply telling the Court that you don't like something about the settlement. You may object only if you stay in the Settlement Class. Withdrawing is telling the Court that you don't want to be part of the Settlement Class. If you withdraw, you may not object.

# The Court's Fairness Hearing

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to. Unless you retain your own attorney (at your expense), Class Counsel will represent your interests at the hearing.

| **16. When and where will the Court decide whether to approve the settlement?** |
| --- |

The Court has preliminarily approved the settlement and will hold a hearing, called a Fairness Hearing, to decide whether to give final approval to the settlement. At the hearing, the Court also will consider the award of legal fees to Class Counsel and the request for a service payment to the Class Representative.

The Court has scheduled the Fairness Hearing for _____. The date, time or place of the hearing may change; contact Class Counsel to confirm the date and time if you are planning to attend the hearing.

| **17. Do I have to come to the hearing?** |
| --- |

No. Class Counsel will address any questions the Court may have. However, if you choose to attend the Fairness Hearing and be represented by a different lawyer at your own expense. If you plan to attend the Fairness Hearing, you may contact Class Counsel to confirm the date and time, as the hearing may be rescheduled without further notice.

| **18. May I speak at the Fairness Hearing?** |
| --- |

You may ask the Court for permission to speak at the Fairness Hearing by following the steps listed under Question 14 above. If you have requested to withdraw and exclude yourself from the settlement, however, you may not speak at the Fairness Hearing.

# Getting More Information

| **19. Are there more details about the settlement?** |
| --- |

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by writing to Nicholas & Tomasevic, LLP, 225 Broadway, 19th Floor, San Diego, California 92101 or visiting https://www.nicholaslaw.org/_____ online or by visiting https://www.[insertsettlementwebsite].com.

# **EXHIBIT 4**

## **Employment Showing of Interest Form**

**Exhibit 4**

It is requested that you return this form by [**DATE**]. You can either mail or email the form to [add administrator email]

## Employment Showing of Interest Form

I am interested in being a Flowers employee.

Please put an X in one of the boxes below:

☐    Yes
☐    No

Signature: _____

Print Name: _____

Current/Former Warehouse: _____

Date: _____

Alternatively, you can send an email to [insert settlement administrator email address], clearly marked with the subject line "Flowers Settlement Employment Showing of Interest Form," indicating in the body of the email that: (1) you are interested in being a Flowers employee; or (2) you are not interested in being a Flowers employee.