# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, ET AL., <br><br> Plaintiff, <br> v. <br><br> FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC, and FLOWERS FINANCE, LLC, <br><br> Defendants. <br><br> and <br><br> JOSE MACIEL, an individual, and MACIEL DISTRIBUTION, INC., a California corporation, on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, FLOWERS FINANCE, LLC, a Delaware limited liability company, <br><br> Defendants. | Case No. 3:18-cv-01190-JO-JLB <br><br> **[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** <br><br> **Date**: October 25, 2023 <br> **Time**: 8:30 a.m. <br> **Courtroom**: 4C <br><br> **Judge:** Hon. Jinsook Ohta <br> **Magistrate**: Hon. Jill L. Burkhardt <br><br> **Complaint Filed**: June 6, 2018 <br> **Final Pretrial Conf.**: Not Set <br><br> Case No. 3:20-cv-02059-JO-JLB |

Daniel Ludlow, William Lancaster, and Jose Maciel (collectively referred to as "Class Representatives" or "Plaintiffs"), on behalf of themselves and any corporation or business entity through which they operated, and on behalf of each of the Settlement Class Members, and Flowers Foods, Inc. ("Flowers Foods"), Flowers Bakeries, LLC, and Flowers Finance, LLC (collectively, "Defendants"), along with Flowers Baking Co. of Henderson, LLC and Flowers Baking Co. of Modesto, LLC, have entered into a Class Action Settlement Agreement and Release ("Settlement Agreement")[1] after extensive arms-length settlement negotiations. The Parties have applied, pursuant to Federal Rule of Civil Procedure 23(e) and the Fair Labor Standards Act, for an order preliminarily approving the settlement of this Action upon the terms and conditions set forth in the Settlement Agreement; and for an order consolidating the *Maciel* Private Attorney General's Act ("PAGA") claim into this Action. Having reviewed and considered the Parties' Joint Motion for Preliminary Approval, the Settlement Agreement, and accompanying Exhibits, the Court finds that the Settlement Agreement is sufficient to warrant notice of the Settlement to Class Members and a full fairness hearing on the approval of the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

**A.   Jurisdiction and Preliminary Findings**

1.   Jurisdiction. The Court has jurisdiction over the Parties, has subject-matter jurisdiction over the federal law claims, and has supplemental jurisdiction over the state-law claims.

2.   Preliminary Findings. The Court, having conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement, hereby finds that the settlement falls within the range of reasonableness meriting further proceedings and approval and dissemination of the Class Settlement

---

[1] All capitalized terms have the meanings set forth and defined in the Parties' Settlement Agreement.

Notices to the Class Members. The Court hereby preliminarily approves the Settlement Agreement, and the terms and conditions of the settlement set forth therein, subject to further consideration at the Fairness Hearing described below.

3. <u>Conditional Certification of Rule 23(b)(2) Class</u>. The Court hereby approves conditional class certification of a non-opt-out class under Rule 23(b)(2) for settlement purposes. The Rule 23(b)(2) class definition is as follows: All California distributors of Flowers Baking Company of Henderson, LLC or of Flowers Baking Company of Modesto, LLC who are operating under a Distributor Agreement, either individually or on behalf of his or her corporation or business entity as of the date of preliminary approval. For the purposes of settlement only, the Court conditionally certifies the Rule 23(b)(2) class as defined and conditionally finds that it meets the requirements of Rules 23(a) and Rule 23(b)(2) of the Federal Rules of Civil Procedure.

4. <u>Consolidation of PAGA Claim and First Amended Complaint.</u> The Court hereby approves consolidation of the *Maciel* PAGA claim into this Action for settlement purposes only by deeming filed the *Maciel* federal First Amended Complaint in the Action (attached to the Declaration of Alex Tomasevic in support of preliminary approval as "Exhibit 2".

5. <u>Answer to First Amended Complaint</u>. Defendants' Answer to the *Maciel* federal Complaint shall stand as Defendants' Answer for purposes of the *Maciel* federal First Amended Complaint, and Defendants shall be under no further obligation to file an additional Answer to the *Maciel* federal First Amended Complaint in the Action. Defendants' Answer in the *Maciel* PAGA Action shall serve as the Answer for purposes of the consolidated *Maciel* PAGA claim in the *Maciel* federal First Amended Complaint and Defendants shall be under no further obligation to file an additional Answer as to these claims. Should the Court not fully and finally approve the Settlement, Defendants reserve their rights to file an Amended Answer and raise any and all additional defenses at that time.

6. <u>Fairness Hearing</u>. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a Fairness Hearing on March 1, 2024 at 9 a.m., for the purposes of:

(a) Determining whether the settlement on the terms and conditions set forth in the Settlement Agreement is fair, just, reasonable, and adequate to the Settlement Class and should be finally approved by the Court;

(b) Considering the application of Class Counsel for an award of Attorneys' Fees and Costs, as provided for in the Settlement Agreement;

(c) Considering the application of the Named Plaintiffs for Service Awards, as provided for in the Settlement Agreement;

(d) Reviewing objections, if any, to the Settlement;

(e) Determining the validity of Exclusion Requests, if any, and exclude from the Settlement Class those Persons who validly and timely opted out;

(f) Determining the validity of any Withdrawal Requests, if any, and allowing those Settlement Class Members who validly withdraw to withdraw themselves from the Settlement Class;

(g) Considering whether the Court should enter an order finally approving the settlement in this matter, and the settlement of the *Maciel* PAGA claim; and

(h) Ruling upon such other matters as the Court may deem necessary and appropriate.

7. <u>Modifications to Settlement</u>. Should it become necessary, the Parties may modify the Settlement Agreement or the *Maciel* PAGA settlement agreement prior to the Fairness Hearing as long as such modifications do not materially change the terms and conditions of the Settlement provided thereunder. The Court may approve the Settlement Agreement and *Maciel* PAGA settlement agreement with any such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

8. <u>Objections to Settlement</u>. Any Settlement Class Member who intends to object to any aspect of the Settlement, including the requested Attorney's Fees and Costs, or Service Award, must do so on or before the Exclusion/Withdrawal and Objection Date. To object, the Settlement Class Member must file a written objection with the Court on or before the Exclusion/Withdrawal and Objection Date and serve it via first-class mail on Class Counsel and Defendants' Counsel and include: the name, address, telephone number, and email address of the Person objecting and, if represented by counsel, of his/her counsel. An objecting Settlement Class Member must state, specifically and in writing, all objections and the basis for any such objections, and include all supporting papers, and must state whether he/she intends to appear at the Fairness Hearing, either with or without counsel. The Parties may take discovery on an expedited basis regarding the objection from the objector and related third parties.

9. <u>Response to Objections</u>. Any response to timely, completed objections must be filed with the Court and on all Counsel of Record and served no later than ten (10) days after service of the objections.

10. <u>Motion for Final Approval</u>. The motion for the Final Approval of Settlement shall also be filed no later than seven (7) days prior to the Fairness Hearing.

11. <u>Appearance at Fairness Hearing</u>. Attendance at the Fairness Hearing is not necessary; however, any person wishing to be heard orally with respect to approval of the Settlement, the application for Attorneys' Fees and Costs, or the application for Named Plaintiffs' Service Awards, are required to provide to the Court written notice of their intention to appear at the Fairness Hearing no later than the Objection Date as set forth in the Class Settlement Notice. Persons who do not intend to oppose the Settlement, Attorneys' Fees and Costs or the Service Award need not take any action to indicate their approval.

12. <u>Exclusion/Withdrawal and Objection Date.</u> The deadline for requesting exclusion/withdrawal from the Settlement or filing objections to the Settlement is 60 days after the notice is mailed. Any FLSA Plaintiff who requests exclusion from this Settlement must, to be excluded, also withdraw by contacting Class Counsel requesting to withdraw within 60 days after the notice is mailed. Alternatively, a valid Exclusion Request will concurrently serve as a notice of intent to withdraw.

13. <u>Employment Showing of Interest Form.</u> The deadline for submission of the Employment Showing of Interest Form is 60 days after the notice is mailed. Reminder notices shall be sent to any Class Members who have not returned the Showing of Interest Form within 45 days after they are mailed.

14. <u>Application for Award of Attorneys' Fees.</u> All papers in support of the Settlement Agreement and any application for an award of Attorneys' Fees and Expenses and/or Service Award must be filed with the Court no later than 10 days before the deadline for requesting exclusion/withdrawal from the Settlement or filing objections.

**B.     The Court Approves the Form and Method of Class Notices**

1. <u>Class Settlement Notices.</u> The Court approves for distribution in accordance with the Settlement Agreement, as to form and content, the proposed Class Settlement Notice, which are Exhibits 1A, 1B, 2A, 2B, and 3 to the Settlement Agreement. The Court finds that the Class Settlement Notice is reasonably calculated to apprise Class Members (including FLSA Plaintiffs) of the pendency of the Action, their right to object to the proposed Settlement, opt out of and withdraw from the Settlement Class, or participate in the Settlement.

2. <u>Distribution of Class Notices.</u> The Court finds that the distribution of the Class Settlement Notices substantially in the manner and form set forth in the Settlement Agreement and Exhibits 1A, 1B, 2A, 2B, and 3 meet the requirements of Federal Rule of Civil Procedure 23 and due process, and the standards for fairness and reasonableness under the FLSA, and is the best notice practicable under the

circumstances and constitutes due and sufficient notice to all Persons entitled thereto.

3. <u>Appointment of Settlement Administrator.</u> The Court appoints Rust Consulting as the Settlement Administrator.

4. <u>Dissemination of Class Notices.</u> The Court directs the Settlement Administrator to disseminate Class Notices, instructions on how to make elections under the Settlement Agreement, instructions on how to access the Settlement Agreement and any Exhibits thereto, and such other information, if any, as may be of assistance to Settlement Class Members or required under the Settlement Agreement.

 (a) The Settlement Administrator is ordered to cause the Class Settlement Notice to be disseminated to Class Members no later than fourteen (14) days after entry of this Order ("Settlement Class Notice Deadline").

 (b) The Settlement Administrator shall file, through Class Counsel, with the Court proof of compliance with the Notice Program no later than five (5) business days prior to the Fairness Hearing.

5. <u>Appointment of Class Counsel.</u> Consistent with the prior ruling on class certification, the Court hereby appoints Shaun Markley, Alex Tomasevic, and Craig Nicholas of the law firm of Nicholas & Tomasevic, LLP to serve as Class Counsel for the Settlement Class Members.

C. **Procedure for Requesting Exclusion from the Settlement Class**

1. <u>Exclusion and Withdrawal Request Procedure.</u> Within the confines of Federal Rule of Civil Procedure 23, any person falling within the definition of the Class may, upon his or her request, be excluded from the Settlement Class. Any such Person must submit a timely Exclusion Request, to Class Counsel and Defense Counsel, post-marked on or before the Exclusion and Objection Date, as set forth in the Class Settlement Notice. Exclusion Requests purportedly filed on behalf of multiple

persons or classes of persons are prohibited and will be deemed to be void. Any FLSA Plaintiff who requests to be excluded from the Settlement Class shall also be deemed to have withdrawn for purposes of their FLSA claim. Similarly, any FLSA Plaintiff who withdraws from the settlement shall be deemed to have requested to be excluded from the Settlement Class. As discussed in Section C(4) below, however, the injunctive relief set forth in Section 7 of the Settlement Agreement applies to all Current Distributor Class Members and FLSA Plaintiffs (whether they have previously opted out or subsequently exclude themselves and withdraw or not).

2. <u>Effect of Invalid Exclusion Request.</u> Any Class Member who does not send a completed, signed Exclusion Request to Class Counsel post-marked on or before the Exclusion and Objection Date will be deemed to be a member of the Settlement Class and will be bound by all further orders of the Court in this Action and by the terms of the Settlement, if finally approved by the Court.

3. <u>Deadline for List of Exclusions.</u> Class Counsel shall provide counsel for Defendants with a list of all timely Exclusion Requests within five (5) business days after the Exclusion and Objection Date.

4. <u>Effect of Valid Exclusion Request and Withdrawal on Injunctive Relief.</u> Pursuant to Section 7.1 of the Settlement Agreement, the injunctive relief agreed to by the Parties in Section 7 of the Settlement Agreement shall apply to all Current California Distributors (including all Current Distributor Class Members and FLSA Plaintiffs whether they have previously opted out or subsequently exclude themselves and withdraw or not).

D. **Miscellaneous Provisions**

1. <u>No Further Sales:</u> As set forth in the Settlement Agreement, there shall be no further sales or attempted sales of distribution rights by Class Members in order to effectuate the terms of this Settlement.

2. <u>Stay</u>. Pending final determination of whether the Settlement should be approved, all proceedings in this Action unrelated to the approval of the Settlement, the application for Attorneys' Fees and Expenses, and the Application for Incentive Award are stayed.

3. <u>Termination of Settlement</u>. This Order will become null and void and will be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if the settlement is terminated in accordance with the Settlement Agreement, if the Settlement Effective Date never occurs, or if full, comprehensive approval of the settlement of the *Maciel* PAGA claim is not obtained.

4. <u>Use of Order</u>. This Order may not be used by any Party or otherwise or construed as an admission, concession, or a presumption by or against Defendants of any fault, wrongdoing, failure of disclosure, improper or illegal business practice or waiver of any claim, defense, right to arbitration or to defend against arbitration that he, she or it may have in the event the Settlement Agreement is terminated. In the event that this Order becomes of no force or effect, it shall not be construed or used as an admission, concession or presumption by or against the Released Parties, the Plaintiffs or the Class.

5. <u>Retention of Jurisdiction</u>. The Court retains exclusive jurisdiction to hear any disputes regarding the enforcement of the terms and conditions of the Settlement Agreement.

IT IS SO ORDERED.

Dated: ~~October~~ November 29, 2023

_____
Judge Jinsook Ohta