**NICHOLAS & TOMASEVIC, LLP**
Craig M. Nicholas (SBN 178444)
Alex Tomasevic (SBN 245598)
Shaun Markley (SBN 291785)
Jordan Belcastro (SBN 339570)
225 Broadway, 19th Floor
San Diego, California 92101
Telephone: (619) 325-0492
Facsimile: (619) 325-0496
Email: cnicholas@nicholaslaw.org
Email: atomasevic@nicholaslaw.org
Email: smarkley@nicholaslaw.org
Email: jbelcastro@nicholaslaw.org

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL LUDLOW, ET AL., | Case No. 3:18-cv-01190-JO-JLB |
| Plaintiff, | **PLAINTIFFS' RESPONSE TO JEREMIAH MONTANEZ'S OBJECTION TO THE CLASS ACTION SETTLEMENT** |
| v. | |
| FLOWERS FOODS, INC., FLOWERS BAKERIES, LLC, and FLOWERS FINANCE, LLC, | **Judge:** Hon. Jinsook Ohta <br> **Magistrate**: Hon. Jill L. Burkhardt |
| Defendants. | **Complaint Filed**: June 6, 2018 <br> **Final Pretrial Conf.**: Not Set |
| JOSE MACIEL, an individual, and MACIEL DISTRIBUTION, INC., a California corporation, on behalf of themselves and others similarly situated, | Case No. 3:20-cv-02059-JO-JLB |
| Plaintiffs, | |
| v. | |
| FLOWERS FOODS, INC., a Georgia corporation; FLOWERS BAKERIES, LLC, a Georgia limited liability company, FLOWERS FINANCE, LLC, a Delaware limited liability company, | |
| Defendants. | |

Pursuant to Paragraph 9 of the Court's Order Granting Plaintiffs' Motion for Preliminary Approval (ECF No. 433), Plaintiffs submit the following response to the objection of class member Jeremiah Montanez.

## I.      BRIEF FACTUAL BACKGROUND

This is a certified class and collective action seeking various remedies under California and federal employment laws for a group of bakery Distributors who personally performed work for Defendants ("Flowers") while classified as "independent contractors." EFC No. 312 (class certification order). Mr. Montanez is a class member who did not opt out of the case upon receiving notice of class certification. ECF No. 362-1 (approved class certification notice). He is not an FLSA opt-in. Markley Dec., ¶ 2.

On the verge of a trial on liability, the parties reached a settlement of the case. The settlement involves a monetary common fund component and an injunctive relief component requiring Flowers to convert to an employment model and repurchase the territories it previously sold to the Distributors in this state. The Court preliminarily approved the Class Action Settlement Agreement and Release ("Settlement") on November 29, 2023 and instructed notice to go out to the class. *See* ECF Nos. 433 (preliminary approval order) and 429-3 (Settlement).

Mr. Montanez has worked as a Distributor for the entirety of the class period at issue. Markley Dec., ¶ 3. It is anticipated he will receive over $93,000 under the monetary terms of the Settlement. Markley Dec., ¶ 4.

## II.     MR. MONTANEZ'S OBJECTION

Mr. Montanez takes issue with the injunctive relief or "buy back" provision of the Settlement because he wishes to continue working as an independent contractor for Flowers. *See* Markley Dec., ¶ 5, Ex. 1 (Montanez Objection); and *see* Settlement (ECF No. 429-3) at § 7.4. He does not take issue with the amount of money he will receive under the Settlement or the amount Flowers will pay to buy back his route. Rather, he wishes to avoid having Flowers repurchase his territory at all. *Id.*

Mr. Montanez states that he has worked hard and made a good living as an independent contractor for Flowers and that he hopes to one day see his children have an opportunity to do similar work. He offers to restructure the Distributor Agreement to allow no further lawsuits for misclassification and to make the rights of the parties clearer. In this way, he would like to see those satisfied with their relationships with Flowers continue to work as independent contractors. *Id.*

## III.   THE OBJECTION LACKS MERIT

Courts "evaluate [] objections in determining whether the settlement meets Rule 23's fairness standard [e.g. whether it is fair, adequate, and reasonable]." 4 Newberg and Rubenstein on Class Actions § 13:35 (6th ed.). Court have "some obligation to consider objections but [are] given significant leeway in resolving them." *Id.*; and *see Burnell v. Swift Transportation Co. of Arizona, LLC*, 2022 WL 1479506, at *6 (C.D. Cal. Apr. 28, 2022) (relying on *Newberg* for these purposes).

Here, Mr. Montanez seeks a respectable goal: to continue to work hard and earn a living for his family while classified as an independent contractor. Despite this, state and federal labor laws require proper classification of workers even where some are willing to forego protections provided by these laws.[1] Additionally, under the plain terms of the Distributor Agreement that Mr. Montanez wants to preserve, Flowers reserves the right to stop using independent contractors and end the relationship. For these reasons, the buy-back provision of the Settlement is not unfair, inadequate, or unreasonable; it is the proper result under both California law and the terms of the parties' Distributor Agreements.

In California, worker classification "has considerable significance for workers, businesses, and the public at large." *Dynamex Operations W. v. Superior Ct.,* 4 Cal. 5th 903, 912 (2018). Worker classification impacts fair competition between businesses, state and federal taxes, unemployment insurance, workers compensation,

---

[1] Defendants deny misclassification, but the settlement resolves a hotly contested issue in a comprehensive manner.

and wage per hour protections. *Id*. at 913. California's leading case on the issue recognizes that, in some circumstances, workers and businesses may find it advantageous to use an independent contractor model. *Id*. Nonetheless, such arrangements carry significant risk of the above-mentioned societal ills becoming reality. *Id*.

Federal law is largely the same. Under the Fair Labor Standards Act ("FLSA"), even where workers sincerely and vehemently "protest coverage under the [FLSA], . . . the purposes of the [FLSA] requires that it be applied even to those who would decline its protections." *Tony & Susan Alamo Found. v. Sec'y of Lab*., 471 U.S. 290, 301-302 (1985). Permitting individuals to effectively opt out of the protections of crucial labor laws "would affect many more people than those workers directly at issue in this case and would be likely to exert a general downward pressure on wages in competing businesses." *Id*. at 302. In short, it is state and federal policy to protect those serving as employees even if they wish to give up said protections in certain circumstances. This is so because opting out of basic wage protections has a negative impact on most individuals subject to misclassification, fair competition among businesses, and society at large.

Mr. Montanez's sincere desire for himself and others to continue working as an independent contractors coupled with his related request to forego any future legal actions against Defendants exemplifies the type of voluntarily foregoing labor laws that the state and federal high courts reject. Indeed, as Plaintiffs noted when moving for preliminary approval, under the current independent contractor model, several Distributors each year operated at a net loss (e.g. they worked yet lost money). *See* ECF No. 429-2 at ¶ 28 (Tomasevic Declaration presenting expert findings regarding Distributor net income). Under the employment model Flowers will use going forward, on average, Distributors will also net considerably more money. *Id*. (noting average Distributor earnings over the class period of less than $50,000 and planned employee wages between $60,000 and $75,000). The fact that Mr. Montanez or others

who may fare relatively well wish to continue under Flowers' current model does not change these broader realities. Nor does the objection contain enough specifics to compare what Mr. Montanez believes he earns as an independent contractor versus the expected employment earnings Flowers will offer. *See* Fed. R. Civ. P. 23(e)(5)(A) (requiring objections "state with specificity the grounds for the objection.").

Separately, it appears Mr. Montanez seeks a guarantee from this Court that his Distributor Agreement, his "independent" contract, continue indefinitely. But Flowers and Mr. Montanez expressly agreed, in the Distributor Agreement, that Flowers could wind down its independent contractor model and repurchase territories irrespective of any lawsuit or settlement. Section 3.1(b) of the Distributor Agreement states that if Flowers "for legitimate business reasons, ceases to use distributors to distribute [its] Products in the [relevant city's] market area . . . [Flowers] will repurchase the Distribution Rights from [Distributor] at thirteen (13) times the average weekly sales volume. . . ." ECF No. 213-11 at § 3.1(b) (exemplar Distributor Agreement). Here, Flowers is switching to an employee model from an independent contractor model which is a legitimate (if not required) business reason and it is doing so throughout California. Flowers will pay 13 times weekly sales to all Distributors for their distribution rights. *See* ECF No. 429-3 (Settlement) at § 7.4.

## IV.   <u>CONCLUSION</u>

State and federal labor laws aim to protect fair competition, working people, and society at large. While some workers may be willing to forego the protections provided by these laws, courts will not allow this because it undermines these important policy goals. Here, Mr. Montanez's desire to have a certain group of Distributors continue working as independent contractors while agreeing they will not bring any further legal claims against Flowers runs counter to state and federal worker classification laws. It also ignores the reality that the parties' contracts contemplate a change in business model away from using Distributors and that territories will be repurchased in that case. That is what the Settlement accomplishes.

1    Respectfully submitted,

2    Dated: February 2, 2024              **NICHOLAS & TOMASEVIC, LLP**

3                                  By:    */s/ Shaun Markley*
                                          Craig M. Nicholas (SBN 178444)
4                                         Alex Tomasevic (SBN 245598)
                                          Shaun Markley (SBN 291785)
5                                         Jordan Belcastro (SBN 339570)
                                          225 Broadway, 19th Floor
6                                         San Diego, California 92101
                                          Tel: (619) 325-0492 | Fax: (619) 325-0496
7                                         Email: cnicholas@nicholaslaw.org
                                          Email: atomasevic@nicholaslaw.org
8                                         Email: smarkley@nicholaslaw.org
                                          Email: jbelcastro@nicholaslaw.org
9
                                          Attorneys for Plaintiffs
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                      PLAINTIFFS' RESPONSE TO JEREMIAH MONTANEZ'S
                      OBJECTION TO THE CLASS ACTION SETTLEMENT